IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MUNA AL-SUYID, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:20-cv-170 (LMB/JFA) |
| ) | |
| KHALIFA HIFTER, et al. ) | |
| ) | |
| Defendant. ) | |

ORDER

In this civil action, Libyan citizens ("plaintiffs") allege, among other things, that defendants Khalifa Hifter and his sons Khalid Hifter and Saddam Hifter (collectively, "defendants") violated the Torture Victim Protection Act ("TVPA").[1] On May 5, 2020, plaintiffs obtained an entry of default as to defendants due to their failure to timely respond to the Complaint. [Dkt. 25]. On May 22, 2020 and June 17, 2020, respectively, plaintiffs filed a Motion for Default Judgment against defendants, and the assigned magistrate judge issued a Report and Recommendation which recommended that plaintiffs' Motion for Default Judgment be granted. [Dkt. 27, 31].

On July 31, 2020, by a letter, counsel for Khalifa Hifter informed the Court that Khalifa Hifter "did not receive" the Complaint and "was previously unaware" of this action, but "is now aware" of this action and wishes to "respond substantively and procedurally" to the Complaint. Counsel also indicated that Khalifa Hifter "may seek . . . to consolidate" this action with a related

---

[1] All three defendants are located in Libya but appear to own property in Virginia. Plaintiffs claim to have served process on defendants under Virginia law by posting the Complaint and summonses at the main entrance of defendants' last known Virginia residence. See Va. Code Ann. § 8.01-296(2)(b).

action filed only against him which is also pending before the undersigned. See Elzagally, et al. v. Haftar, Case No. 1:19-cv-853. On August 4, 2020, also by a letter, counsel for plaintiffs stated that plaintiffs "oppose" the relief sought.

In this district, requests for court action are brought by a motion with an accompanying memorandum of law and proposed order, not by letters, see Eastern District of Virginia Local Civil Rule 7; nevertheless, counsels' failure to abide by this rule will be excused in this one instance. The letter from counsel for Khalifa Hifter is in essence a Motion to Set Aside Default ("Motion") and will be construed as such. For the following reasons, the Motion will be granted.

The Fourth Circuit adheres to a "well enshrined" policy in favor of "merits-based adjudication" and against "default judgment." ALSP Prop. & Cas. Ins. Co. v. Fidlow, 2017 WL 690543, at *6 (E.D. Va. Feb. 21, 2017). Such a policy is also reflected in Federal Rule of Civil Procedure 55(c), which "enables a [district] court to set aside an entry of default for good cause." Id. at *5. "In reviewing motions to set aside default," a district could "should consider" several "equitable factors," including "the personal responsibility of the [moving] party," "the prejudice to the [opposing] party," and "whether the moving party has a meritorious defense." Id. Here, Khalifa Hifter, who has resided in Libya for over almost 10 years, asserts that he never received the Complaint and therefore was unaware of this action against him. Moreover, plaintiffs will not suffer significant prejudice from a merits-based adjudication of their claims, and should they prevail on their claims, any judgment will be less vulnerable if it results from a merits-based adjudication. Lastly, Khalifa Hifter may have meritorious defenses to plaintiffs' claims. Accordingly, the letter Motion [Dkt. 33] is GRANTED, and it is hereby

ORDERED that the default entered on May 5, 2020 [Dkt. 25] be and is SET ASIDE as to Khalifa Hifter; and it is further

ORDERED and that Khalifa Hifter file an answer to the Complaint or other responsive pleading no later than August 20, 2020.

The Clerk is directed to forward copies of this Order to counsel of record and to defaulting defendants Khalid Hifter and Saddam Hifter at their address of record.

Entered this 6th day of August, 2020.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge