# United States District Court

EASTERN DISTRICT OF VIRGINIA
401 COURTHOUSE SQUARE
ALEXANDRIA, VIRGINIA 22314-5799

CHAMBERS OF
LEONIE M. BRINKEMA
DISTRICT JUDGE

TELEPHONE (703) 299-2116
FACSIMILE (703) 299-2238

October 26, 2020

The Honorable David Schenker
Assistant Secretary
Bureau of Near Eastern Affairs
U.S. Department of State
2201 C Street NW
Washington, DC 20520

   Re: <u>Muna Al-Suyid, et al. v. Khalifa Hifter, et al.</u>, Case No. 1:20-cv-170
      <u>Aida Elzagally, et al. v. Khalifa Haftar</u>, Case No. 1:19-cv-853

Dear Mr. Schenker:

  I write to solicit your input regarding two civil actions pending before me in the United States District Court for the Eastern District of Virginia. In each action, Libyan citizens have filed claims against Khalifa Hifter under the Torture Victim Protection Act ("TVPA")[1] alleging that Libyan National Army ("LNA") forces under Mr. Hifter's command tortured them and/or killed their family members during the civil conflict that has been ongoing in Libya since 2014. Mr. Hifter is a dual Libyan-United States citizen who formerly resided, and owns property, in Virginia. Both actions have received significant media attention.[2]

  In <u>Al-Suyid</u>, the plaintiffs allege that, in October 2014, LNA forces attacked their family homes during an assault on the city of Benghazi. Muna Al-Suyid alleges that LNA forces killed her father and her three brothers during or shortly after an attack on their home. In addition, brothers Abdalla, Ahmad, Mahmud, and Ibrahim Al-Krishny allege that LNA forces tortured them and killed two of their brothers during a month-long period in which they were held as hostages following an attack on their home. Plaintiffs seek compensatory, exemplary, and punitive damages in excess of $75,000.

  In <u>Elzagally</u>, the plaintiffs allege that, in April 2019, LNA forces bombed civilian areas during an assault on the capital city of Tripoli and surrounding areas. The wife and children of Msaddek Tunalli allege that he was killed while helping evacuate civilians. In addition, the daughter of Mufida Sasi Abu Gasiah alleges that her mother was killed while caring for their family in their home. Lastly, the father of Ayman Al-Harramah alleges that his son was killed while working at a civilian field hospital. Plaintiffs seek $25,000,000 as compensatory damages and $100,000,000 as punitive damages.

---

[1] <u>See</u> Pub. L. No. 102-256, 106 Stat. 73.

[2] <u>See, e.g.</u>, Isabel Debre, U.S. Court Hears Torture Case Against Top Libyan Commander, Associated Press (June 12, 2020) (reprinted in The New York Times and The Washington Post).

# United States District Court

**EASTERN DISTRICT OF VIRGINIA**
**401 COURTHOUSE SQUARE**
**ALEXANDRIA, VIRGINIA 22314-5799**

CHAMBERS OF
LEONIE M. BRINKEMA
DISTRICT JUDGE

TELEPHONE (703) 299-2116
FACSIMILE   (703) 299-2238

Under the TVPA, any individual who, "under actual or apparent authority, or color of law, of any foreign nation," subjects a person to torture or extrajudicial killing, shall be liable for damages in a civil action to that person or that person's legal representative. Accordingly, both of these actions include the question of whether LNA forces under Mr. Hifter's command have been acting under actual or apparent authority, or color of law, of Libya during the ongoing civil conflict there. In both actions, Mr. Hifter asserts head of state immunity.

Particularly in light of the recent cease fire,[3] adjudicating these actions may have implications for the foreign relations of the United States. Therefore, the State Department is respectfully invited to communicate its views on whether these actions should proceed in this court.[4] If the State Department wishes to do so, please be advised that its views should be received on or before January 4, 2021.

Sincerely,

Leonie M. Brinkema
United States District Judge

---

[3] See, e.g., Nick Cumming-Bruce and Declan Walsh, Libya Cease-Fire Raises Hopes for Full Peace Deal, New York Times (October 23, 2020).

[4] The plaintiffs in both cases have claimed that the Libyan judicial system is not able to address their claims.