IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MUNA AL-SUYID, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) 1:20-cv-00170 (LMB/JFA) |
| | ) |
| KHALIFA HIFTER, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANT KHALIFA HIFTER'S AMENDED ANSWER
AND GROUNDS FOR DEFENSE**

Defendant Khalifa Hifter ("Mr. Hifter"), by counsel, for his amended answer to the Complaint, states as follows:

**INTRODUCTION**

1. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

2. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

3. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

4. The first sentence of this paragraph is admitted. Per this Court's September 29, 2020 Order, Defendants Khalid Hifter and Saddam Hifter are no longer parties to this civil action.

5. Denied.

1

6. Denied.

7. Denied.

8. Denied.

## PARTIES

9. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

10. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

11. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

12. Admitted.

13. Per this Court's September 29, 2020 Order, Defendants Khalid Hifter and Saddam Hifter are no longer parties to this civil action.

## JURISDICTION

14. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

15. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

16. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

17. Mr. Hifter admits that he is a dual citizen of the United States of America and Libya, denies he is a resident of this District, and admits that he owns assets in this District.

18. Per this Court's September 29, 2020 Order, Defendants Khalid Hifter and Saddam Hifter are no longer parties to this civil action.

## VENUE

19. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

## FACTUAL ALLEGATIONS

20. Mr. Hifter denies the allegations contained within this paragraph and is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph relating to Plaintiffs, and therefore they are deemed denied.

21. Denied. To the extent Amnesty International made accusations against Mr. Hifter, those accusations speak for themselves but are denied by Mr. Hifter.

22. Denied as stated. Mr. Hifter's loyalty was not to any individual but always to the people of Libya. Mr. Hifter admits that he is a citizen of the United States, previously resided in Virginia, and assisted United States officials when asked.

23. Mr. Hifter admits that he owns property in this District. Per this Court's September 29, 2020 Order, Defendants Khalid Hifter and Saddam Hifter are no longer parties to this civil action.

24. Admitted.

25. Per this Court's September 29, 2020 Order, Defendants Khalid Hifter and Saddam Hifter are no longer parties to this civil action.

26. Denied.

27. Mr. Hifter denies knowledge or control Ashraf al-Mayar's alleged actions and denies the allegations contained in this paragraph. The video cited by Plaintiffs speaks for itself.

28. Mr. Hifter denies the allegations contained in this paragraph. The article cited by Plaintiffs speaks for itself.

29. Mr. Hifter denies knowledge or control over the alleged co-conspirators' alleged actions and is without sufficient knowledge to form a belief as to the truth of the rest of the allegations contained in this paragraph, and therefore they are deemed denied.

30. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

31. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

32. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

33. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

34. Mr. Hifter denies knowledge or control over the alleged co-conspirators' alleged actions and is without sufficient knowledge to form a belief as to the truth of the rest of the allegations contained in this paragraph, and therefore they are deemed denied.

35. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

36. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

37. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

38. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

39. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

40. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

41. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

42. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

43. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

44. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

45. Mr. Hifter denies knowledge or control over Major General Jamal al-Zahawi's alleged actions and is without sufficient knowledge to form a belief as to the truth of

the rest of the allegations contained in this paragraph, and therefore they are deemed denied.

46. Mr. Hifter denies the allegations contained in this paragraph. The video cited by Plaintiffs speaks for itself.

47. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied. Per this Court's September 29, 2020 Order, Defendants Khalid Hifter and Saddam Hifter are no longer parties to this civil action.

48. Mr. Hifter denies the allegations contained in this paragraph. The travel advisory cited by Plaintiffs speaks for itself.

49. Mr. Hifter denies the allegations contained in this paragraph. The travel advisory cited by Plaintiffs speaks for itself

50. Mr. Hifter denies the allegations contained in this paragraph. The article cited by Plaintiffs speaks for itself.

51. Denied.

52. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

53. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

54. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

## COUNT I
## TORTURE VICTIM PROTECTION ACT OF 1991, 28 U.S.C. §1350 NOTE

55. Mr. Hifter incorporates his responses to the preceding paragraphs.

56. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

57. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

58. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

59. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

60. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

61. Denied.

62. Denied.

63. Denied.

64. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

65. Denied.

66. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

67. Denied.

68.     Denied. Per this Court's September 29, 2020 Order, Defendants Khalid Hifter and Saddam Hifter are no longer parties to this civil action.

69.     Denied.

70.     This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

71.     This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

## COUNT II
## CIVIL CONSPIRACY

Per this Court's September 29, 2020 Order, Count II has been dismissed. Paragraphs 72 through 75 are moot.

## COUNT III
## WRONGFUL DEATH (VIRGINIA CODE § 8.01-50, *et seq.*)

Per this Court's September 29, 2020 Order, Count III has been dismissed. Paragraphs 76 through 79 are moot.

## COUNT IV
## BATTERY

Per this Court's September 29, 2020 Order, Count IV has been dismissed. Paragraphs 80 through 82 are moot.

## COUNT V
## ASSAULT

Per this Court's September 29, 2020 Order, Count V has been dismissed. Paragraphs 83 through 87 are moot.

## COUNT VI
## FALSE IMPRISONMENT

Per this Court's September 29, 2020 Order, Count VI has been dismissed. Paragraphs 88 through 91 are moot.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Per this Court's September 29, 2020 Order, Count VII has been dismissed. Paragraphs 92 through 96 are moot.

## JURY DEMAND

92.  Defendant denies that Plaintiff is entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Khalifa Hifter denies that Plaintiffs are entitled to any of the relief requested in the unnumbered "Wherefore" clause following paragraph 92 and respectfully requests that the court dismiss the Complaint in its entirety and enter judgment in its favor and against Plaintiffs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by head of state immunity. As thoroughly outlined in Mr. Hifter's motion to dismiss, ECF Nos. 38 and 39 (at p. 8-10), Mr. Hifter was appointed head of the Libyan National Army by the Libyan House of Representatives. He currently undertakes responsibilities including meeting and negotiating with foreign heads of state. The former Executive treated him as the head

9

of state. Although Libya is currently in a civil war, his status as head of state gives Mr. Hifter immunity from suit.

## SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the claims constitute a non-justiciable political question beyond this Court's jurisdiction. *Baker v. Carr,* 369 U.S. 186 (1962) lays out specific factors for courts to consider in determining whether a dispute is a political question outside their jurisdiction. As was thoroughly explained in Mr. Hifter's motion to dismiss, ECF Nos. 38 and 39 (at p. 6-8), these factors indicate that this case is outside of the Court's jurisdiction. The United States has an interest in the region and it is within he Executive's domain to make decisions regarding foreign affairs.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the equitable doctrine of estoppel. Several of the plaintiffs, or decedents in whose name relief is sought, took actions that influenced the outcome of events negatively including possessing weapons and engaging in gunfights during the civil war. Because they likewise engaged in the civil war fighting, they are estopped from seeking relief.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the equitable doctrine of waiver. Several of the plaintiffs, or decedents in whose name relief is sought, took actions that indicate a waiver of their claims under the statute claimed because they were not

innocent bystanders but engaged in gunfights during the civil war. Because they likewise engaged in the civil war fighting, they have waived their causes of action.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs fail to state a cause of action upon which relief may be granted. There continue to be elements under the TVPA that the Plaintiffs will not be able to prove, including but not limited to that Mr. Hifter "knew, or should have known," about the alleged war crimes. This defense was also explained in Mr. Hifter's motion to dismiss, ECF Nos. 38 and 39 (at p. 10-17).

Dated: March 25, 2021

KHALIFA HIFTER
By Counsel


/s/ Jesse R. Binnall
Jesse R. Binnall (VSB #79292)
Lindsay R. McKasson (VSB #96074)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
lindsay@binnall.com

*Counsel for Defendant Khalifa Hifter*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2021, I electronically filed the foregoing Amended Answer and Grounds for Defense with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Counsel for Defendant Khalifa Hifter*