

Wiggin and Dana LLP
800 17th Street, NW
Suite 520
Washington, DC 20006
www.wiggin.com

Kevin Carroll
202.800.2475
203.782.2889 fax
kcarroll@wiggin.com

VIA ECFVIA ECF

April 12, 2021

The Honorable Leonie M. Brinkema
United States District Judge
U.S. District Court for the Eastern District of Virginia
Alexandria Division
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

Re:     *Plaintiffs' Opposition to Consolidation of the Pending Actions*

Dear Judge Brinkema:

We represent Plaintiffs in *al-Suyid v. Hifter*, 1:20-cv-170 ("*al-Suyid*"), and submit this letter in response to the Court's April 1, 2021 Order (ECF No. 87), requesting Plaintiffs to advise whether they object to consolidation with two other pending actions against Defendant Khalifa Hifter ("Defendant"): *Elzagally, et al. v. Hifter*, Case No. 19-cv-853 ("*Elzagally*") and *Hamza, et al. v. Hifter*, Case No. 1:20-cv-1038 ("*Hamza*" and, together, the "Pending Actions")).[1] For the reasons set forth herein, Plaintiffs respectfully object to such consolidation.

Courts have discretion to "consolidate actions" if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In making this determination, courts are "guided by balancing 'the specific risks of prejudice and possible confusion' against 'the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial, multiple-trial alternatives.'" *Roane v. United Airlines, Inc.*, 2017 WL 5054261, at *1 (E.D. Va. Feb. 2, 2017) (quoting *Arnold v. E. Air Lines Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

Plaintiffs believe that consolidation of the Pending Actions is inappropriate because, *inter alia*, (1) there is no meaningful factual or legal overlap among the Pending Actions and, thus, any

---

[1] The Court entered another Order on April 1, 2021 (ECF No. 88), requesting Plaintiffs to advise whether they intended to press forward with their Motion to Strike (ECF No. 71) in light of Defendant's filing of an amended Answer, dated April 1, 2021 (ECF No. 86) ("Amended Answer"). However, the law clerk who is responsible for this action advised that the Order staying this case until further notice, entered on April 5, 2021, applied to Plaintiffs' obligation to respond thereto.

efficiency from consolidation would be minimal at best, and (2) Plaintiffs overwhelmingly would bear the prejudice that would arise out of consolidation.

*First*, while the Pending Actions all assert claims under the Torture Victims Protection Act ("TVPA"), 28 U.S.C. § 1350 against Defendant on behalf of plaintiffs' family members who are among the hundreds of Libyans tortured and/or killed by Libyan National Army ("LNA") forces under the direction and control of Defendant since 2011 (the "Decedents"), the Pending Actions each assert individualized claims, which do not otherwise share a common nucleus of operative facts. Rather, the sordid and vile events detailed in each complaint differ drastically in time, place, and the nature of *jus cogens* violations alleged. See *Roane*, 2017 WL 5054261, at *2 (denying motion to consolidate where the allegations giving rise to claims four actions varied in time, location, and individuals involved).

Specifically, the complaint in:

- *Elzagally* details the murders of three Decedents who were killed in *April 2019* when the LNA, under Defendant's direction, indiscriminately shelled, bombed, and propelled missiles at civilian neighborhoods and targets in Tripoli, including a hospital at which one of the victims worked;

- *Hamza* recounts the murder and maiming of eight Decedents (and the incommunicado detention of another one of the plaintiff's family members) arising out of the LNA's besiegement of the Ganfouda neighborhood of southwest Benghazi throughout *early 2017*, which included a campaign of indiscriminate bombing and shooting evacuees seeking relief from the horrid conditions caused by the LNA in Ganfouda; and

- *al-Suyid* describes the kidnapping and murders of five Decedents whose homes in Benghazi were specifically targeted in connection with Defendant's "Operation Dignity," on the basis of their residency in Benghazi and, in the case of the al-Krishny plaintiffs, their ethnicity, in or about *October 2014*.

Plaintiffs in the Pending Actions "are not litigating common questions of fact, but the discrete question of whether [Defendant violated the TVPA] in [discrete and] specific instance[s]." *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742 (4th Cir. 1998), *vacated on other grounds*, 527 U.S. 1031 (1999) (finding consolidation of several employees' employment discrimination claims against same employer inappropriate). Overwhelmingly, the Pending Actions do not share common facts, witnesses, or legal theories, and, thus consolidation would neither streamline discovery nor resolution of the merits of each case. Thus there is little efficiency gained through consolidation of the Pending Actions. See *Roane*, 2017 WL 5054261, at *2

Defendant no doubt will argue that there is an overlap of legal issues – particularly his defenses of head-of-state immunity and the political question doctrine – that warrants consolidation of the Pending Actions. However, that Defendant asserts the same two meritless defenses in all three Pending Actions is a poor justification for consolidation. Indeed, this Court rejected Defendant's claim that head-of-state immunity protects him from the sorts of *jus cogens*

2

violations alleged in the complaints,[2] and the Department of State already refused to file a Statement of Interest endorsing Defendant's political question defense. (ECF No. 54).

Consolidation on this basis is also premature.  The Department of State must respond to the Court's renewed request for its views on whether the Pending Actions should proceed by May 14, 2021. (ECF No. 89).  Unless and until the Department of State endorses Defendant's view that the Pending Actions present nonjusticiable political questions – of which there is no indication that it will – the assertion that the overlap of legal issues is significant enough to justify consolidation is baseless.

*Second*, consolidation poses significant risk of prejudice to Plaintiffs. Again, the events at issue in each Pending Action took place years apart, and in connection with different military offensives, causing the potential for significant confusion.  Moreover, plaintiffs in the Pending Actions would suffer more than just garden-variety prejudice from consolidation. Defendant asserts in *Elzagally* and *al-Suyid* the affirmative defenses of estoppel and waiver, premised on the notion that the decedents took actions that brought the wrath of the LNA upon themselves, or, as Defendant puts it, "influenced the outcome of events negatively." Amended Answer at 10; *see*, *Elzagally*, (ECF No. 54) at 8.[3] That Defendant seeks to pursue this affirmative defense is reason alone to permit the Pending Actions to proceed separately; indeed, a jury may be unable to view separately evidence against one Decedent family that assertedly supports Defendant's theory without prejudice to the other Decedents.[4]

There also is no risk of inconsistent adjudication of the issues.  In order to establish liability under the TVPA, plaintiffs must show that Defendant is responsible for *each* of the *jus cogens* violations alleged in the Complaint.  Put differently, establishing that Defendant is liable under the TVPA for Decedents' murders in *al-Suyid* does not necessitate, as a matter of law, the same finding in *Elzagally* or *Hamza*, which allege war crimes committed in different locations years apart, and, thus, presumably undertaken by completely different subordinates of Defendant's.

Accordingly, Plaintiffs respectfully request that the Pending Actions not be consolidated.  If the Court is inclined to consolidate, Plaintiffs further request the opportunity to further brief the issue before the Court reaches a final ruling.

                                                            Respectfully submitted,

                                                            */s/ Kevin T. Carroll*

                                                            Kevin T. Carroll
                                                           Joseph G. Grasso (admitted *pro hac vice*)

---

[2] See Transcript at 29:33-30:1, *Elzagally* (ECF No. 44) ("[E]ven if [Defendant] had some sort of immunity, it doesn't protect [him] … in my view, not in these types of cases [where *jus cogens* violations are alleged]").
[3] Defendant has yet to file an Answer in *Hamza*.
[4] Plaintiffs' position is shaped by their concern that consolidation only will enable Defendant to deploy further delay tactics to prevent adjudication of the Pending Actions.