

Wiggin and Dana LLP
800 17th Street, NW
Suite 520
Washington, DC 20006
www.wiggin.com

Kevin Carroll
202.800.2475
203.782.2889 fax
kcarroll@wiggin.com

<u>VIA ECF</u>

May 18, 2021

The Honorable Leonie M. Brinkema
United States District Judge
U.S. District Court for the Eastern District of Virginia
Alexandria Division
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

Re:    <u>*Plaintiffs' Letter regarding Defendant's Amended Answer, No. 20-cv-00170*</u>

Dear Judge Brinkema:

We represent Plaintiffs Muna Al-Suyid, Abdalla Al-Krshiny, Ahmad Al-Krshiny, Mahmud Al-Krshiny, and Ibrahim Al-Krshiny, and respectfully submit this letter in response to the Court's April 1, 2021 Order (ECF No. 87) and May 18, 2021 Order (ECF No. 94), requesting that Plaintiffs advise whether they wish to proceed with their Motion to Strike Affirmative Defenses in Defendant Khalifa Hifter's Answer (ECF No. 71) ("Motion") in light of Defendant's newly filed Amended Answer, dated April 1, 2021 (ECF No. 86) ("Amended Answer"). While Plaintiffs appreciate that the Amended Answer omits several of the baseless affirmative defenses asserted in its prior iteration, Defendant's revisions still fail to remedy other deficiencies, which Plaintiffs identified in their Motion, and introduce new flaws. Accordingly, and for the foregoing reasons, Plaintiffs wish to proceed with their Motion.

By way of background, Defendant's initial Answer, dated February 19, 2021 (ECF No. 19) asserted the following eleven affirmative defenses: (1) sovereign immunity, (2) head-of-state immunity; (3) foreign official act immunity; (4) statute of limitations; (5) political question doctrine; (6) customary international law; (7) the doctrine of estoppel; (8) the doctrine of waiver; (9) the doctrine of unclean hands; (10) the doctrine of latches; and (11) failure to state a claim.

Plaintiffs submitted their Motion on March 12, 2021, along with a Memorandum of Law in Support thereof. (<u>See</u> ECF No. 72.) ("Memorandum of Law".) Plaintiffs argued that (1) at a minimum, <u>all</u> of Defendant's eleven affirmative defenses should be stricken without prejudice for failing to provide adequate notice of the nature of the defenses and (2) Defendant's affirmative defenses grounded in immunity, the political question doctrine, failure to state a claim, and time limitations should be stricken **with prejudice** as meritless. (<u>See generally</u> Memorandum of Law.)

On March 25, 2021, Defendant sought, and was granted, leave to file the Amended Answer. (ECF Nos. 75-76.)[1]  As a tacit admission of the Motion's underlying merit, the Amended Answer removes six of the eleven affirmative defenses.[2] However, the Amended Answer still contains, and supplements with new allegations, the following five affirmative defenses:

- <u>**First Affirmative Defense – Head-of-State Immunity**</u>:  The Amended Answer includes new allegations that Defendant "was appointed head of the Libyan National Army by the Libyan House of Representatives.  He currently undertakes responsibilities including meeting and negotiating with foreign heads of state.  The former Executive treated him as the head of state."  (Amended Answer at 10.)

- <u>**Second Affirmative Defense – Political Question Doctrine**</u>:  The Amended Answer includes new allegations that "[t]he United States has an interest in the region and it is within [t]he Executive's domain to make decisions regarding foreign affairs." (<u>Id</u>. at 10.)

- <u>**Third Affirmative Defense – Estoppel**</u>:  The Amended Answer includes new allegations that "[s]everal of the plaintiffs, or decedents in whose name relief is sought, took actions that influenced the outcome of events negatively including possessing weapons and engaging in gunfights during the civil war.  Because they likewise engaged in the civil war fighting, they are estopped from seeking relief."  (<u>Id</u>. at 10.)

- <u>**Fourth Affirmative Defense – Waiver**</u>:  The Amended Answer includes new allegations that Plaintiffs "were not innocent bystanders but engaged in gunfights during the civil war. Because they likewise engaged in the civil war fighting, they have waived their causes of action." (<u>Id</u>. at 10-11.)

- <u>**Fifth Affirmative Defense – Failure to State a Claim**</u>:  The Amended Answer includes new allegations that, in essence, Defendant purportedly did not know of the alleged war crimes, of which Plaintiffs and their families were the targets.  (<u>Id</u>. at 11.)

Unfortunately, despite Defendant's amendments, each of the affirmative defenses that remain suffer from the same or newly introduced deficiencies and, therefore, should be stricken.

Defendant's First Affirmative Defense for head-of-state immunity is as deficient now as it was in the initial Answer.  This Court has already addressed and rejected Defendant's assertion of head-of-state immunity in its on-the-record ruling at the September 29, 2020 hearing, when the Court held that it was "not at all concerned about that [argument]," and that "even if [Defendant] has some sort of immunity, it does not protect [him], … in my view, and in these types of cases." Transcript at 29:20-22, <u>Elzagally, et al. v. Hifter</u>, 19 Civ. 853 (ECF No. 44) ("Tr.").

---

[1] Additionally, on March 26, 2021, Defendant filed a response in opposition to Plaintiffs' Motion to strike the initial Answer, and, in the alternative, to grant Defendant leave to file his Amended Answer. (ECF No. 78).

[2] Specifically, the Amended Answer omits the affirmative defenses of 1) sovereign immunity, (2) foreign official immunity, (3) customary international law, (4) statute of limitations, (5) laches, and (6) unclean hands.

Moreover, on May 14, 2021, the United States Department of State ("State Department") declined to file a Statement of Interest pursuant to 28 U.S.C. § 517 endorsing Defendant's theory that he is recognized as Libya's head-of-state by the Executive Branch and, thus, enjoys the immunity bestowed on such individuals. (See ECF No. 93 ("Parekh Letter").) In fact, this was the State Department's second declination this year. (See ECF No. 54 (Letter of State Department, dated Jan. 4, 2021, declining to file Statement of Interest).) Simply put, the Parekh Letter extinguishes once and for all the notion that a scintilla of merit undergirds Defendant's claim to head-of-state immunity. Drapkin v. Mjalli, 441 F. Supp. 3d 145, 151 (M.D.N.C. 2020) (instructing that a "proposed affirmative defense [that] lacks a sound basis in law" should be stricken).

The Parekh Letter similarly is fatal to Defendant's Second Affirmative Defense grounded in the Political Question Doctrine. By rejecting the invitation to file a Statement of Interest, the State Department makes unequivocal its view that no political question within the exclusive domain of the Executive Branch exists warranting dismissal of this suit. See Tr. at 30 ("[If [the State Department doesn't do anything in response to this Court's invitation to voice any position], then I'm going to assume the U.S. government doesn't have any concern about [the asserted political question doctrine problem].").

Defendant's Third and Fourth Affirmative Defenses of estoppel and waiver are also defective, despite his new allegations. Defendant now invokes these defenses by asserting for the first time that Plaintiffs "influenced the outcome of events negatively" and purportedly engaged in gunfights with Libyan National Army forces. (Amended Answer at 10.) This characterization, however, conflicts with Defendant's prior statements about Plaintiffs. In his prior motion to dismiss, Defendant's argument that he cannot be liable under the Torture Victims Protection Act rests upon his description of Plaintiffs as "collateral civilian casualties" and their deaths as "accidental or negligent," rather than "studied" or "deliberate." (ECF No. 39 at 15.) Defendant should be judicially estopped from taking inconsistent positions in this litigation. Handelsgesellschaft v. Sheridan Trans. Co., 800 F. Supp. 1359, 1365 (E.D. Va. 1992) ("judicial estoppel applies where a party attempts to assert different positions or factual claims in the same proceeding"); see also Tenneco Chem., Inc. v. William T. Burnett & Co., 691 F.2d 658, 664-65 (4th Cir. 1982) (same).

Finally, Defendant's Fifth Affirmative Defense should be stricken because "failure to state a claim is not an acceptable affirmative defense" in this Circuit Malibu Media, LLC v. Popp, 2015 WL 10937405, at *3 (E.D. Va. Apr. 13, 2015) (citation omitted) (collecting cases).[3]

---

[3] In addition to citing numerous out-of-circuit cases, all of which are unavailing, Defendant also cites to Martin v. Southwestern Va. Gas Co., 135 F.3d 307, 309 (4th Cir. 1998), for the notion that the Fourth Circuit failure to state a claim is an acceptable affirmative defense in this Circuit. That citation is entirely misleading. In Martin, the defendant raised "failure to state a claim upon which relief could be granted because [plaintiff's] cause of action accrued prior to the effective date of the ADA" as an affirmative defense. Id. at *3 n.1 (emphasis added). In other words, the defendant in Martin asserted statute of limitations defense. Thus, Martin, has no application here, where Defendant concedes he has no time-based affirmative defense. (See Amended Answer (omitting time-based affirmative defenses).)

For the reasons set forth above and provided in Plaintiffs' Memorandum of Law, Plaintiffs wish to sustain their Motion.

                                                Respectfully submitted,

                                                */s/ Kevin T. Carroll*

                                                Kevin T. Carroll
                                                Joseph G. Grasso (admitted *pro hac vice*)