IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MUNA AL-SUYID, *et al.*              )
                                    )
          Plaintiffs,               )
                                    )
v.                                  )          Case No. 1:20-cv-00170(LMB/JFA)
                                    )
KHALIFA HIFTER, *et al.*,           )
                                    )
          Defendants.               )
_____  )

## DEFENDANT KHALIFA HIFTER'S OPPOSITION TO
## PLAINTIFF'S SECOND MOTION TO STRIKE AFFIRMATIVE DEFENSES

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS...............................................................................i

TABLE OF AUTHORITIES ..................................................................... ii

ARGUMENT ...............................................................................................1

   I.      Plaintiffs Have Fair Notice of Mr. Hifter's Affirmative Defenses. .........2

   II.     Mr. Hifter's Defenses Are Legally Valid and Applicable. ......................5

      a.   Head of State immunity is a valid and applicable defense....................6

      b.   Political question doctrine is a valid and applicable defense. ................7

      c.   Failure to state a claim upon which relief may be granted has been recognized as an affirmative defense in the Fourth Circuit. .................8

   III.    Mr. Hifter's Arguments Are Not Precluded by Judicial Estoppel. .........9

CONCLUSION..........................................................................................12

i

## TABLE OF AUTHORITIES

**CASES**

*Benedict v. Hankook Tire Co. Ltd.*, 2018 WL 936090 (E.D. Va. Feb. 16, 2018) ............... 4

*Blonder-Tongue Lab., Inc.v. Univ. Of Ill. Found.*, 402 U.S. 313 (1971). ........................ 1, 3

*Certusview Techs., LLC v. Usic, LLC*, 2014 WL 12591937 (E.D. Va. Dec. 15, 2014) ... 2, 4

*Daingerfield Island Protective Soc'y v. Lujan*, 797 F.Supp. 25 (D.D.C.1992) ................ 10

*Flame S.A. v. Indus. Carriers, Inc.*, 2014 WL 2871432 (E.D. Va. June 24, 2014)............. 2

*Grant v. Bank of Am. NA*, 2014 WL 792119 (E.D. Va. Feb. 25, 2014)................................ 2

*Henderson v. Gen. Revenue Corp.*, 2019 WL 4148172 (W.D. Va. Aug. 30, 2019) ............. 3

*Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221 (1986)...................................... 9

*John S. Clark Co. v. Faggert Frieden*, 65 F.3d 26, 29 (4th Cir. 1995) ............................. 12

*Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir.1996)........................................................... 12

*Mendrala v. Crown Mortg. Co.*, 1990 WL 60705 (N.D. Ill. Apr. 23, 1990)...................... 10

*Monster Daddy, LLC v. Monster Cable Prod., Inc.*, 2011 WL 494626 (D.S.C. Feb. 7,
     2011) .......................................................................................................................... 11

*Odyssey Imaging LLC v. Cardiology Assoc. Of Johnston Ltd.*, 752 F.Supp.2d 721 (W.D.
     Va. 2010)................................................................................................................... 4, 5

*Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 232 (E.D.N.C.  2010) .......................... 5

*Romstadt v. Allstate Ins. Co.*, 59 F.3d 608 (6th Cir. 1995)............................................... 10

*Tenneco Chems., Inc. v. William T. Burnett & Co.*, 691 F.2d 658, 665 (4th Cir.1982) ... 12

*Tuggle v. Mamaroneck Capital, LLC*, 2019 WL 3782818 (M.D. Ga Aug. 12, 2019).......... 3

*U.S. v. Gwinn*, 2006 WL 3377636, at * 2 (S.D. W. Va. Nov. 20, 2006)............................ 11

*Warren v. Tri Tech Laboratories, Inc.*, 2013 WL 2111669 (W.D. Va. May 15, 2013)........5

*Yousuf v. Samantar,* 699 F.3d 763 (4th Cir. 2012) ..........................................................8

*Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007).....................................................12

## OTHER AUTHORITIES

5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647

(2d ed. 1990) ...................................................................................................................2

## RULES

Fed. R. Civ. P. 12(f) ....................................................................................................1, 2

Fed. R. Civ. P. 12(h)(2) ...................................................................................................9

Fed. R. Civ. P. 7(a) ..........................................................................................................9

Fed. R. Civ. P. 8(b)(1)......................................................................................................1

Motions to strike are disfavored. Plaintiffs have been on notice of the substance of Mr. Hifter's defenses through his previous filings as well as through his Answer. Plaintiffs continue to seek this drastic and unwarranted remedy despite Mr. Hifter's Amended Answer, which concisely lays out the basis for each defense in a short and plain statement, meeting and exceeding the pleading standard. Indeed, he is not required to plead his defenses with particularity, rather he must demonstrate that they are contextually comprehensible and possibly related to the controversy so as to give Plaintiffs notice of the defenses that will be raised. Mr. Hifter has adequately pled each of the five defenses in his Amended Answer. Moreover, while the Court has indicated its initial considerations regarding certain defenses during oral argument, that is a far cry from a final order and does not preclude the assertion of those defenses at trial nor does it make any defense legally invalid. The Plaintiffs' motion to strike should be denied.

## ARGUMENT

When pleading affirmative defenses, a defendant is required to provide a short and plain statement of the defense. Fed. R. Civ. P. 8(b)(1). "The purpose of [an affirmative defense] is to give the opposing party notice of the plea of [the affirmative defense] and a chance to argue, if he can, why the imposition of [the affirmative defense] would be inappropriate." *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971). A district court, on motion of a party under Federal Rule of Civil Procedure 12(f), may order stricken from any pleading any insufficient defense.

1

Rule 12(f) motions are generally disfavored because striking a portion of a pleading is a drastic remedy and is often sought by the movant simply as a dilatory tactic. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990). Rule 12(f) is a "sizable burden on the movant, and courts typically strike defenses only when they have no possible relation to the controversy." *Certusview Techs., LLC v. Usic, LLC*, 2014 WL 12591937, at *6 (E.D. Va. Dec. 15, 2014) (quoting *Grant v. Bank of Am., N.A.*, 2014 WL 792119, at *3 (E.D. Va. Feb. 25, 2014)). When considering a motion under Rule 12(f), "the Court 'views the pled defenses in a light most favorable to the pleader.'" *Id.* at *4 (quoting *Flame S.A. v. Indus. Carriers, Inc.*, 2014 WL 2871432, at * 1 (E.D. Va. June 24, 2014).

## I.   Plaintiffs Have Fair Notice of Mr. Hifter's Affirmative Defenses.

Rule 8 "does not require the responding party to make a 'showing'; instead, the responding party meets minimum pleading standards by stating its defenses in short and plain terms." *Henderson v. Gen. Revenue Corp.*, 2019 WL 4148172, at *3 (W.D. Va. Aug. 30, 2019) (citing *Tuggle v. Mamaroneck Cap., LLC*, 2019 WL 3782818, at *2 (M.D. Ga Aug. 12, 2019)). "If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a showing of entitle[ment] to relief in the subsections governing answers and affirmative defenses." *Id.* "[T]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Id.* The parties can address the affirmative defenses at trial. *Id.* at *4.

2

The primary purpose of affirmative defenses is to put the plaintiffs on notice so they can prepare arguments against the defense. *See, e.g., Blonder-Tongue Lab'ys*, 402 U.S. at 350. "To determine whether the plaintiff has fair notice of the defense, the Court considers whether 'the challenged defenses are contextually comprehensible and possibly related to the controversy.'" *Benedict v. Hankook Tire Co. Ltd.*, 2018 WL 936090, at *2 (E.D. Va. Feb. 16, 2018) (quoting *Certusview Techs.*, 2014 WL 12591937, at *6). "[T]he trend in this District in recent years has been not to apply the *Twombly/Iqbal* standard to affirmative defenses." *Hankook,* 2018 WL 936090, at *2. Accordingly, in this District, "the Court evaluates Defendants' affirmative defenses under the lower pleading standard." *Id.* at *3.

The short time frame for a defendant to prepare a response justifies holding a defendant's pleaded defenses to a lower standard than pleadings under Rule 8(a). *See Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010). "While the plaintiff often can conduct an investigation before filing the complaint to ensure its allegations are adequately supported, the defendant must respond quickly after being served," requiring a lower standard of review. *Id.*

In reviewing a motion to strike, the court "must view the pleading under attack in a light most favorable to the pleader." *Warren v. Tri Tech Lab'ys, Inc.*, 2013 WL 2111669, at *7 (W.D. Va. May 15, 2013) (citing *Racick v. Dominion L. Assocs.*, 270 F.R.D. 228, 232 (E.D.N.C. 2010)). In *Warren,* the plaintiff argued that the defendant's affirmative defenses were "perjured" and "boilerplate." *Id.* Instead of striking the defenses, the court ruled the affirmative defenses were acceptable because they were

3

"'contextually comprehensible' when viewed in light of Plaintiff's factual pleadings." *Id.* (quoting *Odyssey Imaging,* 752 F. Supp. 2d at 727). Courts must consider the affirmative defenses in light of "the context of the complaint, the answer, and Defendant's motion to dismiss." *Warren*, 2013 WL 2111669, at *7.

Here, Plaintiffs were already on notice of Mr. Hifter's arguments regarding these defenses through the facts of the case and Mr. Hifter's prior pleadings. Mr. Hifter has filed several substantial briefs with this Court containing arguments sufficient to put Plaintiffs on notice of the merits of the affirmative defenses alleged. As an example, Mr. Hifter's motion to dismiss included a thorough discussion of head of state immunity, the political question doctrine, and why Plaintiffs' allegations are insufficient. *See* Def.'s Mem. in Supp. of Mot. to Dismiss ("Hifter's MTD"), ECF No. 39. Thereafter, Mr. Hifter filed an opposition to Plaintiffs' first Motion to Strike as well as an Amended Answer with a short and plain statement of each defense and the facts in support to further clarify his defenses. ECF Nos. 78 and 86, respectively.

The defenses are plainly related to the controversy. Mr. Hifter is engaged in activities that are protected under the absolute head of state immunity. As this case involves a controversy that requires the resolution of issues dedicated to the Executive Branch, including but not limited to foreign policy considerations and recognition of a foreign government, it is barred by the political question doctrine. During the conduct alleged in the Complaint, the Plaintiffs admit that they (or the persons on whose behalf they bring claims) engaged in gunfights in an ongoing civil

war which may result in the estoppel or waiver of their claims on equitable grounds. Finally, Plaintiffs continue to fail to state a claim upon which relief can be granted.

The defenses are also contextually comprehensible. Each of these defenses has either been raised in previous filings or included in a short and plain statement outlining the basis for the defense in the Amended Answer sufficient to put Plaintiffs on notice that the defenses may be raised and require a response. Plaintiffs are essentially seeking access to Mr. Hifter's legal playbook by seeking a detailed description of each defense that will be raised. This is impermissible under the Federal Rules. All that is required of Mr. Hifter is to provide notice so that Plaintiffs may prepare their own case; they do not get access to Mr. Hifter's defense ahead of time.

Finally, Mr. Hifter's defenses do not seek to confuse the issues or obfuscate the substance of his defense. Rather, Mr. Hifter has consistently expressed his views of the merits of this case and the defenses that he intends to assert, each of which has been presented in a short and plain statement.

## II.   Mr. Hifter's Defenses Are Legally Valid and Applicable.

Plaintiffs claim that Mr. Hifter's first, second, and fifth affirmative defenses are legally invalid and that his first and second defenses are inapplicable. This is incorrect. Mr. Hifter raises defenses of head of state immunity, the political question doctrine, and failure to state a claim upon which relief may be granted as his first, second, and fifth affirmative defenses respectively. Each of these is a valid, applicable affirmative defense pled with sufficient detail to put Plaintiff on notice of the defense.

a.      **Head of State immunity is a valid and applicable defense.**

As to the first affirmative defense, Mr. Hifter is the Head of the Libyan National Army appointed by the Libyan House of Representatives. He has engaged in the duties of a head of state, including conferring with members of the Libyan Government of National Accord and other foreign nations (including the United States) in part to bring peace to Libya. Plaintiffs do not have the power to determine whether the head of state immunity is applicable. Plaintiffs are correct that the Court has twice asked for the Executive Branch to state its position regarding this case, and twice the Executive Branch has not opted to take a position. This does not mean that the U.S. government has determined that Mr. Hifter is not the head of state.

In a failed attempt to bolster their argument, Plaintiffs point to the transcript of the motion to dismiss hearing. This transcript does not provide any support for Plaintiffs' notion that head of state immunity is legally invalid in this case. The Court indicated that "in [its] view" allegations of the kind in this case would not be affected by this immunity. Pls.' Mem. in Support of 2d Mot. to Strike ("Pls.' Mem."), ECF No. 99, at 8 (citing Tr. of Mot. to Dismiss Hearing at 29:23–30:1). Plaintiffs correctly point out in their motion that the Fourth Circuit has held that Head of State immunity is absolute even against *jus cogens* violations. Pls.' Mem. at 15 (citing *Yousuf v. Samantar,* 699 F.3d 763, 776 (4th Cir. 2012)). Therefore, regardless of the transcript, this is a legally valid defense in the Fourth Circuit. Even if alleged *jus cogens* violations could overcome head of state immunity, Plaintiffs cannot rely on allegations to strike a legally valid affirmative defense. While Plaintiffs' allegations

6

were automatically assumed true at the motion to dismiss stage, this will not be the case at summary judgment or at trial. Plaintiffs cannot plausibly claim that head of state immunity is a legally invalid claim as they will bear the burden of proof showing that *jus cogens* violations occurred to overcome that immunity and show why the Court should deviate from the Fourth Circuit's explicit holding that head of state immunity is absolute even against *jus cogens* violations. Accordingly, head of state immunity is a valid and applicable affirmative defense raised in Mr. Hifter's Amended Answer.

**b.    Political question doctrine is a valid and applicable defense.**

As to the political question doctrine, Plaintiffs allege that the defense does not exist simply because the State Department chose not to take a position in this case. That is not the standard for determination under the political question doctrine, which looks to whether the controversy involves "policy choices and value determinations constitutionally committed" to the political branches. *Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221 (1986). Nor does the State Department's silence make the defense legally invalid. The State Department opting not to take a position only demonstrates that the U.S. government does not have an official position on this case. This silence is not dispositive, nor is it surprising, given that a civil war is ongoing.

Moreover, as the political question doctrine goes to the subject matter jurisdiction of the Court over this dispute and as the civil war and peace negotiations in Libya continue, it is entirely possible that this political landscape will continue to

shift. Accordingly, the political question doctrine is a valid and applicable affirmative

defense raised in Mr. Hifter's Amended Answer.

### c.   Failure to state a claim upon which relief may be granted has been recognized as an affirmative defense in the Fourth Circuit.

The Fourth Circuit has unambiguously recognized failure to state a claim upon

which relief may be granted as a valid defense, notwithstanding Plaintiff's reliance

upon nonbinding district court decisions to the contrary. In *Martin v. Sw. Virginia*

*Gas Co.*, the Fourth Circuit held that "[Defendant] pleaded as an affirmative defense

that [Plaintiff] failed to state a claim upon which relief could be granted . . . . While

the district court did not address this issue, we agree."  135 F.3d 307, 309 (4th Cir.

1998). The Fourth Circuit recognized:

> [t]his defense is preserved even though not ruled upon by the trial court.
> *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 610–11 (6th Cir. 1995);
> *see also Daingerfield Island Protective Soc'y v. Lujan*, 797 F. Supp. 25,
> 29 (D.D.C. 1992) (if defense of failure to state a claim is raised in
> defendant's Answer, the defense is not subject to waiver and may be
> asserted in any subsequent motion for  summary judgment) (citing Fed.
> R. Civ. P. 12(h)(2)), *aff'd*, 40 F.3d 442 (D.C. Cir. 1994).

*Martin,* 135 F.3d at 309, n.1. "The affirmative defense of failure to state a claim upon

which relief may be granted is specifically set forth as a possible defense in the

Appendix of Forms of the Federal Rules of Civil Procedure, Form 20." *Mendrala v.*

*Crown Mortg. Co.*, 1990 WL 60705, at *3 (N.D. Ill. Apr. 23, 1990). Additionally,

several courts within the Fourth Circuit have held that failure to state a claim upon

which relief may be granted is a valid affirmative defense under Form 20. *See*

*Monster Daddy, LLC v. Monster Cable Prod., Inc.*, 2011 WL 494626, at *3 (D.S.C.

Feb. 7, 2011) (holding that Fed. R. Civ. P. Form 20 includes failure to state a claim

upon which relief may be granted as an acceptable pleading, so the defendant's

affirmative defense was sufficient); *U.S. v. Gwinn,* 2006 WL 3377636, at *2

(S.D. W. Va. Nov. 20, 2006) (holding that the defendant's affirmative defense of

failure to state claim upon which relief may be granted is sufficient, as it is allowed

in Form 20). Finally, Federal Rule of Civil Procedure 12(h)(2) specifically allows a

defendant to raise a defense of failure to state a claim in any pleading allowed under

Rule 7(a), which includes an Answer. Accordingly, failure to state a claim upon which

relief may be granted is a valid affirmative defense raised in Mr. Hifter's Amended

Answer.

### III.   Mr. Hifter's Arguments Are Not Precluded by Judicial Estoppel.

Plaintiffs' arguments that this Court should judicially estop Mr. Hifter's

equitable defenses have no basis in law or fact. Three elements must be met for

judicial estoppel to apply:

> **First**, the party sought to be estopped must be seeking to adopt a position that
> is inconsistent with a stance taken in prior litigation." *Lowery v. Stovall,* 92
> F.3d 219, 224 (4th Cir.1996). The position at issue must be one of fact as
> opposed to one of law or legal theory. *Id.* "**Second**, the prior inconsistent
> position must have been accepted by the court." *Id.* **Lastly**, the party against
> whom judicial estoppel is to be applied must have "intentionally misled the
> court to gain unfair advantage." *Tenneco Chems., Inc. v. William T. Burnett &
> Co.,* 691 F.2d 658, 665 (4th Cir.1982). This bad faith requirement is the
> "determinative factor." *John S. Clark Co.,* 65 F.3d at 29.

*Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007) (emphasis added). Here,

Plaintiffs merely argue the first element and do not even mention the next two.

Specifically, Plaintiffs do not argue, nor can they, that Mr. Hifter's position was

9

accepted by the Court or that there was any bad faith. Indeed, the prior argument about which Plaintiff complains arose in Mr. Hifter's argument that the TVPA claim should be dismissed, which the Court denied. That alone is dispositive to Plaintiffs' curious estoppel argument. Moreover, there is no suggestion, nor can there be, that these arguments were made in bad faith.

The only element of judicial estoppel argued in Plaintiff's motion, whether the positions taken by Plaintiff are inconsistent, also fails. Mr. Hifter's positions are not contradictory or inconsistent (they are also not from "prior litigation"). In his motion to dismiss, from this same case, Mr. Hifter advanced an argument that Plaintiffs (or the decedents they represent) could have been injured or killed due to a legitimate military operation during which they were "collateral civilian casualties" and that their deaths may have been "compatible with accidental or negligent shooting (including mistakenly identifying a target as a person who did pose a threat to others)." Hifter's MTD, ECF No. 39 at 15–16. Those arguments are consistent with the defense that Plaintiffs' engagement in a gunfight with a military group may estop or waive their claims. Plaintiffs (or the decedents they represent) could have taken up arms and engaged in gunfights, and still have been collateral or accidental casualties. Further, the knowledge that Plaintiffs (or the decedents they represent) engaged in a gunfight with military forces strengthens rather than weakens Mr. Hifter's arguments that Plaintiffs' deaths were not studied or deliberate.

Putting the elements aside, Plaintiffs' judicial estoppel arguments fail for additional reasons. First, the allegations that Plaintiffs (or the decedents they

10

represent) engaged in gunfights did not originate with Mr. Hifter—Plaintiffs made these allegations in their Complaint. *See* Pls.' Compl., ECF No. 1, ¶¶ 30, 36 (alleging that members of the al-Suyid and al-Krshiny families engaged in a gunfight). Plaintiffs therefore are incorrect that Mr. Hifter has advanced contradictory claims in any sense. He merely alleged that Plaintiffs showed their own unclean hands in their Complaint. The extent to which Plaintiffs were involved in gunfights will come into greater focus as this case proceeds.

Second, even if the arguments were contradictory, Mr. Hifter may present multiple theories of defense that are inconsistent pursuant to Federal Rule of Civil Procedure 8(d)(3). Should the Court hold that an argument in a motion to dismiss during the nascent stages of a case precludes the alteration of defenses that are largely compatible in later stages, it would limit every defendant's ability to present their case as they learn more through discovery. As noted above, there is often a knowledge disparity at the beginning of litigation in favor of plaintiffs. *See Odyssey Imaging,* 752 F. Supp 2d at 726. This means that through pleadings, discovery, and consultation with clients, defendants may acquire new information that bolsters their defense.

There is a plain basis for the equitable defenses as Plaintiffs admitted that gunfights took place involving pertinent parties. Accordingly, the affirmative defenses of the equitable doctrines of waiver and estoppel have been properly pled and should not be judicially estopped.

## CONCLUSION

For the reasons stated above, this Court should deny Plaintiffs' second motion
to strike affirmative defenses.

Dated: June 11, 2021                 Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall (VSB 79292)
Lindsay R. McKasson (VSB 96074)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
lindsay@binnall.com

*Attorneys for Khalifa Hifter*

12

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 11, 2021, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

Dated: June 11, 2021

/s/ Jesse R. Binnall
Jesse R. Binnall

*Attorney for Khalifa Hifter*