UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MUNA AL-SUYID, individually and on behalf of the estates of her family members ABDEL SALAM AL-SUYID, IBRAHIM AL-SUYID, KHALID AL-SUYID and MUSTAFA AL-SUYID, and ABDALLA AL-KRSHINY, AHMAD AL-KRSHINY, MAHMUD AL-KRSHINY, and IBRAHIM AL-KRSHINY, individually and on behalf of his family member ALI AL-KRSHINY and MUSTAFA AL-KRSHINY, | : : : : : : : : : : : |
| Plaintiffs, | : Civil Action No. : 1:20-cv-00170-LMB-JFA : : |
| v. | : : |
| KHALIFA HIFTER, | : JULY 14, 2021 : : |
| Defendant. | : |

**PROPOSED JOINT DISCOVERY PLAN**

    **1.**    **RULE 26(F) CONFERENCE.** The Parties waived appearance in a Rule 26(f) conference that was previously scheduled for March 17, 2021.

    **2.**    **RULE 16(B) CONFERENCE.** Per this Court's Amended Scheduling Order dated July 2, 2021, the Parties will attend a Rule 16(b) Pretrial Conference on Wednesday, July 21, 2021.

    **3.**    **RULE 26(A) INITIAL DISCLOSURES.** The Parties have exchanged their required initial disclosures by April 9, 2021. Defendant submitted his supplemental initial disclosures on April 13, 2021. Plaintiffs submitted their supplemental initial disclosures on April 21, 2021.

4.      **SERVICE OF PLEADINGS AND PAPERS.**  The Parties shall serve all pleadings, motions and other papers filed with the Court electronically as provided by the Federal Rules of Civil Procedure and the Local Rules of this Court. The Parties shall also serve by e-mail all discovery requests and written responses, and any other papers that are not filed with the Court. The serving Party shall attach the pleading or paper as a "Portable Document File" (".pdf"). If transmission by e-mail of voluminous materials is impractical, then those materials shall be served by secure file transfer protocol (FTP), overnight delivery, hand-delivery, or courier. Service by e-mail shall be the equivalent of service by hand-delivery for the purposes of Fed. R. Civ. P. 5 and 6, provided that the document is received prior to 5:00 p.m. Service solely through the Court's ECF system after 5:00 p.m. will be treated, as stated in the Court's Electronic Case Filing Policies and Procedures, as being the same as service by mail.

5.      **MEET-AND-CONFER CONFERENCES.**  Throughout the discovery period, the Parties shall be available to participate in meet-and-confer conferences (either in-person or by telephone) with opposing counsel within 72 hours of a written request (including by e-mail).

6.      **PROTECTIVE ORDER.**  The Plaintiffs anticipate the need for entry of a protective order in this case.

7.      **ELECTRONICALLY STORED INFORMATION.**  Electronically stored information (ESI) shall be produced in searchable PDF, labeled with Bates numbers, unless the party requesting the information requests records as tiff images with extracted text files and a load file. In either case, the ESI will be delivered via flash drive or secure FTP. The Parties shall negotiate in good faith an alternative procedure for documents that are not reasonably usable in

PDF format; if the Parties are unable to reach agreement, an appropriate, timely motion will be filed with the Court.

8.  **REQUESTS FOR PRODUCTION.**  Defendant served upon Plaintiffs his first set of Requests for Production on June 7, 2021. Plaintiffs served their Responses and Objections to Defendant's First Set of Requests for Production on June 22, 2021, and anticipate producing documents referenced therein by July 23, 2021. Defendant did not consent to receiving documents past the due date.

9.  **INTERROGATORIES.**  Per this Court's Amended Scheduling Order set on July 2, 2021, a Party may not exceed thirty (30) interrogatories, including parts and subparts, without leave of Court. Defendant served upon Plaintiffs his first set of Interrogatories on June 7, 2021. Plaintiffs anticipate serving their Answers to Defendant's first set of Interrogatories by July 23, 2021. Defendant did not consent to receiving objections or responses past the due date.

10. **PRIVILEGE ISSUES.**  Pursuant to Federal Rule of Evidence 502(d), if a Party or non-Party discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege or protection ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Protected Information and its subject matter in this action or any other federal or state proceeding. If a disclosing Party or non-Party makes a claim of disclosure, the receiving party shall immediately cease review of the Protected Information and within five (5) business days, return or destroy all copies of the Protected Information, and provide a certification of counsel that all such information has been returned or destroyed. The disclosing Party or non-Party retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Order

shall limit the right of any Party to request an in-camera review of the Protected Information. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence and shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

11. **PRIVILEGE LOG.** Communications between any Party and its outside litigation counsel related to this action (or to documents and things created by or for a Party's litigation counsel in anticipation of this action), and privileged documents and things created after the date of the filing of this lawsuit, need not be identified on any privilege log.

12. **DEPOSITION SCHEDULE.** The Parties shall confer and exchange a list of persons from the opposing Party whom they wish to have testify at a deposition, and the Parties shall work diligently to schedule mutually convenient times and locations for each of these depositions, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6).

13. **NUMBER OF DEPOSITIONS.** Pursuant to this Court's Amended Scheduling Order set on July 2, 2021, a Party may not exceed five (5) non-party, non-expert witness depositions, without leave of Court.

14. **REQUESTS FOR ADMISSIONS.** The Plaintiffs may serve up to 30 requests for admissions as to factual matters on the Defendant, and the Defendant may serve up to 30 requests for admissions on each Plaintiff. There shall be no limit on the number of requests for admissions regarding the authenticity of documents or things.

15. **EXPERT DISCOVERY.** Pursuant to Fed. R. Civ. P. 26(a)(2), any Party with the burden of proof on a claim or counterclaim shall disclose its expert witnesses and serve a copy of

their written reports upon the other Party sixty days prior to the discovery deadline, August 16, 2021. The opposing Party shall have 30 days after service of these experts' reports to serve their own expert reports upon the other Party. Pursuant to Fed. R. Civ. P. 26(a)(2), the Parties shall serve rebuttal expert reports, if any, upon the opposing Party within 14 days after that. Following the exchange of all expert reports, rebuttal reports, or reply reports, the Parties shall schedule the depositions of their experts for a mutually convenient time and location. All such depositions will be concluded by October 15, 2021.

16. **DRAFTS AND COUNSEL COMMUNICATIONS WITH EXPERTS.** Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product and do not need to be included in a privilege log.

17. **THIRD PARTY MATERIALS.** Pursuant to Fed. R. Civ. P. 45(a)(4), the Parties shall serve a notice and copy of any subpoena on each Party before a subpoena is served on the person to whom it is directed, as well as a copy of any document requests, requests for admissions, or interrogatories served upon a third party. In addition, the Parties shall promptly provide to each other, or make available, all materials obtained from third parties.

18. **EVIDENTIARY MOTIONS.** All motions to exclude experts or expert testimony, in whole or in part, and all motions in limine, shall be filed in time to be fully briefed and heard at least two weeks prior to the trial date.

19. **MODIFICATION.** A Party's agreement to the deadlines and limitations stated in this Joint Discovery Plan is without prejudice to its right to seek modifications of the plan and of the pretrial schedule pursuant to Fed. R. Civ. P. 16 and 26.

20. **CLOSE OF DISCOVERY.** Per this Court's Amended Scheduling Order set on July 2, 2021, Parties will complete discovery by Friday, October 15, 2021. All written discovery must be served by July 23, 2021.

21. **FINAL PRETRIAL CONFERENCE.** Per this Court's Amended Scheduling Order set on July 2, 2021, Parties will hold a final pretrial conference on October 21, 2021 at 10:00 a.m.

22. **TRIAL BEFORE MAGISTRATE JUDGE.** The Plaintiffs do not consent to trial before a Magistrate Judge at this time.

Dated: JULY 14, 2021

Respectfully Submitted,

| | |
|---|---|
| /s/ Kevin T. Carroll | /s/ Jesse Binnall |
| Kevin T. Carroll (VSB#95292) | Jesse R. Binnall (VSB #79292) |
| Joseph G. Grasso (pro hac vice) | Lindsay R. McKasson (VSB #96074) |
| Wiggin and Dana LLP | BINNALL LAW GROUP, PLLC |
| 800 17th Street, NW, Suite 520 | 717 King Street, Suite 200 |
| Washington, DC 20006 | Alexandria, Virginia 22314 |
| kcarroll@wiggin.com | jesse@binnall.com |
| jgrasso@wiggin.com | lindsay@binnall.com |
| Phone: 202-800-2475 | Phone: (703) 888-1943 |
| Facsimile: 212-551-2888 | Fax: (703) 888-1930 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of the record.

                                                                 /s/ Kevin T. Carroll
                                                                 Kevin T. Carroll
                                                                 *Counsel for Plaintiffs*