# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MUNA AL-SUYID, individually and on behalf of the estates of her family members ABDEL SALAM AL-SUYID, IBRAHIM AL-SUYID, KHALID AL-SUYID and MUSTAFA AL-SUYID, and ABDALLA AL-KRSHINY, AHMAD AL-KRSHINY, MAHMUD AL-KRSHINY, and IBRAHIM AL-KRSHINY, individually and on behalf of his family member ALI AL-KRSHINY and MUSTAFA AL-KRSHINY, | : : : : : : : : : : : | |
| | : : | Civil Action No. 1:20-cv-00170-LMB-JFA |
| Plaintiffs, | : : | |
| v. | : : | |
| KHALIFA HIFTER, | : : | SEPTEMBER 17, 2021 |
| | : : | |
| Defendant. | : : | |

## MEMORANDUM OF LAW IN SUPPORT PLAINTIFFS'
## MOTION TO COMPEL DISCOVERY FROM AND DEPOSITION OF DEFENDANT
## <u>KHALIFA HIFTER</u>

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................................... ii

I.     Factual Background ...........................................................................................................1

II.    Procedural History............................................................................................................3

         a.   The discovery deadline in this case is set for October 15, 2021 .....................3

         b.  Plaintiffs served their Discovery Requests and cooperated
             with Defendant on an extension of time serve his responses............................3

         c.  Defendant served deficient responses to Plaintiffs' RFPs and
             failed to serve a single response to Plaintiffs' Interrogatories
             by the extended deadline.....................................................................................4

         d.  Plaintiffs engaged in a good faith effort to resolve discovery
             matters at issue with Defendant .........................................................................5

         e.  Defendant failed to serve responses to Plaintiffs' Interrogatories
             and supplemental responses to Plaintiffs' Requests for Production .................6

         f.  Defendant refused to appear for deposition on Wednesday,
             September 22, 2021 or to reschedule to a more convenient date.......................7

III.   Legal Standard..................................................................................................................8

IV.   Argument ..........................................................................................................................9

         a.  Defendant has not produced a single response to Interrogatories
             and has failed to produce supplemental responses to Requests
             for Production, contrary to parties' prior agreement .......................................10

             i.     Defendant has failed to identify productions
                 responsive to each Request ....................................................................11

             ii.   Defendant's confirmation that documents
                 responsive to Request No. 2 do not exist is contrary
                 to their prior admission ..........................................................................12

         b.  Defendant's assertion of the State secrets privilege
             is legally invalid...............................................................................................12

         c.  Defendant refused to sit for deposition ...........................................................14

V.    Conclusion......................................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A1 Procurement, LLC v. Thermcor, Inc.*,
No. 2:15-CV-15, 2015 WL 13856283 (E.D. Va. July 27, 2015)..............................................11

*Abilt v. C.I.A.*,
No. 1:14-CV-01031-GBL-ID, 2015 WL 566712 (E.D. Va. Feb. 10, 2015)............................13

*ACMA USA, Inc. v. Surefil, LLC*,
No. 3:08-CV-071, 2008 WL 2714422 (E.D. Va. July 7, 2008).................................................9

*Acosta v. Med. Staffing of Am., LLC*,
No. 2:18CV226, 2019 WL 6122016 (E.D. Va. Mar. 15, 2019) ...............................................11

*Act II Jewelry, LLC v. Zhu*,
No. 2:09CV407, 2010 WL 11450509 (E.D. Va. Feb. 19, 2010) ..............................................15

*Bradford v. HSBC Mortgage Corp.*,
No. 1:09-cv-01226-TSE (E.D. Va. May 26, 2011)....................................................................9

*El-Masri v. United States*,
479 F.3d 296 (4th Cir. 2007) ..................................................................................................12

*Fitzgerald v. Penthouse Int'l Ltd.*,
776 F.2d 1236 (4th Cir. 1985) ...........................................................................................12, 13

*Garda Supplies, Rental & Servs., Ltd. v. City Walk One, LLC*,
No. 2:17-CV-583, 2019 WL 8126845 (E.D. Va. Jan. 3, 2019)...............................................11

*JTH Tax, Inc. v. Aime*,
No. 2:16-CV-279, 2016 WL 9223926 (E.D. Va. Dec. 13, 2016) ..............................................9

*LaMonds v. Lake Ridge Parks & Recreation Ass.*,
No. 118CV00442AJTTCB, (Dkt. 41) (E.D. Va. Oct. 12, 2018) ..............................................14

*LaRouche v. Nat'l Broad. Co., Inc.*,
780 F.2d 1134 (4th Cir. 1986) ...................................................................................................8

*Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*,
43 F.3d 922 (4th Cir. 1995) .......................................................................................................8

*Lorillard Tobacco Co. v. California Imports*,
LLC, No. 3:10CV817, 2011 WL 4625953 (E.D. Va. Oct. 3, 2011).......................................14

*Montgomery v. Risen,*
    197 F. Supp. 3d 219 (D.D.C. 2016), aff'd, 875 F.3d 709 (D.C. Cir. 2017)............................13

*Rosemond v. United Airlines, Inc.,*
    No. 1:14-CV-350 ...............................................................................................................9

*SunTrust Bank v. Nik,*
    No. 1:11-CV-343, 2012 WL 1344390 (E.D. Va. Mar. 22, 2012)............................9

*Zuckerbraun v. Gen. Dynamics Corp.,*
    935 F.2d 544 (2d Cir. 1991)............................................................................................13

## Other Authorities

Fed. R. Civ. P. 26(b)(1)...........................................................................................................10

Fed. R. Civ. P. 30...................................................................................................................14

Fed. R. Civ. P. 30 and 45.........................................................................................................8

Fed. R. Civ. P. 33...................................................................................................................10

Fed. R. Civ. P. 33 and 34.........................................................................................................3

Fed. R. Civ. P. 34...................................................................................................................10

Fed. R. Civ. P. 37...................................................................................................................10

Fed. R. Civ. P. 37(a)(1).............................................................................................................9

Fed. R. Civ. P. 37(a)(3)...........................................................................................................10

Federal Rule of Civil Procedure 37(a) ...............................................................................1, 10

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37, Plaintiffs Muna al-Suyid, individually and on behalf of her family members Abdel Salam al-Suyid, Ibrahim al-Suyid, Khalid al-Suyid and Mustafa al-Suyid, and Abdalla al-Krshiny, Ahmad al-Krshiny, Mahmud al-Krshiny and Ibrahim al-Krshiny, individually and on behalf of their family members Ali al-Krshiny and Mustafa al-Krshiny (collectively "Plaintiffs"), respectfully move this Court to compel Defendant Khalifa Hifter ("Defendant") to fully answer Plaintiff's Interrogatories and Requests for Production, dated July 22, 2021 (the "Discovery Requests"), and to appear for deposition in this case.

As set forth in the accompanying Affidavit, attached hereto as Exhibit A, and described further below, Plaintiffs have attempted in good faith to secure discovery and arrange for Defendant's deposition without court intervention.  Despite Plaintiffs' attempts, Defendant has failed to:  1) Produce a single response to Plaintiffs' Interrogatories; 2) Produce supplemental responses to Requests for Production as agreed to by counsel; and 3) Agree to appear for deposition, noticed and set for September 22, 2021.

Accordingly, Plaintiffs seek an Order of Compliance from the Court, directing Defendant to comply fully with the Discovery Requests and to attend the deposition, as described in the attached Proposed Order Granting Plaintiffs' Motion to Compel, attached hereto as Exhibit B.

## I.      Factual Background

Plaintiffs, the Suyids and Krshinys, are two families in Benghazi, Libya.  Complaint [Dkt. 1] ("Compl.") ¶¶ 9-13.  In October 2014, troops of the Libyan National Army ("LNA"), under orders from Defendant Khalifa Hifter, stormed the Suyid and Krshiny family homes, killed several of their family members, and tortured and/or executed the survivors without trial.  *Id*.  ¶¶ 26-46.

1

Defendant is a United States citizen, resident of the Eastern District of Virginia, and owner of significant assets in the District. *Id*. ¶¶ 17-18.  Since 2014, Defendant has served as a field marshal in the LNA.  *Id*. ¶¶ 24-25.  In October 2014, the LNA launched an operation to kill named opponents in Benghazi, including members of Plaintiffs' families.  *Id*. ¶¶ 26-27.  Defendant's spokesperson and propogandist called for Plaintiffs to be "liquidated" and ordered that no prisoners be taken.  *Id*. ¶¶ 26-27.  Plaintiffs were specifically targeted, either because they lived in Benghazi and/or because of their Turkish ethnicity.  *Id*. ¶ 67.

LNA forces under the command of Defendant's immediate subordinates killed Mustafa and Khalid al-Suyid and kidnapped, tortured, and executed Abdel Salam and Ibrahim al-Suyid.  *Id*. ¶¶ 31-32.  The LNA also targeted – by name in a public announcement – the Krshiny family.  *Id*. ¶¶ 27, 35.  LNA forces under the command of Defendant's immediate subordinates killed two of the Krshiny's brothers-in-law at their family home and took six brothers as prisoners.  *Id*. ¶ 36.  Two of the prisoners were taken to Defendant's headquarters and beaten.  *Id*. ¶¶ 37-38.  One of them, Ibrahim, was tortured, including by electrocution, mutilated (losing an eye), and mock executed.  *Id*. ¶¶ 39-43.  The other, Mustafa, was tortured and later found dumped on a roadside after being executed, his hands still tied behind his back and a gunshot wound to the back of his head.  *Id*. ¶ 44.  Four other al-Krshiny brothers – Abdalla, Ahmad, Ali, and Mahmud – were captured by LNA forces under the command of Defendant's immediate subordinates, placed in a truck, and all shot while in custody in that vehicle, killing one of them.  *Id*. ¶ 45.

These actions represent only a fraction of the war crimes Defendant – a United States citizen with a residence in this District – had perpetrated in Libya.  Defendant's *jus cogens* violations are not a collateral and unintended consequence of the civil war in which the LNA, under his command, is engaged, but are instead one of his core tactics.  *Id*. ¶¶ 5, 26.   Indeed, the

Court need only take Defendant at his word: "Never mind the consideration of bringing a prisoner here. There is no prison here. The field is the field, end of story." *Id*. ¶ 46 (quoting a video released by Defendant announcing that the LNA's opponents should be shown "[n]o mercy").

## II.   Procedural History

### a.   The discovery deadline in this case is set for October 15, 2021.

On July 2, 2021, this Court issued an Amended Scheduling Order, directing parties to develop a Joint Discovery Plan. [Dkt. 107] ("Am. Scheduling Order"). On July 14, 2021, parties filed a Proposed Joint Discovery Plan [Dkt. 109] ("Joint Disc. Plan"), and on July 19, 2021, this Court issued a Rule 16(b) Scheduling Order, adopting the parties' Joint Discovery Plan. [Dkt. 110 ¶ 1.] The Court set discovery in this matter to be completed by **October 15, 2021**. *Id*. ¶ 20. A final pretrial conference is to be held on **October 21, 2021**, and parties' Rule 26(a)(3) disclosures must be filed on or before October 21, 2021. *Id*. ¶ 21.

### b.   Plaintiffs served their Discovery Requests and cooperated with Defendant on an extension of time to serve his responses.

On July 22, 2021, Plaintiffs served their First Set of Requests for Production and First Set of Interrogatories (Attached hereto as Exhibits C and D, respectively), requesting written responses within thirty days of service, pursuant to Fed. R. Civ. P. 33 and 34. Defendant served objections to these Discovery Requests on August 6, 2021.

On August 19, parties agreed to extend the deadline for Defendant's responses to September 3, 2021. On September 2, counsel had a brief phone conversation in which Defendant's counsel informed Plaintiffs' counsel that they were expecting to serve Defendant's discovery responses to Plaintiffs' Requests, but not to Plaintiffs' Interrogatories on September 3. Plaintiffs' counsel informed Defendants' counsel that the instant motion would be filed in the

following days to address Defendant's failure to serve responses to Interrogatories as well as

deficiencies in the produced documents if counsel could not reach a resolution through a meet

and confer.

### c. Defendant served deficient responses to Plaintiffs' RFPs and failed to serve a single response to Plaintiffs' Interrogatories by the extended deadline.

On September 3, 2021, Defendant's counsel served Responses and Objections to

Plaintiffs' Requests for Production ("Requests" attached hereto as Exhibit E).  Defendant

asserted objections against all eleven of Plaintiffs' Requests and provided responses to only five

of the Requests.  Counsel also produced 55 pages of Bates-stamped documents including a three-

page declaration from the Defendant and 52 pages of untranslated Arabic documents.  As of the

date of this motion, Defendant has not produced any responses to Plaintiffs' Interrogatories.

There are several deficiencies with Defendant's discovery responses to Plaintiffs'

Requests and accompanying productions.  First, Defendant's responses to Requests Nos. 1, 3,

and 9 failed to identify which pages of the production relate to each Request.  Defendant's

responses simply state, "see documents produced herewith," failing to provide any context,

description, or explanation for the untranslated and unverified documents that Defendant has

attached.  Plaintiffs' counsel is therefore left guessing as to the context of the 55 pages of

documents Defendant has produced, and as to what content the documents contain.[1]

Second, in response to Request No. 2, requesting documentation of Defendant's

residency in a state or district of the United States, Defendant responds that "no such documents

exist."  Upon information and belief, Defendant Khalifa Hifter is a United States citizen.

---

[1] After the meet and confer on July 29, 2021, Defendant and Plaintiffs' counsel agreed to share translation costs. Counsel did not agree to provide information that provides context and description of documents produced.  In contrast to Defendant's responses, Plaintiffs' discovery responses specifically list each production that is responsive to each request and provide a description of the document – in compliance with Defendant's counsel's requests pursuant to their Second Deficiency Letter, dated July 27, 2021 and the subsequent meet and confer.

Accordingly, Defendant must have a U.S. passport, a copy of which would suffice to be responsive to Plaintiffs' Request No. 2.

Third, Defendant asserts, unsuccessfully, a claim of a Libyan state secrets privilege, objecting to Requests 1, 3-11 on the basis that they seek information that is confidential or classified as military secrets under Libyan law. [2]  The asserted Libyan privilege is not cognizable in a United States court.

### d.  Plaintiffs engaged in a good faith effort to resolve discovery matters at issue with Defendant.

Plaintiffs' counsel certifies that they have made several good faith attempts to resolve this discovery dispute with Defendant.  In addition to the efforts described above, upon receiving Defendant's deficient Responses and Objections to Plaintiffs' Requests, Plaintiffs sent their First Deficiency Letter to Defendant's counsel on September 7, 2021, attached hereto as Exhibit A-1. The Deficiency Letter listed the above-described deficiencies in Defendant's discovery responses and his failure to provide any responses to Plaintiffs' Interrogatories.  *See*, *id*. at 4.  Plaintiffs further requested in their letter that Defendant schedule a time to meet and confer by phone "as soon as possible, preferably on Thursday, September 9, 2021" if he would not remedy the deficiencies immediately. *See*, Ex. *id*.  at 1, 4.

On September 9, counsel held a meet and confer to discuss issues related to Defendant's discovery responses. Defendant's counsel agreed to:

    a.  Supplement their responses to Requests no. 1, 3, and 9 to indicate by Bates number, the specific productions relating to such requests;

    b.  Provide contextual information regarding the documents produced in Arabic;

---

[2] After a meet and confer between counsel on September 9, 2021 regarding Plaintiffs' First Deficiency Letter, Defendant's counsel stated that the Defendant was not withholding any documents on the basis of Defendant's objections other than the asserted state secrets privilege. As such, Plaintiffs decline to address Defendant's other objections in this motion.

  c. Re-verify Defendant's response to Request No. 2 that he does not have any documents evidencing his citizenship in the United States or residency in a particular state of the United States;

  d. Provide an update as to Defendant's responses to Interrogatories by September 10, 2021.

*See*, Plaintiffs' Counsel's email, dated September 9, memorializing meet and confer agreements, attached hereto as Exhibit A-2.[3]

  **e. Defendant failed to serve responses to Plaintiffs' Interrogatories and supplemental responses to Plaintiffs' Requests for Production.**

  On September 10, Defendant's counsel informed Plaintiffs through a phone call that they anticipated serving responses to Plaintiffs' Interrogatories by Wednesday, September 15, pursuant to the parties' agreement at the September 9 meet and confer.  On September 16, Plaintiffs' counsel wrote to Defendant's counsel inquiring on their intent to provide supplemental responses to the Requests and responses to Interrogatories and asking to confirm that Defendant would not sit for a deposition. (*See*, Plaintiff's counsel's email dated September 16, attached hereto as Exhibit A-3 at 3.)   In response, Defendant's counsel stated that they would "circle back tomorrow with the answers that [we]re available."  (*Id.* at 2.)

  On September 17, Defendant's counsel responded that they were waiting to confirm their Interrogatory responses "hopefully within a couple of hours."  (*Id.* at 1.)  Counsel further stated that although "not easily able to do so," they were working to provide identification of previously made productions as to relevant Requests. (*Id.* at 1.)  Counsel confirmed that there were no documents responsive to Request No. 2 seeking information on Defendant's citizenship in the United States.  (*Id.* at 1.)   Counsel further provided some information on the context of documents they have produced.  (*Id.* at 1.)

---

[3] Plaintiffs' counsel's e-mail erroneously stated the dates for a contemplated hearing before this Court as "September 24th or November 1st."  Counsel promptly corrected this error in a subsequent e-mail to Defendant's counsel as "September 24th or October 1st."

On September 17, immediately prior to filing the instant motion, Plaintiffs' counsel contacted Defendant's counsel for one final meet and confer conversation. In the September 17th meet and confer, Defendant's counsel stated that they would not be serving any responses to Interrogatories or supplemental responses to Requests at least until September 19.  Defendant's counsel also confirmed that Defendant Khalifa Hifter would not be appearing for a deposition. To date, Defendant's counsel has served neither their responses to Plaintiffs' Interrogatories, nor any supplemental responses to their Requests.

### f.  Defendant refused to appear for deposition on Wednesday, September 22, 2021 or to reschedule to a more convenient date.

On August 25, in anticipation of the impending discovery deadline of October 15, 2021, Plaintiffs' counsel contacted Defendant's counsel via e-mail to schedule Defendant's deposition on a date between September 20 – October 3, 2021.  (*See*, Email thread between parties' counsel, attached hereto as Exhibit F.)  On August 26, Defendant's counsel offered Plaintiffs to take a consolidated deposition on September 20, together with the Plaintiffs in cases, *Hamza et al v. Hifter*, 1:20-cv-01038-LMB-JFA and *Elzagally et al v. Haftar*, 1:19-cv-00853-LMB-MSN. (*Id.*) Defendant's counsel further suggested holding a conference call for the upcoming week on the topic of depositions.  Plaintiffs' counsel responded on August 27, that they would confer with their clients and on August 31, Plaintiffs declined to have a consolidated deposition and instead asked to schedule a deposition of Defendant via videoconferencing on September 22, 2021. Concurrently, Plaintiffs' counsel asked to confer that week about their respective clients' availabilities for upcoming depositions.  Defendant's counsel did not respond. (*Id.*)

At the parties' September 9th meet and confer described above, Plaintiffs' counsel restated their intention to set Defendant Khalifa Hifter's deposition date for September 22, 2021. (Ex. A-2.)  Defendant's counsel implied that he was not sure Defendant would sit for deposition.

(*Id.*)  Defendant's counsel added that it was "unlikely" that Defendant would sit for a deposition prior to the issuance of a protective order.  (*Id.*)  Plaintiffs' counsel pressed on the issue of Defendant's upcoming U.S. promotional tour in light of the upcoming Libyan elections and asked whether Defendant was planning to come to the United States and refuse to appear for a deposition.  Defendant's counsel did not respond.

On September 10, 2021, pursuant to Fed. R. Civ. P. 30 and 45 and Eastern District of Virginia Local Rule 30(H), Plaintiffs' counsel served a notice for Defendant Khalifa Hifter's deposition to be taken on September 22, 2021. (*See*, Plaintiffs' Notice of Deposition of Khalifa Hifter, attached hereto as Exhibit G.)  On September 10, Defendant's counsel contacted Plaintiffs' counsel by phone to state that the Defendant would not appear for deposition on September 22, 2021, nor would the Defendant agree to set a new deposition date prior to the ruling on the instant motion and Defendant's anticipated motion for Protective Order.

Notably, on September 17, 2021, in response to Plaintiffs' counsel's requests to confirm, Defendant's counsel confirmed that Defendant Khalifa Hifter would not sit for a deposition. (Ex. A-3.)

### III.    Legal Standard

The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court.  *See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc*., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (citing *Erdmann v. Preferred Research, Inc*., 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co., Inc*., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.")  The Court routinely

grants motions to compel discovery responses where a party fails to timely respond to discovery requests.  *See, e.g.*, *Bradford v. HSBC Mortgage Corp*., No. 1:09-cv-01226-TSE (E.D. Va. May 26, 2011) (order granting plaintiff's motion to compel discovery responses where defendant failed to timely respond); *SunTrust Bank v. Nik,* No. 1:11-CV-343, 2012 WL 1344390, at 1 (E.D. Va. Mar. 22, 2012), report and recommendation adopted, No. 1:11-CV-343, 2012 WL 1344376 (E.D. Va. Apr. 17, 2012) ("[A]fter defendants failed to file a timely response, the undersigned Magistrate Judge granted plaintiff's Motion to Compel and ordered all three defendants to fully produce all documents and fully respond to all Interrogatories and Requests for Admission. (Dkt.26.)"); *Rosemond v. United Airlines, Inc*., No. 1:14-CV-350 LMB/JFA, 2014 WL 4245974, at 4 (E.D. Va. Aug. 26, 2014) (same); *ACMA USA, Inc. v. Surefil, LLC*, No. 3:08-CV-071, 2008 WL 2714422, at 2 (E.D. Va. July 7, 2008) (same).

Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(E) require parties, through counsel, to meaningfully meet and confer before filing a discovery motion in an effort to resolve disputes without judicial intervention.  *See, JTH Tax, Inc. v. Aime,* No. 2:16-CV-279, 2016 WL 9223926, at 6 (E.D. Va. Dec. 13, 2016) (granting defendant's motion to compel, where counsel for defendant spoke with plaintiff's counsel on the issue, counsel then engaged in an email exchange that concluded that the parties were "at an impasse," and where defendant filed a Notice of Statement of Good Faith with their Motion to Compel.)

## IV.    Argument

As of the date of this Motion, and despite Plaintiffs' good faith attempts to resolve this issue without the need for judicial intervention, Defendant persists in his refusal to provide necessary discovery in this matter and to sit for deposition.

**a. Defendant has not produced a single response to Interrogatories and has failed to produce supplemental responses to Requests for Production, contrary to parties' prior agreement.**

Plaintiffs served Discovery Requests on the Defendant over eight weeks ago and granted the Defendant a two-week deadline extension to respond.  Despite the generous time allotment, the Defendant failed to provide any Interrogatory responses and has provided only deficient responses and productions in response to Plaintiffs' Requests.  To date, and contrary to parties' agreement at the September 9th meet and confer, Defendant has failed to respond to a single Interrogatory.  Further, Defendant has failed to provide supplemental responses needed to adequately respond to Plaintiffs' Requests for Production.

The scope of discovery is broad, allowing parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Additionally, discovery should be "reasonably calculated to lead to the discovery of admissible evidence." *Id*.  Fed. R. Civ. P. 37(a) authorizes a party to move to compel disclosure. *See also,* Local Rule 37(A) ("it is the responsibility of the party initiating discovery to place the matter before the Court by a proper motion pursuant to Fed. R. Civ. P. 37.")  If a party fails to answer an interrogatory under Fed. R. Civ. P. 33 or fails to respond to requests for production of documents under Fed. R. Civ. P. 34, the requesting party may ask the Court to compel discovery in accordance with the Requests. *See,* Fed. R. Civ. P. 37(a)(3); see also Local Rule 37(A).

As stated in Plaintiffs' First Deficiency Letter dated September 7, 2021, and as acknowledged by Defendants' counsel at the September 9 and September 17 meet and confers, Defendants' responses and objections dated September 3, 2021 fail to comply with the requirements of Fed. R. Civ. P. 34.

### i. Defendant has failed to identify productions responsive to each Request.

To date, contrary to the parties' agreement at the September 9th meet and confer, Defendant's counsel has failed to identify the specific productions responsive to each of Plaintiffs' Requests. Nor has Defendant provided any contextual information for what these productions may pertain to.

In his responses and objections to Plaintiffs' Requests, dated September 3, 2021, Defendant responds to Request Nos. 1, 3, and 9 by stating: "Without waiving the above objections, see documents produced herewith." Plaintiffs are left without any understanding as to which documents pertain to which Requests. *See, Garda Supplies, Rental & Servs., Ltd. v. City Walk One, LLC,* No. 2:17-CV-583, 2019 WL 8126845, at 1 (E.D. Va. Jan. 3, 2019) (granting defendant's motion to compel the identification and production of documents in response to defendant's requests for production); *A1 Procurement, LLC v. Thermcor, Inc.,* No. 2:15-CV-15, 2015 WL 13856283, at 4 (E.D. Va. July 27, 2015) (denying plaintiff's motion to compel except to the extent that defendants are directed to identify which documents apply to each respective request for production); *id.* ("Based on the record before it, the Court cannot ascertain whether and to what extend the Defendant's document production was responsive to the RFP."); *Acosta v. Med. Staffing of Am., LLC*, No. 2:18CV226, 2019 WL 6122016, at 5 (E.D. Va. Mar. 15, 2019) (granting in part defendant's motion to compel and ordering plaintiff to supplement responses to interrogatories and requests for production "to identify which documents are responsive to each interrogatory or request for production.").

Accordingly, Plaintiffs respectfully request the Court compel the Defendant to serve supplemental responses identifying responsive productions to Request Nos. 1, 3, and 9.

### ii.   Defendant's confirmation that documents responsive to Request No. 2 do not exist is contrary to their prior admission.

Plaintiffs' Request No. 2 seeks "all documents reflecting, memorializing, or pertaining to Defendant's residency of a particular state and district in the United States."  During the September 9th meet and confer, Plaintiffs' counsel requested, and Defendant's counsel agreed to re-verify Defendant's response to Request No. 2 that no such document exists. Counsel for Defendant has confirmed that no such documents exist.  Given the facts that Defendant admits that he is a U.S. citizen (Amended Answer [Dkt. 75] ¶ 4), is currently abroad and plans to travel back to the United States, Plaintiffs are skeptical of Defendant's response that no such documents exist.  Accordingly, Plaintiffs ask the Court to compel Defendant to produce documents responsive to Request No. 2.

### b.   Defendant's assertion of the state secrets privilege is legally invalid.

Defendant asserts a Libyan state secrets privilege for almost all of Plaintiffs' Requests, (Request Nos. 1, 3-11), and objects that these Requests seek confidential or classified information and military secrets under Libyan law. Defendant's invocation of the Libyan state secrets privilege in a United States court is legally invalid and the privilege is inapplicable to the instant matter.  The caselaw is unambiguous: while a civil defendant may highlight to a U.S. federal court in advance that giving a full and truthful answer to a question would require him or her to publicly disclose information classified as Secret or Top Secret by the U.S. Government, the actual invocation of the state secrets privilege is for the sole use of the United States government, and "allows the executive branch to protect information whose secrecy is necessary to its military and foreign affairs responsibilities."  *El-Masri v. United States*, 479 F.3d 296, 303 (4th Cir. 2007) (citing *United States v. Reynolds,* 345 U.S. 1, 7 (1953)); *see also, Fitzgerald v. Penthouse Int'l Ltd.,* 776 F.2d 1236 (4th Cir. 1985) ("The privilege may be invoked only by the

government and may be asserted even when the government is not a party to the case."); *Abilt v. C.I.A.*, No. 1:14-CV-01031-GBL-ID, 2015 WL 566712, at 5 (E.D. Va. Feb. 10, 2015) ("The state secrets privilege may only be asserted by the government and a private party can neither claim nor waive the privilege."); *Montgomery v. Risen*, 197 F. Supp. 3d 219, 244 (D.D.C. 2016), aff'd, 875 F.3d 709 (D.C. Cir. 2017); *Zuckerbraun v. Gen. Dynamics Corp.,* 935 F.2d 544, 546 (2d Cir. 1991) (same).

The U.S. government may intervene in actions between non-governmental parties on the basis that it has a national security interest at stake, thereby asserting a state secrets privilege. *See, Fitzgerald v. Penthouse Int'l, Ltd*., 776 F.2d 1236, 1237 (4th Cir. 1985) (affirming lower court's finding that the state secrets privilege warranted dismissal of a private plaintiff's libel action against a private defendant, where the U.S. Navy interposed a military secrets objection to continued discovery); *Zuckerbraun,* 935 F.2d at 546 (affirming lower court's dismissal of action where the United States government intervened and invoked the state secrets privilege).  In this case, Defendant, a private U.S. citizen and a military leader in a foreign country, baldly asserts the state secrets privilege, designed to protect U.S. Executive branch operations, in a case where the United States government has *twice* been asked to assert an interest, and has *twice* declined to do so. *See*, [Dkt. 53] ("First Solicitation Letter"); [Dkt. 54] ("First Refusal"); [Dkt. 89] ("Second Solicitation Letter"); [Dkt. 99] ("Second Refusal").

That Defendant is the head of a foreign country's national army does not render him a representative of the United States government.  Nor does it provide him status as a member of the United States Executive branch. Defendant's assertion of the state secrets privilege, given the long-standing caselaw extending the privilege to only the United States government, is inapposite.  The privilege exists to be exercised by the United States, only to protect *U.S.* state

secrets, not to be exercised by any private party, and certainly not to protect purported *Libyan* state secrets.

To the extent that the Defendant is attempting to assert a foreign nation's states secrets privilege in a domestic proceeding, the Court has previously held that such privilege is inapplicable and non-binding on domestic actions.  Accordingly, Plaintiffs respectfully request the Court compel the Defendant to withdraw his objections based on the state secrets privilege and produce responsive documents.

**c.   Defendant refused to sit for deposition.**

Despite reasonable notice, Defendant has stated that he refuses to sit for a deposition on Wednesday, September 22, 2021, and has ignored Plaintiffs' reasonable efforts to schedule his deposition in this case.  Plaintiffs are entitled to take the deposition of Defendant and are prejudiced by his failure to appear for deposition.  Defendant Khalifa Hifter is the sole defendant in this case.  Without his testimony, Plaintiffs are deprived of necessary information relevant to support their claims against his defenses.

The court has good cause to compel Defendant Khalifa Hifter's attendance at a deposition under Fed. R. Civ. P. 30.  Courts in this district frequently grant motions to compel the deposition of another party when the requesting party has engaged in a good faith effort to schedule depositions during the discovery period.  *See, Lorillard Tobacco Co. v. California Imports*, LLC, No. 3:10CV817, 2011 WL 4625953, at 2 (E.D. Va. Oct. 3, 2011) (granting defendant's motion to compel depositions of plaintiffs where defendants timely served and noticed depositions within the discovery period and plaintiffs requested a change in deposition date but failed to provide alternative dates to reschedule the depositions when requested by defendants); *LaMonds v. Lake Ridge Parks & Recreation Ass.*, No. 118CV00442AJTTCB, (Dkt. 41) (E.D. Va. Oct. 12, 2018) (granting defendant's motion to compel discovery and ordering

14

plaintiff to appear for a deposition on specified date); *Act II Jewelry, LLC v. Zhu*, No. 2:09CV407, 2010 WL 11450509, at 1 (E.D. Va. Feb. 19, 2010) (granting plaintiff's motion to compel defendant to attend deposition).

After repeated attempts to schedule Defendant's deposition and agreeing to set September 22, 2021 as the deposition date, Plaintiffs provided reasonable notice and emailed Defendant's counsel to confirm his attendance. However, Defendant's counsel informed Plaintiffs that Defendant refuses to sit for deposition on September 22 and will not agree to reschedule the deposition as of the filing of this motion. In fact, Defendant's counsel unequivocally confirmed that Defendant would not sit for a deposition. To make matters worse, Defendant plans to be present in the United States to promote his presidential campaign in Libya, and deliberately avoid his obligation under the Federal Rules and Local Rules to attend his deposition. *See,* Jared Malsin and Vivan Salama, *Libyan Warlord Hires Ex-Clinton Aide Lanny Davis, Ex-Republican House Leader Bob Livingston, to Lobby D.C.*, THE WALL STREET JOURNAL, (Sept. 8, 2021, 7:48 PM), https://www.wsj.com/articles/libyan-warlord-hires-ex-clinton-aide-lanny-davis-ex-republican-house-leader-livingston-to-lobby-d-c-11631131945?redirect=amp&s=09#click=https://t.co/INQipJEfoB. In light of Defendant's deliberate disregard of his discovery obligations under this Court's rules, Plaintiffs respectfully request the Court compel the Defendant to sit for deposition in this case.

**V.    Conclusion**

In light of the fast-approaching discovery deadline of October 15, 2021, Plaintiffs respectfully move this Court to order Defendant to serve responses to Plaintiffs' Interrogatories, to serve supplemental responses to Plaintiffs' Requests, and to sit for deposition, as described in Plaintiffs' Proposed Order Granting their Motion to Compel, attached hereto as Exhibit B.

15

Dated: September 17, 2021

Respectfully Submitted,
**WIGGIN AND DANA LLP**

By:*/s/ Kevin T. Carroll*
Kevin T. Carroll (VSB#95292)
Joseph G. Grasso (*pro hac vice*)
Wiggin and Dana LLP
800 17th Street, NW, Suite 520
Washington, DC 20006
kcarroll@wiggin.com
jgrasso@wiggin.com
Phone: 202-800-2475
Facsimile: 212-551-2888

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, I filed Plaintiffs' Motion to Compel with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Jesse R. Binnall (VSB #79292)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
jesse@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930

Lindsay R. McKasson (VSB #96074)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
lindsay@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930

*Counsel for Defendant*

                                        */s/ Kevin T. Carroll*
                                        Kevin T. Carroll
                                        *Counsel for Plaintiffs*