IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MUNA AL-SUYID, *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:20-cv-00170 (LMB/MSN) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
EMERGENCY MOTION TO COMPEL AND LIMITEDLY EXTEND DISCOVERY**

Plaintiffs refused to disclose people who have relevant information to this case and are hiding discoverable information from Mr. Hifter. Now, Plaintiffs have the audacity to ask this Court to excuse them from discovery by asserting the deadline has passed. Federal Rules of Civil Procedure require the disclosure of this information. And, there is indeed no claim of privilege. Accordingly, Mr. Hifter seeks to compel Plaintiffs to complete their depositions and supplement their discovery disclosures and responses to interrogatories to include any unnamed, third parties, including any political organizations. Mr. Hifter also respectfully requests this Court grant an extension of the time allowed for discovery because these disclosures should have taken place months ago and should be compelled to provide a privilege log of communications with Plaintiffs by both litigation and non-litigation counsel.

## BACKGROUND

On August 26, 2021, Mr. Hifter's counsel met and conferred regarding dates for Plaintiffs' depositions. *See* Dkt. No. 140, at 1, Exhibit B. Plaintiffs' counsel finally suggested October 12, 2021 on September 28, 2021. *Id.,* Exhibit D. On September 30, 2021, Mr. Hifter properly served Plaintiffs with Notices of Depositions for October 12 and 13, 2021. *Id.,* Exhibit E. At no time was any objection to any permissible question raised during any exchange or conference with counsel before depositions began.

On October 12, 2021, Plaintiff Ibrahim al-Krshiny sat for his deposition. Before Mr. Hifter's counsel could even begin discussing the substantive events underlying this lawsuit, Plaintiffs' counsel instructed Plaintiff not to answer questions regarding overseas individuals who he had spoken to about his deposition and this case and

1

that were not disclosed in initial disclosures or interrogatory responses. *See* al-Krshiny Depo., attached as Exhibit 1, at 10-13.

Specifically, Mr. Hifter's counsel asked Plaintiff al-Krshiny (1) who he has spoken to regarding this litigation, (2) who he had spoken to preparing for his deposition, and (3) where those people are located. Plaintiffs' counsel did not object on grounds of privilege but specifically instructed Plaintiff not to disclose the names or locations of unidentified persons he had spoken with regarding this litigation or his deposition. *Id.* at 11-12. He would not even permit the witness to disclose the country in which those persons resided. Plaintiffs' counsel claimed, in the name of these unnamed third persons' physical security, these questions must remain unanswered. An interesting position, as Plaintiffs have referred to Mr. Hifter's security concerns as disingenuous in other discovery disputes. *See* Dkt. No. 122, at 4. As such, Plaintiff refused to answer these questions.

That same day, October 12, 2021, counsel met and conferred to resolve this dispute. Plaintiffs' counsel indicated he would continue to instruct Plaintiffs not to answer these questions or questions of a similar nature. Additional Plaintiffs were scheduled for depositions the next day, on October 13, 2021. Plaintiffs' counsel indicated his same instruction would apply to these Plaintiffs as well. Thus, counsel decided to suspend the depositions of all Plaintiffs so the Court could decide the matter.

Plaintiffs responded by filing a Motion for Protective Order on October 14, 2021. Dkt. No. 140. Plaintiffs claim Mr. Hifter is "seek[ing] information that is not

relevant to the claims and defenses of this case." Dkt. No. 140 at 3. That is not the case. Mr. Hifter seeks information very relevant to the claims and defenses of this case.

Mr. Hifter is entitled to know who has knowledge of the allegations in this matter. These third parties have knowledge of the subject matter of this litigation and may be attempting to influence the litigation. Despite their obligations to do so, Plaintiffs never disclosed them. Indeed, this information was a complete shock and surprise during Plaintiffs' depositions. At this time, it is unclear whether the communications these unknown and unnamed people had with Plaintiffs are privileged. Plaintiffs' counsel refused to allow their names to be stated to check their association. Regardless, Mr. Hifter has a right to know who is involved in this litigation and who is talking to Plaintiffs.

## ARGUMENT

The Federal Rules of Civil Procedure embrace a liberal application of discovery rules in civil cases, allowing parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).

The Eastern District of Virginia follows the Supreme Court's lead in finding relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Spendlove v. RapidCourt, LLC*, 2019 WL 7143664 at *4 (E.D. Va. Dec. 23, 2019) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978) (citations omitted).

Federal Rule of Civil Procedure 30(c)(2) states a person "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

I. **Plaintiffs Must Complete Their Depositions, Supplement Their Discovery Responses, and Provide a Privilege Log.**

Plaintiffs' counsel did not raise an objection to preserve a privilege, to enforce a limitation ordered by this Court, or to present a motion under Rule 30(d)(2). As the transcript of the deposition makes clear, Plaintiffs' counsel instructed his client not to answer who he has been talking to or where they are located only because of the alleged security concerns of a third party. *See* Exhibit 1, at 10-13.

These questions did not ask for the contents of the alleged privileged communications. In fact, it is now clear these communications would not be privileged as Plaintiffs admitted the person speaking to them is not a lawyer. *See* Dkt. No. 140, at 4. These questions did not ask for irrelevant information. They did not even ask for legally objectionable information. Mr. Hifter's counsel merely sought to discover all individuals that may possess knowledge of the lawsuit and the events underlying it. As this Court has previously held, "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Spendlove,* 2019 WL 7143664 at *4 (citations omitted). What unprivileged and relevant information these unidentified persons may have cannot be determined when Plaintiffs' counsel refuses to identify them.

These are not unusual questions. Deponents do not get to unilaterally, without cause, refuse to answer valid questions. They cannot refuse to answer questions because of alleged "physical security concerns." This is especially true when Plaintiffs have taken the contrary position in Court filings regarding Mr. Hifter's security concerns (wherein he faces execution for the discovery Plaintiffs have requested from him). *See* Dkt. No. 122, at 4 (arguing Mr. Hifter's fear of the *statutory* death penalty of the Libyan Military Penal Code is unpersuasive at to Mr. Hifter's fear and hardship). Yet, Plaintiffs now insist, without offering any actual basis, there is a security threat to third parties, including ones outside of Libya, if their names are disclosed in this litigation. Moreover, Plaintiffs' platitudes about the TVPA are illogical. *See* Dkt. No. 140, at 8. They argue, should this discovery be allowed, then the TVPA will be gutted. *Id.* Yet, in other pleadings, they argue exactly the opposite as they request this Court order Mr. Hifter place his life in mortal danger to sit for a deposition.

As these questions remain unanswered, Mr. Hifter moves this Court to compel those answers and extend discovery to accommodate Plaintiffs' continuing discovery obligations, including the right to depose such additional persons that may be discovered to have relevant information.

In their Motion for Protective Order, Plaintiffs discuss two persons they argue do not have discoverable information. *See* Dkt. No. 140, at 4-5 (discussing a third party non-lawyer and foreign attorney that assisted on the case). Plaintiffs confuse the issue here. It is always permissible to inquire as to who Plaintiffs in a case are

5

talking to, including their counsel. Only the substance of those conversations is protected by attorney-client privilege.

Plaintiffs, to avoid this issue, argue these unidentified persons have no discoverable information and Mr. Hifter must take their word and move on. *See* Dkt. No. 140, at 4-5 (asserting the role of these persons and that counsel tried to offer to explain during the deposition). These persons' names and locations are not protected from disclosure. There was no protective order in place or pending motion for a protective order when the deposition took place and the questions asked were entirely legitimate. Now, Plaintiffs seek to downplay that their refusal to answer questions resulted in this motion and the cancellation of multiple other depositions. *Id.*

Plaintiffs are correct that their allegations are not made in a vacuum. *Id.* at 7. Plaintiffs are *incorrect* that they can assume someone is a war criminal or assume allegations are credible. Credibility is not determined by Plaintiffs; and it certainly cannot form the basis of assuming a danger to another based on *zero* actual evidence.

Finally, Plaintiffs argue the discovery deadline will have passed by the time this motion is heard and there is no good cause for extending or reopening discovery. *See* Dkt. No. 140, at 8-10. Plaintiffs own pleading exemplifies why there is excusable delay as they are the reason it took so long to schedule these depositions. *See* Exhibit B to Pls.' Mot. (showing Mr. Hifter's counsel reached out on August 26, 2021, to schedule depositions). Plaintiffs took until September 28, 2021, over a month, to respond they could be available the last week of discovery. *See* Dkt. No. 140, Exhibit D. Plaintiffs attempt to place the blame on Mr. Hifter for scheduling is disingenuous.

This is not a game. Plaintiffs cannot hide relevant and responsive information while running down the clock to complete their obstruction.

Due to the confusing issues presented by Plaintiffs' refusal to answer questions relating to communications, Mr. Hifter requests Plaintiffs provide a privilege log for all communications being withheld on the basis of privilege. Mr. Hifter specifically requests a privilege log for communications of litigation counsel pre-filing of Plaintiffs' complaint as well as one for non-litigation counsel pre and post-filing of Plaintiffs' complaint through the time of trial.

## CONCLUSION

Mr. Hifter has a right to discover all persons that may have discoverable information. This Court must not assist Plaintiffs in their attempts to hide the ball from Mr. Hifter as to what actually occurred in Libya and who has that knowledge or information. This Court should deny Plaintiffs' Motion for Protective Order; and order Plaintiffs to complete their depositions and answer all questions relating to who they have been in contact with regarding this lawsuit. Further, the Court should order Plaintiffs to supplement their responses to Mr. Hifter's interrogatories which asked for all persons that may have discoverable information as well as supplement their initial disclosures and provide a privilege log of communications with Plaintiffs. Additionally, Mr. Hifter respectfully requests discovery be extended for the limited purpose of obtaining such supplemental discovery and deposing these unnamed third parties, including extending discovery for persons who may be properly deposed after learning their identities. Finally, the Court should award attorneys' fees to Mr. Hifter

for having to bring this Motion to Compel, considering the lack of any legal basis to object to Mr. Hifter's questioning, ending the deposition for one plaintiff, and cancelling depositions scheduled the next day.

Dated: October 15, 2021                              Respectfully submitted,

/s/ Lindsay R. McKasson
Lindsay R. McKasson (VSB No. 96074)
Jesse R. Binnall (VSB No. 79292)
Jason C. Greaves (VSB No. 86164)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
Email: lindsay@binnall.com
         jesse@binnall.com
         jason@binnall.com

*Attorneys for Defendant Khalifa Hifter*

## MEET AND CONFER CERTIFICATE

I certify that Defense counsel and Plaintiffs' counsel have met and conferred about the issues contained herein.

Dated: October 15, 2021     /s/ Lindsay R. McKasson
Lindsay R. McKasson

*Attorney for Defendant Khalifa Hifter*

## CERTIFICATE OF SERVICE

I certify that on October 15, 2021, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

Dated: October 15, 2021     /s/ Lindsay R. McKasson
Lindsay R. McKasson

*Attorney for Defendant Khalifa Hifter*