# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MUNA AL-SUYID, individually and on behalf of the estates of her family members ABDEL SALAM AL-SUYID, IBRAHIM AL-SUYID, KHALID AL-SUYID and MUSTAFA AL-SUYID, and ABDALLA AL-KRSHINY, AHMAD AL-KRSHINY, MAHMUD AL-KRSHINY, and IBRAHIM AL-KRSHINY, individually and on behalf of his family member ALI AL-KRSHINY and MUSTAFA AL-KRSHINY, | : : : : : : : : : : : | |
| | : : | Civil Action No. 1:20-cv-00170-LMB-JFA |
| Plaintiffs, | : : | |
| v. | : : | |
| KHALIFA HIFTER, | : : | NOVEMBER 8, 2021 |
| Defendant. | : : : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
<u>RECONSIDERATION OF ORDER TO STAY PROCEEDINGS</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

   A.   Factual and Procedural Background ................................................................................. 1

   B.   Legal standard .................................................................................................................... 3

   C.   Argument .......................................................................................................................... 4

      i.   This Court already decided that head-of-state immunity and the political question doctrine are legally inapplicable to this case. ................................................................. 4

      ii.   The GNA Letter should not impact this Court's prior decisions. ................................... 6

   D.   Conclusion ........................................................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
  99 F.R.D. 99 (E.D. Va. 1983) ................................................................................................4

*American Canoe Ass'n v. Murphy Farms, Inc.*,
  326 F.3d 505 (4th Cir. 2003) .............................................................................................3, 4

*Clinton v. Jones*,
  520 U.S. 681 (1997) ..............................................................................................................6

*Elzagally, et al. v. Hifter et al.*,
  19 Civ. 853 (Sept. 29, 2020 E.D. Va.) ......................................................................... passim

*Fayetteville Investors v. Commercial Builders, Inc.*,
  936 F.2d 1462 (4th Cir. 1991) ..............................................................................................3

*Potter v. Potter*,
  199 F.R.D. 550 (D. Md. 2001) ..............................................................................................4

*Sejman v. Warner-Lambert Co.*,
  845 F.2d 66 (4th Cir. 1988) ..................................................................................................4

*United States v. Smithfield Foods, Inc.*,
  969 F. Supp. 975 (E.D. Va. 1997) ........................................................................................4

*Ye v. Zemlin*,
  383 F.3d 620 (7th Cir. 2004) ................................................................................................5

*Yousuf v. Samantar*,
  699 F.3d 763 (4th Cir. 2012) ................................................................................................5

**Rules**

Fed. R. Civ. P. 54(b) ...................................................................................................................3, 4

Plaintiffs Muna al-Suyid, individually and on behalf of her family members Abdel Salam al-Suyid, Ibrahim al-Suyid, Khalid al-Suyid and Mustafa al-Suyid, and Abdalla al-Krshiny, Ahmad al-Krshiny, Mahmud al-Krshiny and Ibrahim al-Krshiny, individually and on behalf of their family members Ali al-Krshiny and Mustafa al-Krshiny, respectfully move for reconsideration of the Court's November 4, 2021 Order (Dkt. 175) (the "November 4, 2021 Order") staying the above-captioned action as well as the related two actions (*Elzagally, et al. v. Hifter*, 1:19-cv-00853-LMB-MSN and *Hamza, et al. v. Hifter,* 1:20-cv-01038-LMB-JFA).

### A. Factual and Procedural Background

The Court's November 4, 2021 Order had its genesis in a discovery dispute. On October 12, 2021, defense counsel unilaterally terminated plaintiff Ibrahim al-Krshiny's deposition after defense counsel asked the deponent for the names *and* locations of individuals with whom al-Krshiny had communicated about this litigation. (Declaration of Kevin T. Carroll ¶¶ 3-7, attached hereto as Exhibit 1.) Plaintiffs' counsel objected and instructed the witness not to answer insofar as the question sought the name and location of the individual(s) with whom he communicated. Defense counsel then unilaterally cancelled the depositions of three additional Plaintiffs scheduled for October 13, even though plaintiffs' counsel suggested contacting the Court's chambers to get a ruling on this disputed issue. *Id.*

Subsequently, the parties filed their respective Motions for Protective Order (Dkt. 139) and to Compel (Dkt. 147) regarding the identities and locations of plaintiffs' counsel's agents, who facilitated communication between undersigned counsel of record and their clients. On October 22, upon hearing arguments, Magistrate Judge Nachmanoff partially granted plaintiffs' Motion for Protective Order, precluding defendant from inquiring into the identities and locations of the said individuals but allowing defendant to depose the three remaining plaintiffs

1

(Mahmud, Abdalla, and Ahmad al-Krshiny), whose depositions defendant's counsel previously unilaterally cancelled.  (Dkt. 164.)  Shortly thereafter, defendant filed his Objections to the Magistrate Judge's Order dated October 22, granting plaintiffs' Motion for Protective Order.  (Dkt. 165.)  Plaintiffs filed their opposition to the same on October 27.  (Dkt. 170.)  On October 29, this Court heard argument on defendant's Objections to the Magistrate Judge's Order dated October 22.  (Dkt. 171.)

On Monday, November 1, this Court issued an Order granting in part defendant's objections.  (Dkt. 173) (the "November 1, 2021 Order.")  As requested by Defendant, the November 1 Order permitted defendant to inquire about the identities of the persons with whom plaintiffs spoke in preparation for their depositions and further allowed defendant to re-depose Ibrahim al-Krshiny.

Plaintiff Abdalla al-Krshiny's deposition was scheduled for November 3, and plaintiffs Mahmud and Ahmad al-Krshiny's depositions were scheduled for November 4.  Concerned about the potential risk to plaintiffs' counsel's agent's family and conscious of the time-sensitivity of the matter, on November 1, plaintiffs' counsel explored the possibility of an interlocutory appeal of the Court's November 1, 2021 Order and concluded that such relief is unavailable.  Carroll Decl. ¶ 10.  Counsel then raised with his foreign-attorney's agent whether the Libyan Government of National Accord (GNA) would be willing to file a Statement of Interest in this case to emphasize the safety risk which would arise from the potential disclosure of the identities of these individuals.  *Id.*  Counsel suggested that the GNA address their concerns in a Statement of Interest letter to the Court.

Plaintiffs' counsel did not inform counsel for plaintiffs in the *Elzagally et al.* and *Hamza et al.* cases about having solicited the GNA Letter, and neither defense counsel nor counsel for

2

these plaintiffs were aware of the GNA Letter until the Court issued its November 4, 2021 Order. Carroll Decl. ¶ 13.  Undersigned Plaintiffs' counsel mistakenly believed that the letter would be docketed and that defendant's counsel and counsel for plaintiffs in the other cases would be informed of its submission upon docketing, *see id.*, but now recognize this was not the appropriate means for the Statement of Interest to have been presented to the Court.  The undersigned notes that the depositions of Plaintiffs Ahmad, Mahmoud, and Abdalla al-Krshiny went forward as scheduled on November 3 and 4, in accordance with the Court's prior Orders.

As noted above, on November 4, 2021, the Court issued an Order staying proceedings in this case and in the related *Elzagally* and *Hamza* cases.  (Dkt. 175.)  The Court referred to a letter received from the GNA (Dkt. 176) (the "GNA Letter") as the basis for its decision to issue the Order.  As of November 4, all proceedings in the three case are stayed.

### B. Legal standard

A motion seeking reconsideration of an order before the entry of final judgment is governed by Fed. R. Civ. P. 54(b), which provides:

> Any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

A district court retains the discretion to reconsider or modify a grant of a partially dispositive motion at any time prior to the entry of final judgment.  *See American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); Fed. R. Civ. P. 54(b)).

3

A court should exercise discretion when entertaining a motion to reconsider to avoid unending motion practice. *See Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). Under Rule 54(b), a motion for reconsideration generally should be limited to instances where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension .... [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997).

The Fourth Circuit has also held that reconsideration is also appropriate where "a subsequent trial produces substantially different evidence" or "the prior decision was clearly erroneous and would work manifest injustice." *American Canoe*, 326 F.3d at 515 (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). Generally, a court will not entertain a motion to reconsider when the motion asks the court to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101.

### C. Argument

#### i. This Court already decided that head-of-state immunity and the political question doctrine are legally inapplicable to this case.

Plaintiffs acknowledge that this Court has substantial discretion in managing its docket. Plaintiffs' reason for filing the instant motion, for the Court to reconsider its November 4, 2021 Order, is that the Court *sua sponte* issued a stay without a defense motion, thereby providing relief that neither party had requested or briefed. The letter (Dkt. 176) that prompted the Court to stay the proceedings in this case and the *Elzagally* and *Hamza* cases, related to a discovery issue that admittedly was mishandled by undersigned counsel but has since been resolved.

4

It is important to note that this Court twice previously, and correctly, concluded that defendant is not entitled to the benefit of head-of-state immunity.  (Dkt. 106.)  The Court agreed with plaintiffs that while it recognizes that head-of-state immunity "is of an absolute nature and applies even against *jus cogens* claims" (*Yousuf v. Samantar,* 699 F.3d 763, 776 (4th Cir. 2012)), courts should defer to the Executive Branch's suggestion whether a defendant enjoys such immunity.  *Id*.  (citing *Ye v. Zemlin*, 383 F.3d 620, 624-25 (7th Cir. 2004)).  (*See,* Dkt. 99 at 15) (Plaintiffs' Motion to Strike Affirmative Defenses.)  Consistent with these principles, this Court twice informed the State Department that defendant "assert[ed] head-of-state immunity" in this case, (see Dkt. 53 ("First Solicitation"); Dkt. 84 ("Second Solicitation")); and the State Department twice declined to submit a Statement of Interest supporting defendant's unfounded assertion.  *See* (Dkt 54) ("Terwilliger Letter"); (Dkt. 93) ("Parekh Letter").  As of the date of this motion, the United States Government still has not asserted any interest in this case or supported defendant's assertion that he is entitled to head-of-state immunity.

For the same reasons, this Court also previously ruled that this case does not involve a political question, thereby striking defendant's affirmative defense of the political question doctrine.  (Dkt. 106).  As stated, the Court sent its First Solicitation to the State Department on October 26, 2020; the First Solicitation invited the State Department to share its views because "adjudicating th[is] action may have implications for the foreign relations of the United States."  First Solicitation at 2.  On January 4, 2021, the State Department responded with a declination.  *See* Terwilliger Letter.  In deference to the new Presidential Administration, on April 5, 2021, this Court again invited the State Department to provide its views on the case, noting that a decision by this Court "could have significant diplomatic implications for the foreign policy of the United States."  Second Solicitation at 2.  Again, the State Department declined to submit a

5

Statement of Interest on behalf of defendant. *See* Parekh Letter. The Court agreed with plaintiffs that by twice rejecting this Court's invitation to submit a Statement of Interest, the State Department made unequivocal its view that no political question within the exclusive domain of the Executive Branch exists warranting dismissal of this suit, and this Court should recognize the effect of the Parekh Letter as extinguishing both defendant's First and Second Affirmative Defenses. *See* Transcript at 30, *Elzagally, et al. v. Hifter et al.*, 19 Civ. 853 (Sept. 29, 2020 E.D. Va.) (Dkt 44) ("Tr."). ("[If [the State Department doesn't do anything in response to this Court's invitation to voice any position], then I'm going to assume the U.S. government doesn't have any concern about [the asserted political question doctrine problem].")

### ii. The GNA Letter should not impact this Court's prior decisions.

As discussed above, undersigned counsel acknowledges that counsel did not follow proper procedure with respect to presenting the GNA Letter of November 2, 2021 to the Court, and sincerely regrets that error. However, nothing in the GNA Letter, which focused on a discrete issue involving certain depositions, undermines the Court's prior analysis as to head-of-state immunity and the political question doctrine. Specifically, nothing in the GNA Letter suggests that defendant is entitled to head-of-state immunity, nor that this case involves a nonjusticiable political question.

Plaintiffs are not affiliated with the Libyan government. The Libyan government's interests do not dictate plaintiffs' claims or their litigation strategy. Indeed, this is not a political case but a *war crimes* action. Moreover, even assuming *arguendo* that plaintiffs' case had political implications, such implications would be irrelevant. *See Clinton v. Jones,* 520 U.S. 681 (1997).

Plaintiffs note that, in accordance with their discovery obligations, they sat for depositions on November 3 and 4, allowing defendant a second chance to ask questions after his

counsel unilaterally cancelled their depositions on October 12. In contrast, defendant cancelled his deposition and refused to be deposed three times; his counsel has stated on the record that, despite the Federal Rules and any order of this Court, he will not produce defendant for deposition. (Dkt. 124 at 13.) Plaintiffs further note that the applicable Scheduling Order (Dkt. 110), as extended (Dkt. 158), provides for the completion of discovery by November 12—weeks before potential Libyan elections on December 24, 2021. Since discovery is almost concluded with only defendant's deposition—scheduled for November 9—remaining, plaintiffs respectfully request that the Court reconsider its November 4, 2021 Order to stay the matter pending the outcome of the Libyan election.

### D. Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court reconsider its Order to stay the instant action pending the results of the Libyan election.

Dated: November 8, 2021

    Respectfully Submitted,
    **WIGGIN AND DANA LLP**

    By: */s/ Kevin T. Carroll*
    Kevin T. Carroll (VSB #95292)
    Joseph G. Grasso (*pro hac vice*)
    Sarah E. York (VSB #91181)
    Wiggin and Dana LLP
    800 17th Street, NW, Suite 520
    Washington, DC 20006
    kcarroll@wiggin.com
    jgrasso@wiggin.com
    syork@wiggin.com
    Phone: 202-800-2475
    Facsimile: 212-551-2888

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I filed the above with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Jesse R. Binnall (VSB #79292)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
jesse@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930

Lindsay R. McKasson (VSB #96074)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
lindsay@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930
*Counsel for Defendant*

 */s/ Kevin T. Carroll*
 Kevin T. Carroll

 *Counsel for Plaintiffs*