# EXHIBIT 1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| MUNA AL-SUYID, individually and on behalf of the estates of her family members ABDEL SALAM AL-SUYID, IBRAHIM AL-SUYID, KHALID AL-SUYID and MUSTAFA AL-SUYID, and ABDALLA AL-KRSHINY, AHMAD AL-KRSHINY, MAHMUD AL-KRSHINY, and IBRAHIM AL-KRSHINY, individually and on behalf of his family member ALI AL-KRSHINY and MUSTAFA AL-KRSHINY, | |
| Plaintiffs, | Civil Action No. 1:20-cv-00170-LMB-MSN |
| v. | |
| KHALIFA HIFTER, | NOVEMBER 8, 2021 |
| Defendant. | |

**DECLARATION OF KEVIN T. CARROLL IN SUPPORT OF
<u>PLAINTIFFS' MOTION FOR RECONSIDERATION</u>**

I, Kevin T. Carroll, counsel for Plaintiffs Muna al-Suyid, individually and on behalf of her family members Abdel Salam al-Suyid, Ibrahim al-Suyid, Khalid al-Suyid and Mustafa al-Suyid, and Abdalla al-Krshiny, Ahmad al-Krshiny, Mahmud al-Krshiny and Ibrahim al-Krshiny, individually and on behalf of their family members Ali al-Krshiny and Mustafa al-Krshiny hereby state as follows:

1. I am over 18 years of age, and otherwise competent to make this declaration. The statements set out below are based on my personal knowledge.

2. I am a litigation attorney at the law firm of Wiggin and Dana. I serve as counsel for Plaintiffs in the case *al-Suyid et al., Hifter*, No. 1:20-cv-00170-LMB-JFA. As such, I am familiar with the facts of this case.

3. On October 12, 2021 defense counsel deposed Plaintiff Ibrahim al-Krshiny and during the deposition asked for the identity and location of any foreign counsel who communicated with al-Krshiny regarding this case. (Al-Krshiny Dep. at 9:25; 11:7-8, Oct. 12, 2012, attached hereto as Exhibit A.)

4. I instructed Plaintiff Ibrahim al-Krshiny not to answer the question on the basis that disclosing counsel's foreign colleague's or agent's identities and locations could pose extreme risks to their families in the context of this litigation and Defendant's role in Libya's civil war. (*Id*. at 10:21-11:11.)

5. Counsel conferred off the record, during which defense counsel alleged that Plaintiffs and those assisting them were agents of the Muslim Brotherhood. Upon information and belief, they are not. Counsel's reference reinforced my concerns, as the Muslim Brotherhood is an organization which Defendant—publicly pledged to "cleanse" from Libya.[1]

6. Defense counsel declined Plaintiffs counsel's suggestion that we call chambers together for assistance in resolving the dispute. Defense counsel then announced his decisions to suspend all depositions in this case and to file a motion to compel (*id*. at 14:8-17). Defendant also moved to extend discovery, the period for which had expired, while Plaintiffs moved for a protective order regarding the information sought by Defendant. (Dkts. 139 and 147.)

7. On October 22, 2021 the Honorable Michael S. Nachmanoff granted Defendant's motion to extend discovery, while granting Plaintiffs' protective order regarding the names and locations of their attorneys' foreign colleagues. (Dkt 162.) Defendant then appealed, inter alia, Judge Nachmanoff's grant of a protective order. (Dkt. 165.)

8. On the morning of October 29, 2021, I understood this Court to have verbally denied Defendant's appeal of Judge Nachmanoff's protective order. My understanding was apparently in error because later that day, the Court issued a written Order granting in part, and denying in part, Defendant's appeal of Judge Nachmanoff's decision. It Ordered "that Defendant may re-depose Plaintiff Ibrahim al-Krshiny and ask who he spoke with to prepare for the deposition, but Defendant may not ask about the location of any person with whom he spoke." (Dkt. 172.)

9. This order was electronically published on PACER and I received a notification of its publication via email at 8:16am on Monday, November 1st. The next deposition of a Plaintiff was scheduled for 2:00pm on November 3rd.

10. Upon receipt of the order, I remained concerned about the lives of a colleague's family and also concluded after research that an interlocutory appeal was likely unavailable. Later that night, I raised with foreign counsel who maintains contacts

---

[1] *General Haftar vows to "cleanse" Libya of Muslim Brotherhood*, DEUTSCHE WELLE (May 20, 2014).

DECLARATION OF KEVIN T. CARROLL            3

      with the Government of National Accord (GNA) of Libya the possibility of the GNA filing a Statement of Interest in this case regarding the safety of my colleague's family.

11. Due to the time-sensitivity of the matter, and that fact that I do not represent the GNA, which is not a party to this case, I suggested that if such a letter was to be sent by the GNA, it be mailed by them to this Court's chambers, with a courtesy copy sent via email to the judicial law clerk assigned to the case.

12. At 8:52pm on November 2nd, I received word from Mohammed Ali Abdallah, Libya's Special Envoy to the U.S., that "The below letter was sent to the court this evening." This is the letter referenced at Dkt. 175, which discusses the "credible threat" to the life of an employee of a United Nations-accredited human rights organization, and the lives of his relatives "who currently reside in areas where they could be subjected to direct danger from the Defendant's associates." (Dkt. 176.)

13. I did not inform counsel for plaintiffs in the *Elzagally et al.* and *Hamza et al.* cases about having solicited the GNA Letter, and neither defense counsel nor counsel for those plaintiffs were aware of the GNA Letter until the Court issued its November 4, 2021 Order. I mistakenly believed that the GNA Letter would be docketed and that Defendant's counsel and counsel for plaintiffs in the other cases would be informed of the letter's submission upon docketing. I now recognize this was not the appropriate means for the Statement of Interest to have been presented to the Court.

14. Immediately before the November 3 2:00pm deposition of Abdalla al-Krshiny, I checked the docket, and learned that nothing related to the GNA's November 2nd letter had yet appeared. I therefore called this Court's chambers to see if the GNA's letter had been received, and if so, if it had changed the Court's order received on November 1st. Told by a law clerk that it had been received but not resulted in a change to the Order, I proceeded with the deposition according to the Court's Order.

15. I should have sent a courtesy copy of the letter that I received from the GNA on the evening of November 2nd to defense counsel and co-counsel, invited defense counsel and co-counsel to call chambers jointly regarding the letter, and fashioned a motion for reconsideration in light of the supplemental information, giving others the opportunity to respond before the Court considered the letter through motion practice. I apologize to the Court and to counsel for not having done so.

    I declare under the penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated the 8th day of November 2021, at Washington D.C., the United States.

                                             */s/ Kevin T. Carroll*
                                             Kevin T. Carroll

DECLARATION OF KEVIN T. CARROLL        4