UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| AIDA ELZAGALLY *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19-cv-00853 (LMB/MSN) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| MUNA AL-SUYID *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:20-cv-00170 (LMB/MSN) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## JOINT MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION TO LIFT STAY OF PROCEEDINGS

Plaintiffs Elzagally, et. al. and Suyid, et. al., by counsel, submit this Memorandum in Support of their Motion to Lift Stay of Proceedings, stating as follows:

### I.     BACKGROUND

The factual background for both of these cases has been extensively briefed. In October 2014, troops of the Libyan National Army ("LNA"), under orders from Defendant Khalifa Hifter, stormed the Suyid and Krshiny family homes, killed several of their family members, and tortured and/or executed the survivors without trial. In April 2019, Msaddek Tunalli, Mufida Sasi Abu Gasiah, and Dr. Ayman Al-Harramah were killed by bombings in Libya. The Plaintiffs in

1

these cases are the surviving family members of the dead who allege that an American citizen is responsible for the deaths of their loved ones. Due to the inadequacy of the Libyan judicial system, the unavailability of a remedy in the Libyan courts, and the concomitant instability of the Libyan political system, Plaintiffs sought redress in the Federal Courts of the United States under the Torture Victim Protection Act.

The procedural history of these cases demonstrate every appropriate sensitivity toward the compelling considerations of executive branch control over foreign affairs, possible affirmative defenses based on privilege doctrines, and the inherent difficulties in a case involving exterritorial conduct. However, the executive branch twice declined invitation to express an opinion or otherwise intervene in these cases and the Defendant failed at the motion to dismiss stage.

With the cases given the green light to proceed, the Defendant has unsuccessfully argued that he is protected by the state secrets privilege, sovereign immunity, principles of international comity, and hardship under Libyan law. Despite having these arguments rejected at nearly every turn, Defendant has continually resisted court orders compelling production and deposition. Following a notice of deposition by Plaintiffs, the Defendant then announced to the Court in a motion for a protective order that he was running for office as President of Libya. *Elzagally* ECF No. 93.

These two cases were consolidated with one other case against the same Defendant for the limited purpose of managing discovery matters. One of the Counsel for *al-Suyid* Plaintiffs procured an *ex parte* communication, the emailed statement of a Libyan government official to chambers. Order, *al-Suyid v. Hifter*, No. 1:20-cv-170, (E.D.V.A. Nov. 4, 2021), ECF No. 175.

2

Following that improper communication, on November 4, 2021, this Court ordered that all further conduct in that case and the two related cases, two of which are the present ones, be stayed until the conclusion of Libya's upcoming election, which was then scheduled for December 24, 2021. *Id.*

On March 11, 2022, this Court granted a motion lifting the stay in one of the related cases. Order, *Hamza v. Hifter*, No. 1:20-cv-1038, (E.D.V.A. Mar. 11, 2021), ECF No. 106.

## II.   ARGUMENT

At the time these cases were stayed, the Court cited concerns that litigation against the Defendant was being used to influence the political situation in Libya. Order, *al-Suyid v. Hifter*, No. 1:20-cv-170, (E.D.V.A. Nov. 4, 2021), ECF No. 175. The Court further noted that "[i]t is now clear that this litigation is too closely intertwined with the elections in Libya. It is therefore not appropriate to continue expending judicial resources until the political situation in Libya is more stable." *Id* at 3. The Elzagally Plaintiffs appreciated the Court's concern and did not request reconsideration or otherwise object to that Order. Counsel for *al-Suyid* did file a Motion to Reconsider and supporting memorandum on November 8, 2021 which included an acknowledgement of failure to follow proper procedure and offered clarification for Counsel's *ex parte* communication. *Al-Suyid* ECF. 177 and 178.  The Court denied the motion on December 3, 2021.  *Al-Suyid* ECF. 182.

The Libyan election scheduled for December 24, 2021 has since been cancelled.[1]

_____

[1] Ahmed Elumami and Ayman al-Warfali, *Libyan election collapses with no plan out of crisis*, Reuters (Dec. 22,

(Plaintiffs' Exhibit 1). No new date has been set, and after a decade of political instability and false starts, it is highly unlikely that these elections will be held within any reasonable timeframe:

> Libya's High National Election Commission recommended that elections be held a month later, in January, a timeline promptly ruled out by the parliament, which argues an election is pointless until a consensus has been reached on major disagreements. But that could mean an indefinite delay.[2] (Plaintiffs' Exhibit 2).

Given this material change in the Libyan political situation and the return to what was essentially the status quo at the outset of these cases, the circumstances justifying the stay no longer exist. This Court has recognized this in granting a motion to lift the stay in *Hamza*.

This Court has the inherent power to stay proceedings as part of its control over its own docket. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Following the cancellation of the Libyan elections, that balance has shifted toward the interests of the Plaintiffs in having their cases heard, and Defendant's concerns about the ability for these cases to influence elections in which he is a participant are ameliorated.

## CONCLUSION

For the above stated reasons, Plaintiffs respectfully request that they be granted an order

---

2021, 9:33 AM), https://www.reuters.com/world/africa/libyan-parliament-committee-says-presidential-election-not-possible-2021-12-22/.

[2] Anchal Vohra, *Elections Can't Fix What's Wrong With Libya*, Foreign Policy (Jan. 4, 2022, 9:34 AM), https://foreignpolicy.com/2022/01/04/libya-elections-not-solution-haftar-qaddafi-dbeibah/.

lifting the stay of proceedings.

Dated: March 24, 2022

Respectfully Submitted,

/s/ Faisal Gill
Faisal Gill (#VSB 93255)
Gill Law Firm
1155 F Street NW, Suite 1050
Washington DC 20005
202-570-8223
202-318-5331 (fax)
fgill@glawoffice.com
Counsel for Elzagally Plaintiffs

/s/ Sarah York
Sarah E. York (VSB #91188)
Joseph G. Grasso (*Pro Hac Vice*)
Wiggin and Dana LLP
800 17th Street, N.W., Suite 520
Washington, D.C. 20006
jgrasso@wiggin.com
syork@wiggin.com
Counsel for al-Suyid Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2022, a copy of the foregoing Memorandum in Support of Plaintiffs' Motion to Lift Stay of Proceedings was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Faisal Gill