IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MUNA AL-SUYID *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KHALIFA HIFTER, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 1:20-cv-00170 (LMB/JFA) <br><br> 1:19-cv-853 (Elzagally) <br> 1:20-cv-~~170~~ ~~(al-Suyid)~~ <br> 1038 (HAMZA) |

### [~~PROPOSED~~] PROTECTIVE ORDER

IT APPEARING TO THE COURT THAT:

A.  The Parties recognize that discovery in this case may call for the disclosure of personal and confidential information including but not limited to financial records, political records, confidential or sensitive communications, information relating to an ongoing civil war or the political status and structure of Libya now or previously, medical records, mental health treatment records, and other personal records;

B. The Parties also recognize that the unrestricted disclosure of such private and confidential information could be prejudicial to the Parties and non-parties and could compromise the rights of the Parties and non-parties alike;

C. This Protective Order is intended to facilitate discovery and to eliminate, where possible, disputes between the Parties concerning discovery issues by providing court-ordered protection for confidential, sensitive, and/or non-public information. It is not, however, intended to diminish the rights of any party to have

information to which it is entitled, pursuant to any rule or Order of this Court or otherwise;

D. The Parties have, through counsel, stipulated to the entry of this protective order pursuant to Federal Rule of Civil Procedure 26(c) to prevent unnecessary disclosure or dissemination of such confidential information; and

E. The Parties have shown good cause for entry of this Stipulated Protective Order;

IT IS, THEREFORE, ORDERED that:

1. **Confidential Material.** "Confidential Material" means any document, electronically stored information, testimony, or thing being produced in this litigation, whether formally or informally, that has been specifically marked as "Confidential Material" and that may, but does not necessarily, include any information that any Party (the "Designating Party") reasonably and in good faith believes constitutes or discloses information that is not available to the public and that constitutes or discloses: (1) official or diplomatic records of the State of Libya; (2) personnel or employment records of any person who is not a party to this case; (3) financial records; (4) medical records, (5) documents relating to the Libyan military or Libyan national security; or (6) other information, not available to the public, that would subject a party or third party to undue annoyance or embarrassment and that the Party or third-party can demonstrate a particular and specific need for protection from significant harm. This provision does not apply to any information already in the possession of, and which may later be produced or

used by, the Parties prior to the commencement of discovery, or which subsequently can be shown as having come into their possession outside of the discovery process.

2. **Designation.** Documents or information may be designated as Confidential Material under this Stipulated Protective Order by the person or entity producing it or by any Party to this action by placing or affixing the word "CONFIDENTIAL" on the document or information in a manner that will not interfere with its legibility or readability. Other than information addressed specifically by this Stipulated Protective Order, all materials produced in discovery, including all depositions and deposition testimony, are automatically treated as Confidential Material and Attorneys Eyes Only as detailed below in Paragraph 3(d) for a period of fourteen (14) days, after which time such materials will be treated as unprotected unless specifically designated as Confidential or Attorneys Eyes Only by a Designating Party. Such designation shall always be subject to challenge pursuant to Paragraph 6.

3. **Protection of Confidential Material.**

   a. Confidential Material may be used by the Party or Parties to whom it is produced only for the prosecution and/or defense of claims asserted in this action, which includes enforcement proceedings of any judgments in a U.S. court, but in any such judgment proceeding, the party seeking to submit the Confidential material must attempt to place the material under seal and give 21 calendar days' notice to the designating party to provide a reasonable opportunity to object and/or to seek appropriate remedy to limit the exposure of such material. It may not be used

by such Party or Parties for any other purpose, including but not limited to any use in any other country, state, federal, local and/or municipal, administrative or legal proceeding, lawsuit, enforcement action, arbitration, mediation, or other proceedings, regardless in nature of the relationship to the claims asserted to this action. ~~The Parties agree that this restriction prevents them from providing any information learned through discovery, including depositions, with the Plaintiffs and the Plaintiffs' counsel in *Elzagally et al. v. Hifter*, No. 1:19-cv-00853 and *Al-Suyid et al. v. Hifter*, No. 1:20-cv-00170, unless they have agreed to adhere to sufficiently similar terms as set forth in this Stipulated Protective Order and the Parties agree they are subject to such provisions~~. Confidential Material must not be made public at any time. All complete or partial copies of Confidential Material, and written materials summarizing or derived from Confidential Material, are also subject to the terms of this Stipulated Protective Order.

    b.     A non-Designating Party may disclose Confidential Material to only the following:

        i. With respect to Confidential Material described in paragraph 1, persons who appear on the face of the Confidential Material as an author, addressee, or recipient thereof;

       ii. With respect to Confidential Material described in paragraph 1, persons in whose files the Confidential Material was found;

      iii. Counsel of record for the Parties, and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation, consistent with the terms of Paragraph 3(c) below;

      iv. <u>The Parties, unless the Confidential Material has been marked "Attorneys Eyes Only"</u>;

4

  v. Any expert or consultant consulted or retained for the purposes of this litigation, consistent with the terms of Paragraph 3(c) below;

  vi. Personnel of third-party vendors engaged by the Parties to assist in (i) the translation of any documents or speech—provided that the identity of the translator is identified in advance with reasonable opportunity for the designating party to object; (ii) the coding, imaging, or other management of documents for purposes of this litigation; or (iii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial;

  vii. The Court and authorized Court personnel, including court reporters and videographers hired by the Parties at any deposition taken in this case;

  viii. Litigation support vendors; and

  ix. Jurors and witnesses at any hearing, deposition, or trial of this case, after such material has been approved by order of this Court. Pursuant to this requirement, a party wishing to show Confidential or Attorneys Eyes Only material to jurors or a witness in deposition or in open court must give prior notice of their intent to do so, and provide reasonable opportunity for the opposing party to object and seek an appropriate remedy.

  c. Before any Confidential Material may be disclosed to any person in Paragraph 3(b)(v), each such person must state under oath in a written document in the form of Exhibit "A" (attached) that he or she is fully familiar and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court with respect to any disputes arising under this Stipulated Protective Order. Counsel must maintain a file of the originals of each signed Exhibit "A".

d. **Attorneys' Eyes Only**. "Attorneys' Eyes Only" means any document, electronically stored information, testimony, or thing being produced in this litigation, whether formally or informally, and that includes information that any Designating Party reasonably and in good faith believes constitutes or discloses information that is of such a sensitive nature that its dissemination cannot adequately be protected by the Confidential Information designation. Such documents shall be marked "Attorneys' Eyes Only" and are subject to the same designation procedures as Confidential Material described above and below, except such documents may only be shared with counsel of record in this case—so long as they reside in and are licensed to practice law in the United States, or are English solicitors that have been admitted to the Eastern District of Virginia for this case *pro hac vice* or have subjected themselves to its jurisdiction by signing Exhibit "A" ~~, who are licensed to practice in and reside within the United States~~, and may not be shared with the Parties. ~~Mr. Hifter's deposition and transcript shall be designated as "Attorneys Eyes Only."~~ Only counsel of record, who are licensed to practice in and reside within the United States, or English solicitors who are admitted in this case *pro hac vice* or have subjected themselves to the jurisdiction of the Eastern District of Virginia by signing Exhibit "A", may attend Mr. Hifter's deposition and may view the transcript and/or the recording of the deposition, if any. *Plaintiffs' expert may attend subject to Section 3(c). The parties may attend for non-AEO portions of the deposition.*

4. **Disputes over Deposition Questions.** If there is an impasse over a line of questioning, the parties will suspend that line of questioning and move onto a new topic to complete the deposition before they contact a magistrate judge. It is agreed

that any time spent waiting to discuss and discussing such a dispute with the magistrate judge does not count towards the amount of time permitted by Local Rules or Orders of the Court with respect to the completion of the deposition. If judicial resolution of a dispute over a line of questioning cannot be obtained during the deposition, the Parties agree that the deposition will proceed, but held open, and the deponent will be made available to respond to the disputed questions within seven (7) days of a decision by the magistrate judge that any disputed question(s) should be answered.

    5.    **Filing of Confidential Material.** This Protective Order does not, by itself, authorize the filing of any document under seal. Any documents to be filed under seal must be done in accordance with Local Court Rule 5 and this Court's Amended Standing Order in regards to Procedure for Filing, Service, and Management of Highly Sensitive Documents.

    6.    **Challenges to Confidentiality and Attorneys Eyes Only Designations.**

    a.    A party may challenge the propriety of any "CONFIDENTIAL" or Attorneys Eyes Only designation under this Protective Order at any time. A challenge may be made by serving the Designating Party with a captioned notice of objection, which must identify with particularity the material as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").

    b.    Following service of a Notice of Objection, the Parties must timely confer in person or by telephone in good faith to resolve the challenge. In the event that the Parties are unable to resolve the challenge informally, the party challenging

7

the designation may file, on or before the fourteenth (14th) calendar day after service of a Notice of Objection, a motion to re-designate the challenged material, accompanied by a certification that the Parties conferred in good faith prior to the filing of the motion. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection.

   c. The original designation remains effective until the Court has ruled on the motion and during the period while any timely-filed objections are under consideration by the Court, as provided in Fed. R. Civ. P. 72(a).

  7. **Modification of this Order.** The Parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The Parties agree to meet and confer before seeking to modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may be modified or terminated only by written stipulation of all Parties or by order of this Court.

  8. **Obligation Upon Termination of Litigation.** This Stipulated Protective Order will survive the termination of this action.

   a. Upon final termination of the action, including appeals and retrials, all Confidential and Attorneys Eyes Only Material, including deposition testimony regarding designated exhibits and all copies thereof, must, at the option of the Designating Party, either be returned to counsel for the Designating Party or be destroyed. Each party's compliance with this provision must be certified by that

party's counsel of record, who must deliver such certification to counsel for the Designating Party not more than 30 days after the termination of this action.

      b.    Notwithstanding the provisions for return or destruction of Confidential or Attorneys Eyes Only Material, counsel of record may retain pleadings and attorney or expert/consultant work product containing Confidential Material.

9.    **Privilege Waiver and Inadvertent Disclosures.**

      a.    The inadvertent disclosure of a document subject to a claim of attorney-client privilege, work product protection, or other applicable privilege or protection is not a waiver of privilege or of protection from discovery in this case or in any other federal or state proceeding. For example, the mere disclosure of privileged or work product protected documents in this case as part of a mass production will be considered inadvertent and will not, by itself, constitute a waiver in this case or in any other federal or state proceeding. This Order should be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

      b.    A Party or Non-Party seeking protection for disclosed documents subject to a claim of attorney-client privilege, work product protection, or other applicable privilege or protection under this Order is not required to show that reasonable steps were taken to avoid the inadvertent disclosure of such documents or information. The Receiving Party, upon receiving notice that privileged or protected documents have been produced (a "clawback" notice), (1) must promptly return, sequester or destroy the specified information and any copies it may have, including by deleting or otherwise permanently removing the specified information from any

systems used to house documents, including document review databases, e-rooms, and any other locations that store the document; (2) must not use or disclose the information until the claim is resolved; and (3) must take reasonable steps to retrieve the information if the party disclosed it before being notified.

    c. The Party or Non-Party seeking protection for the documents subject to the clawback notice must provide a privilege log for the documents subject to the notice within five business days, from which the Receiving Party can determine whether to challenge the claim of privilege or other protection for those documents. Such a challenge, however, may not allege that privilege was waived for the challenged documents because they were produced as part of a mass production.

    d. The Receiving Party may make no further use of the privileged or protected documents during any aspect of this matter or any other matter, including in depositions or at trial, unless the privileged or protected documents are later designated by a court as not, or no longer, privileged or protected. The contents of the privileged or protected documents must not be disclosed to anyone who was not already aware of their contents before the notice was made, except that, should the Receiving Party file a motion challenging the privilege designation of a document on grounds other than inadvertent production, the Producing Party may submit the challenged document under seal for the Court's *in camera* review when it files its response to that motion. If the Receiving Party has any notes or other work product reflecting the contents of the privileged or protected documents, the Receiving Party

may not review or use those materials unless a court later designates the privileged or protected documents as not, or no longer, privileged or protected.

10. **Latent Confidentiality Claims.** To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys Eyes Only material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, will not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice will constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

11. **Prior Production of Documents.** If a Producing Party produced any information or document prior to the effective date of this Order, then the Producing Party may designate, within twenty-one calendar days from the date of this Order, any information or documents as Confidential or Attorneys Eyes Only. The provisions of Paragraph 6 (Challenges to Confidentiality and Attorneys Eyes Only Designations) still apply to the designation of prior produced documents as Confidential or Attorneys Eyes Only. The Parties agree that, pending the resolution of any such

disputed matter, under Paragraph 6, they will treat the information or document as Confidential or Attorneys Eyes Only under the terms of this Order.

12. **Seeking Additional Relief.** Nothing herein prevents any party from seeking additional relief from the Court not specified in this Stipulated Protective Order.

13. **Asserting Privacy Rights.** Nothing herein prevents any non-party from asserting privacy rights as to documents or information held by the Parties.

14. **Jurisdiction.** The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

Entered on ___May 6, 2022___.

/s/ JFA
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| MUNA AL-SUYID *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00170 (LMB/JFA) |
| ) | |
| KHALIFA HIFTER, ) | |
| ) | |
| Defendant. ) | |

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

My full name is _____. My address is _____. I hereby acknowledge that I am to have access to information designated in this action as CONFIDENTIAL material, as permitted by the terms of the Parties' Stipulated Protective Order, in the above captioned action. I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered on May ___, 2022, under paragraph 3 (Protection of Confidential Material) thereof, and that I have been given a copy of and have read said Stipulated Protective Order and agree to be bound by the terms thereof. I further agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of Virginia regarding resolution of any matter pertaining to said Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Virginia that the foregoing is true and correct.

Dated:_____

Signature:_____

Print Name:_____