UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MUNA AL-SUYID, individually and on behalf of the estates of her family members ABDEL SALAM AL-SUYID, IBRAHIM AL-SUYID, KHALID AL-SUYID and MUSTAFA AL-SUYID, and ABDALLA AL-KRSHINY, AHMAD AL-KRSHINY, MAHMUD AL-KRSHINY, and IBRAHIM AL-KRSHINY, individually and on behalf of his family member ALI AL-KRSHINY and MUSTAFA AL-KRSHINY, | |
| | Civil Action No. 1:20-cv-00170-LMB-JFA |
| Plaintiffs, | |
| v. | |
| KHALIFA HIFTER, | MAY 20, 2022 |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR DEFAULT JUDGMENT</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

   I.    Factual Background ................................................................................................ 1

   II.   Procedural History ................................................................................................. 3

   III.  Legal Standard ....................................................................................................... 6

   IV.  Argument ................................................................................................................ 6

      a.   Defendant repeatedly failed to appear for his deposition. ................................. 6

         i.   Order by this Court and proper notice of deposition ..................................... 6

      b.   Defendant failed to provide necessary supplemental discovery responses and documents. ........................................................................................................ 7

         i.   Order by this Court ......................................................................................... 7

         ii.  Deficient supplemental responses ................................................................. 7

      c.   Defendant is acting in bad faith. ......................................................................... 9

      d.   Defendant's noncompliance with this Court's orders has caused extreme prejudice to Plaintiffs. .......................................................................................................... 9

      e.   There is need for deterrence of this particular sort of noncompliance. ........... 10

      f.   Less drastic sanctions would be ineffective. ................................................... 10

      g.   This Court has already determined appropriate damages. ............................. 11

   V.   Conclusion ............................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Elzagally et al. v. Hifter*,
    No. 1:19-cv-00853-LMB-JFA ...................................................................................4, 5

*Hamza et al. v. Hifter*,
    No. 20-cv-01038-LMB-JFA .............................................................................4, 5, 7, 10

*Hatchcock v. Navistar Int'l Transp. Corp.*,
    53 F.3d 36 (4th Cir. 1995) ...............................................................................................6

*Hudson Ins. Co. v. Persaud Companies, Inc.*,
    No. 1:13-CV-003, 2013 WL 6913230 (E.D.Va. Aug. 21, 2013)......................................6

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*,
    872 F.2d 88 (4th Cir. 1989) .............................................................................................6

*National Hockey League v. Metro. Hockey Club, Inc.*,
    427 U.S. 639 (1976)........................................................................................................10

*Wilson v. Volkswagen of Am., Inc.*,
    561 F.2d 494 (4th Cir. 1977) ...........................................................................................6

**Rules**

Fed. R. Civ. P. 37............................................................................................................................6

Fed. R. Civ. P. 37(b) .......................................................................................................................1

Fed. R. Civ. P. 37(b)(2)...................................................................................................................6

Fed. R. Civ. P. 55(a) .......................................................................................................................3

Fed. R. Civ. P. 55(b) .......................................................................................................................3

Local Civil Rules 7 and 37..............................................................................................................1

Pursuant to Federal Rule of Civil Procedure 37(b) and Local Civil Rules 7 and 37, Plaintiff Muna al-Suyid, individually and on behalf of her family members Abdel Salam al-Suyid, Ibrahim al-Suyid, Khalid al-Suyid and Mustafa al-Suyid, and Abdalla al-Krshiny, Ahmad al-Krshiny, Mahmud al-Krshiny and Ibrahim al-Krshiny, individually and on behalf of their family members Ali al-Krshiny and Mustafa al-Krshiny (collectively "Plaintiffs"), respectfully move this Court for an order of default as to liability with respect to all claims and for damages against Defendant Khalifa Hifter ("Defendant") for failure to appear for a duly noticed deposition and for failure to supplement discovery responses in violation of a previous orders entered by this Court. [Dkts. 127, 164, and 173.]

As set forth in the accompanying Declaration, attached hereto as Exhibit A, and described further below, Plaintiffs filed a well-pled complaint and have appeared before this Court no less than 3 times attempting in good faith to secure discovery and compel Defendant's deposition. Despite Plaintiffs' attempts, Defendant has failed to: 1) appear for properly noticed depositions, including the most recent deposition set for May 9, 2022; 2) produce adequate supplemental responses to Requests for Production as ordered by this Court; and 3) supplement his response to Interrogatory No. 13 with additional information as ordered by this Court.

Accordingly, Plaintiffs seek an order from the Court, entering a judgment of default against the Defendant as to liability with respect to all claims and for damages as described in the Proposed Order Granting Plaintiffs' Motion for Default Judgment, attached hereto as Exhibit B.

I.  **Factual Background**

Plaintiffs, the Suyids and Krshinys, are two families in Benghazi, Libya. Complaint [Dkt. 1] ("Compl.") ¶¶ 9-13. In October 2014, troops of the Libyan National Army ("LNA"),

1

under orders from Defendant, stormed the Suyid and Krshiny family homes, killed several of their family members, and tortured and/or executed the survivors without trial. *Id*. ¶¶ 26-46.

Defendant is a United States citizen, resident of the Eastern District of Virginia, and owner of significant assets in the District. *Id*. ¶¶ 17-18. Since 2014, Defendant has served as a field marshal in the LNA. *Id*. ¶¶ 24-25. In October 2014, the LNA launched an operation to kill named opponents in Benghazi, including members of Plaintiffs' families. *Id*. ¶¶ 26-27. Defendant's spokesperson and propogandist called for Plaintiffs to be "liquidated" and ordered that no prisoners be taken. *Id*. ¶¶ 26-27. LNA forces under the command of Defendant's immediate subordinates specifically targeted Plaintiffs either because they lived in Benghazi and/or because of their Turkish ethnicity. *Id*. ¶ 67.

LNA forces under the command of Defendant's immediate subordinates killed Mustafa and Khalid al-Suyid and kidnapped, tortured, and executed Abdel Salam and Ibrahim al-Suyid. *Id*. ¶¶ 31-32. The LNA also targeted – by name in a public announcement – the Krshiny family. *Id*. ¶¶ 27, 35. LNA forces killed two of the Krshiny's brothers-in-law at their family home and took six brothers as prisoners. *Id*. ¶ 36. Two of the prisoners were taken to Defendant's headquarters and beaten. *Id*. ¶¶ 37-38. One of them, Ibrahim, was tortured, including by electrocution, mutilated (losing an eye), and mock executed. *Id*. ¶¶ 39-43. The other, Mustafa, was tortured and later found dumped on a roadside after being executed, his hands still tied behind his back and a gunshot wound to the back of his head. *Id*. ¶ 44. Four other al-Krshiny brothers – Abdalla, Ahmad, Ali, and Mahmud – were captured by LNA forces under the command of Defendant's immediate subordinates, placed in a truck, and all shot while in custody in that vehicle, killing one of them. *Id*. ¶ 45.

These actions represent only a fraction of the war crimes Defendant – a United States citizen with a residence in this District – has perpetrated in Libya. Defendant's *jus cogens* violations are not a collateral and unintended consequence of the civil war in which the LNA, under his command, is engaged, but are instead one of his core tactics. *Id*. ¶¶ 5, 26. Indeed, the Court need only take Defendant at his word: "Never mind the consideration of bringing a prisoner here. There is no prison here. The field is the field, end of story." *Id*. ¶ 46 (quoting a video released by Defendant announcing that the LNA's opponents should be shown "[n]o mercy").

## II. Procedural History

Plaintiffs have previously briefed the court on various discovery disputes that arose between parties. [Dkts. 113, 122, 145.] For the sake of simplicity, Plaintiffs provide the below chart that identifies the key discovery-related developments relating to Plaintiffs' arguments contained in their instant motion.

| Date | Discovery Progress |
| --- | --- |
| May 1, 2020 | Plaintiffs requested clerk of court's entry of default pursuant to Fed. R. Civ. P. 55(a). [Dkt. 24.] |
| May 5, 2020 | Clerk of court entered default against Defendant. [Dkt. 25.] |
| May 22, 2020 | Plaintiffs filed their Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b). [Dkt. 27.] |
| June 17, 2020 | Mag. J. Anderson filed Reports and Recommendations, recommending entry of default judgment against Defendant for total of $80 million. [Dkt. 31.] |
| July 31, 2020 | Defendant's former counsel filed a notice of appearance. [Dkt. 32.] |
| July 19, 2021 | Court issued Rule 16(b) Scheduling Order, discovery deadline set for October 15, 2021. [Dkt. 110.] |
| July 22, 2021 | Plaintiffs served Requests for Production ("RFPs") and Interrogatories ("ROGs"). [S*ee* Dkt. 113-6, 7.] |
| Aug. 6, 2021 | Defendant served his objections to Plaintiffs' RFPs and ROGs. |
| Aug. 19, 2021 | Plaintiffs in good faith agreed to extend the deadline for Defendant's responses to RFPs and ROGs to September 3. |

| Aug. 25, 2021 | Plaintiffs proposed to schedule Defendant's deposition between September 20 – October 3. |
|---|---|
| Aug. 26, 2021 | Defendant suggested a consolidated depo with related cases in *Hamza*[1] and *Elzagally*[2] to be taken on September 20. |
| Sept. 3, 2021 | Defendant made a woefully inadequate production of 55 pages.[3] Defendant failed to serve responses to ROGs. |
| Sept. 7, 2021 | Plaintiffs identified for Defendant specific issues in his responses to each RFP, and addressed his failure to serve responses to ROGs. |
| Sept. 9, 2021 | At Parties' meet and confer, Defendant's counsel promised to supplement responses to RFPs and to provide an update on Defendant's responses to ROGs by September 10. |
| Sept. 10, 2021 | • Plaintiffs noticed Defendant's deposition for **September 22.**<br>• Defendant promised to serve responses to ROGs by September 15. |
| Sept. 15, 2021 | Defendant failed to serve responses to ROGs. |
| Sept. 17, 2021 | • Defendant confirmed that he would not sit for a deposition.<br>• Defendant promised to provide responses to ROGs "hopefully within a couple hours".<br>• Defendant later confirmed that he would not produce any responses to ROGs or supplemental responses to RFPs at least until September 19.<br>• Plaintiffs filed a Motion to Compel Defendant's deposition, responses to ROGs, and supplemental responses to RFPs. [Dkt. 113.] |
| Sept. 22, 2021 | • Defendant served responses to ROGs and first supplemental responses to RFPs.<br>• Defendant did not appear for his scheduled deposition. |
| Sept. 24, 2021 | Defendant filed a Motion for Protective Order, seeking to avoid being deposed. [Dkt. 116.] |
| Oct. 1, 2021 | Mag. J. Anderson ordered Defendant to respond to RFPs and ROG No. 13 within 14 days; and denied Defendant's Motion for Protective Order, thereby ordering him to be deposed. [Dkts. 127-128.] |
| Oct. 4, 2021 | For the second time, Plaintiffs noticed Defendant's deposition for **October 13.** |
| Oct. 6, 2021 | Defendant produced 3 additional pages in discovery.[4] |
| Oct. 8, 2021 | Defendant served an objection to Plaintiffs' notice of deposition for October 13. |

---

[1] *Hamza et al. v. Hifter*, No. 20-cv-01038-LMB-JFA.
[2] *Elzagally et al. v. Hifter,* No. 1:19-cv-00853-LMB-JFA.
[3] The first 52 pages of Defendant's production are an untranslated copy of the Libyan Military Penal Code and Libyan law related to military and state secrets. Pages 53-55 are Defendant's declaration that he presumably submitted in the related *Elzagally* case.
[4] This production was identical to Defendant's previous production from September 3, with the exception that a minor section that was previously erroneously applicable to the *Elzagally* case was revised according to the facts of the *al-Suyid* case.

| Oct. 13, 2021 | Defendant did not appear for his scheduled deposition. |
|---|---|
| Oct. 15, 2021 | - Discovery deadline expired.<br>- Plaintiffs filed a Motion to Compel Defendant's deposition. [Dkt. 144.]<br>- For the third time, Plaintiffs noticed Defendant's deposition for **November 1.** |
| Oct. 22, 2021 | Then-Mag. J. Nachmanoff granted Plaintiffs' Motion to Compel Defendant's deposition. [Dkt. 164.] |
| Oct. 22, 2021 | *Al-Suyid, Elzagally,* and *Hamza* cases were consolidated for discovery purposes. [Dkt. 163.] |
| Oct. 29, 2021 | - J. Brinkema ruled on Defendant's Motions Objecting to Mag. Judges' Orders of October 1 and October 22, and ordered Defendant to: 1) be deposed; 2) respond to RFPs; and 3) respond to ROG No. 13 within 14 days. [Dkt. 173.] |
| Nov. 4, 2021 | - For the fourth time, Plaintiffs noticed Defendant's deposition for **November 9** to be taken in consolidation with plaintiffs in related cases. |
| Nov. 4, 2021 | J. Brinkema ordered to stay all three cases. [Dkt. 175.] |
| Nov. 9, 2021 | Plaintiffs could not depose Defendant due to the stay on cases. |
| Apr. 22, 2022 | - J. Brinkema ordered to lift stay on cases. [Dkt. 187.]<br>- J. Brinkema ordered Defendant to promptly respond to discovery requests ahead of his upcoming deposition on May 9. [Dkt. 187.]<br>- For the fifth time, Plaintiffs noticed Defendant's deposition for **May 9.** |
| Apr. 27, 2022 | Counsel met and conferred. Defendant agreed to produce all discovery responsive to RFPs and ROG No. 13 by May 4, except for material designated as "Attorney's Eyes Only", pending Court's ruling on Defendant's Motion for Protective Order on May 6. |
| May 4, 2022 | Defendant made a woefully inadequate production of supplemental responses to RFPs and ROG No. 13.[5] |
| May 6, 2022 | - Mag. J. Anderson ordered the parties' entry into a Protective Order, allowing for Defendant's production of "AEO-designated" discovery.<br>- Defendant produced seven publicly-available videos. |
| May 7, 2022 | Defendant's counsel informed Plaintiffs that he would not attend his deposition scheduled on May 9. Defendant proposed alternative deposition dates more than a month later. Plaintiffs did not agree to rescheduling Defendant's deposition. |
| May 9, 2022 | Defendant did not appear for his scheduled deposition. |
| May 13, 2022 | At parties' meet and confer, undersigned informed Defendant's counsel of their intent to file the instant motion and counsel agreed to a hearing date of June 10. |

---

[5] Defendant did not make any productions. In his response to ROG No. 13, Defendant simply stated that he has no knowledge of any relevant information. In regard to all RFPs except for two, he responded that he will make no additional productions. For two RFPs, he responded that he will produce material designated as "Attorney's Eyes Only" pending the Court's ruling on his Motion for a Protective Order [Dkt. 189].

5

### III. Legal Standard

Federal Rule of Civil Procedure 37 permits a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order. *Hatchcock v. Navistar Int'l Transp. Corp.,* 53 F.3d 36, 40 (4th Cir. 1995). If the party fails to comply with a court's order compelling such discovery, then severe sanctions pursuant to subsection (b)(2) of that rule may be imposed. *Hudson Ins. Co. v. Persaud Companies, Inc.,* No. 1:13-CV-003, 2013 WL 6913230, at *2 (E.D.Va. Aug. 21, 2013). The Court must consider four factors before imposing default judgment as a sanction. The factors are: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.,* 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 503–06 (4th Cir. 1977)).

### IV. Argument

#### a. Defendant repeatedly failed to appear for his deposition.

##### i. Order by this Court and proper notice of deposition

Plaintiffs have been attempting to schedule Defendant's deposition since they first contacted Defendant for preferred deposition dates on August 25, 2021. Plaintiffs initially noticed Defendant's deposition for September 22, 2021; however, on September 17, Defendant's counsel confirmed that Defendant would not sit for deposition. [Dkt. 113, Ex. A-3 at 1.] Plaintiffs then rescheduled and properly noticed Defendant's deposition for October 13, 2021 and Defendant again refused to appear. [Dkt. 145, Ex. 1-e and Ex. 1-F.] On October 15, Plaintiffs filed a Motion to Compel Defendant's deposition. [Dkts. 144 -145.] The Court granted Plaintiff's Motion on October 22, and instructed Defendant to appear for deposition

within 14 days. [Dkt. 164.] Defendant appealed the order and the Court affirmed it on October 29. [Dkt. 173.] Plaintiffs properly noticed Defendant's deposition for November 9, 2021. The Court then stayed this case on November 4, prior to Plaintiffs' opportunity to depose Defendant. On April 22, 2022, this Court lifted the stay and Plaintiffs promptly noticed Defendant's deposition for May 9, 2022, to be taken together with Plaintiffs in the related case *Hamza et al. v. Hifter*, No. 20-cv-01038 LMB-JFA. [Dkts. 187 and 188.] Parties' counsel communicated multiple times to verify Defendant's need for a translator and clarify other details necessary to conduct his deposition.

Then, on Saturday, May 7, less than 48 hours before Defendant's scheduled deposition, Defendant's counsel wrote to undersigned counsel that Defendant would not appear for deposition due to his "official duties and obligations." Defendant requested the deposition to be rescheduled for a sixth time. Plaintiffs, having tired of Defendant's bad faith and deeply prejudicial behavior, now bring the instant motion.

### b. Defendant failed to provide necessary supplemental discovery responses and documents.

#### i. Order by this Court

On October 29, 2021, this Court affirmed Magistrate Judge Anderson's Order granting Plaintiffs' Motion to Compel Defendant's responses to discovery, including additional document production and supplemental responses to one interrogatory. [Dkt. 127 (Order by Mag. J. Anderson granting Plaintiffs' Motion to Compel); Dkt. 173 (Order by J. Brinkema affirming).]

#### ii. Deficient supplemental responses

To date, Defendant produced 58 pages in discovery, seven videos, responses to Requests for Production, and responses to Interrogatories. Each of Defendant's productions – with the

exception of his 3-page declaration[6] – are publicly available documents. Defendant produced virtually nothing that Plaintiffs could not otherwise access publicly. Further, Defendant repeatedly refused to contribute to discovery in this case by claiming that he has no information relevant to Plaintiffs' requests beyond the publicly available information that he has provided. Even assuming *arguendo* that Defendant were to sit for a deposition in this case one day, the totality of the discovery he has provided Plaintiffs leaves them with virtually no way to conduct a meaningful deposition.

Defendant's refusal to provide any substantive discovery is baseless and inexcusable. As an example, despite having previously admitted that he is a United States citizen [Dkt. 86 ¶ 2], Defendant has repeatedly refused to provide any discovery responsive to Plaintiffs' requests for any documentation of his residency in the United States.

Notably, after this Court ordered on April 22, 2022 (repeating prior orders in September and October of 2021) Defendant to make required discovery productions, on April 29 Defendant committed to produce additional materials by May 4, 2022[7]. On May 4, Defendant produced supplemental responses that amounted to nothing more than stating that he had nothing further to produce, except that he possessed additional documents designated as "Attorney's Eyes Only" that were responsive to two Requests for Productions, which he refused to produce unless the Court ordered a Protective Order in this case. In other words, Defendant made no productions and provided no substantive responses on May 4.

On the afternoon of Friday, May 6, after this Court approved a Protective Order that would allow for the production of documents designated as "AEO", Defendant produced a total

---

[6] In this declaration, Defendant denies any knowledge of or responsibility for the factual allegations relevant to Plaintiffs' claims.
[7] Counsel for Defendant requested the undersigned permit additional time, until May 4, for production in order that the Defendant have adequate time to produce the promised discovery.

of seven videos, all publicly-available, and none marked as "Confidential" or "AEO". Defendant produced nothing else. He then unilaterally cancelled his deposition scheduled for May 9.

c. **Defendant is acting in bad faith.**

Plaintiffs have noticed Defendant's deposition five times. Additionally, on October 22, 2021, then-Magistrate Judge Nachmanoff granted Plaintiffs' Motion to Compel Defendant's deposition and ordered Defendant to sit for deposition. [Dkt. 164.] J. Brinkema affirmed the Magistrate Judge's Order on October 29, 2021. [Dkt. 173.] Despite the natural progression of this case and the orders of this Court, Defendant has managed to avoid testifying on each duly noticed deposition date. As described in detail above, Defendant has wantonly disregarded orders from this Court to meaningfully supplement discovery responses.

d. **Defendant's noncompliance with this Court's orders has caused extreme prejudice to Plaintiffs.**

Defendant's refusal to sit for deposition and to provide substantive responses to discovery requests has deeply prejudiced Plaintiffs. The materiality of party deposition testimony is without question. Additionally, the discovery requested goes directly to the underlying events and has already been scrutinized for materiality and narrowed by this Court. [Dkt. 127, affirmed by Dkt. 173.] Defendant has stonewalled discovery from the inception of the lawsuit by refusing to produce substantive responses to Plaintiff based on unfounded and/or erroneous state secret and protective order concerns. Then, after the Court denied Defendant's state secret arguments and granted a protective order, Defendant still failed to produce any additional materials of substance that Plaintiffs could not already access in the public domain. Defendant's failure to sit for deposition testimony and provide any substantive discovery responses has caused extreme prejudice to Plaintiffs' case and has hindered Plaintiffs' ability to litigate their claims and prepare for trial.

**e. There is need for deterrence of this particular sort of noncompliance.**

The Court has compelling reasons to deter the sort of noncompliance that Defendant is exhibiting. Party deposition testimony is an integral part of litigation. It is a key aspect of the fact finding portion of pretrial activities and in most cases, it provides part of the foundation for trial preparation.

Additionally, the importance of respect for and compliance with the orders of this Court cannot be overstated. Permitting willful disregard of the Court's orders to go unreprimanded will result in the erosion of the Court's authority and will impact the weight of and compliance with future orders of this Court.

**f. Less drastic sanctions would be ineffective.**

Plaintiffs first served Defendant with discovery requests on July 22, 2021 and have been attempting to schedule Defendant's deposition since August 25, 2021. This Court previously granted Plaintiff's Motion to Compel both supplemental discovery responses and Defendant's deposition testimony. [Dkts. 127 and 164, affirmed by Dkt. 173.] Additionally, this Court imposed financial sanctions on Defendant in the related case *Hamza et al. v. Hifter*, 20-cv-01038 LMB-JFA (consolidated for discovery purposes), for deposition fees incurred when Defendant failed to appear for his duly noticed deposition on October 14, 2021. [*Hamza* Dkt. 106.] Despite previous orders and sanctions by the Court, Defendant has continued to stonewall Plaintiffs' attempts to conduct meaningful discovery. The Supreme Court has instructed that default, the most severe sanction, "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). Defendant's lack of

regard and respect for the orders of this Court now gives rise to the need for the Court to impose a permanent sanction.

### g. This Court has already determined appropriate damages.

As described in the procedural posture timeline above, the Clerk of this Court has previously entered default against Defendant in this matter. [Dkt. 25.] As part of that process, this Court undertook a review of facts of the case and issued a report and recommendations for the matter recommending a judgment in the total amount of $80,000,000 ($10,000,000 for each decedent and $5,000,000 for each of the survivors of torture). [Dkt. 31.] Though the Court permitted dismissal of parties Khalid Hifter and Saddam Hifter after issuing the report and recommendation, the torture and murders at issue remain the same and the burden to recompense now rests solely on Defendant.

## V. Conclusion

Plaintiffs respectfully request that this Court enter default judgment against Defendant as to liability with respect to all claims and for damages in the amount of $80,000,000 and for any further relief this Court deems appropriate and just. Plaintiffs therefore request that this Court enter an Order substantially in the form of Plaintiffs' Proposed Order Granting their Motion for Default Judgment, attached hereto as Exhibit B.

Dated: May 20, 2022

                Respectfully Submitted,

                **WIGGIN AND DANA LLP**

                By:*/s/ Sarah E. York*
                Sarah E. York (VSB #91188)
                Joseph G. Grasso (*pro hac vice*)
                Wiggin and Dana LLP
                800 17th Street, NW, Suite 520
                Washington, DC 20006

syork@wiggin.com
jgrasso@wiggin.com
Phone: 202-800-2482
Facsimile: 212-551-2888

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 20, 2022, I filed Plaintiffs' Memorandum in Support of their Motion for Default Judgment with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Jesse R. Binnall (VSB #79292)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
jesse@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930

Lindsay R. McKasson (VSB #96074)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
lindsay@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930

Jason C. Greaves (VSB #86164)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
jason@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930

*Counsel for Defendant*

                                          */s/ Sarah E. York*
                                          Sarah E. York
                                          *Counsel for Plaintiffs*