IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| MUNA AL-SUYID *et al.*, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:20-cv-00170 (LMB/JFA) |
| KHALIFA HIFTER, | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION
## TO WITHDRAW AS COUNSEL FOR DEFENDANT KHALIFA HIFTER

Counsel can no longer effectively represent Defendant Khalifa Hifter in this matter as he has declined to communicate or cooperate with counsel. He has also failed to meet his obligations to pay the legal fees and expenses incurred in his defense. Unfortunately, the impasse has reached such a point that counsel can no longer effectively represent Mr. Hifter's interests and continued representation would present an undue burden on counsel. For these reasons, Jesse R. Binnall, Lindsay R. McKasson, Jason C. Greaves, and the Binnall Law Group request leave to withdraw as counsel.[1]

### Legal Standard

Under Local Rule 83.1(G), "[n]o attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf

---

[1] Plaintiffs in this, and the two related cases of *Hamza* and *Elzagally*, do not oppose this motion.

said attorney has appeared." In addition, the Virginia Rules of Professional Conduct 1.16(b)(4)–(6) authorize the withdrawal if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," if "the representation will result in an unreasonable financial burden on the lawyer," or if "other good cause for withdrawal exists."

This Court has wide discretion in ruling on a motion to withdraw and may grant withdrawal where a Defendant fails to meet financial obligations to his attorneys, there is "an impasse in necessary communication and cooperation between counsel and client that precludes effective representation on a continuing basis," and withdrawal does not interfere with the administration of justice. *See Portsmouth Redevelopment & Hous. Auth. v. BMI Apartment Assocs.*, 851 F. Supp. 775, 782 (E.D. Va. 1994); *Patterson v. Gemini Org. Ltd.,* No. 99-1537, 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000); *NGM Ins. Co. v. Secured Title & Abstract, Inc.*, No. 3:07-cv-536, 2008 WL 1826032, at *1–2 (E.D. Va. April 23, 2008).

## Argument

In this case, the Court should approve the motion because not only has Defendant failed to meet his financial obligations, but he has also materially failed to communicate or cooperate with counsel in his own defense. Defense counsel is unable to effectively represent Defendants' interest as a result, and to require Defense counsel to continue representation under these conditions would be manifestly unreasonable.

First, Defendant has substantially failed to fulfill his financial obligations to this law firm and has been given reasonable warning that failure to do so will result in counsel seeking to withdraw. This Court has indicated, in *BMI*, that failure to meet financial obligations on its own can be sufficient to warrant withdrawal, because the conditions for withdrawal in the Virginia Rules of Professional Conduct are stated disjunctively. *See BMI*, 851 F. Supp. at 786. In that case, BMI owed its attorneys $44,000, and it was estimated that continued litigation could generate $200,000 in fees. *Id.* at 783, 785–86. Defendant in this case has been in arrears for months and owes a significant amount. Due to the complex nature of the litigation, and the three separate (but related) cases pending against him, continued litigation will generate substantial legal fees. Defendant has not offered any meaningful payments. Defense Counsel has repeatedly warned Defendant, over the course of months, that we would seek to withdraw if Defendant failed to stay current with outstanding invoices.

Second, Defendant has ceased meaningful communication and cooperation with Defense Counsel. This Court has found—in the unpublished decision of *NGM Ins. Co.*—that when there is "an impasse in necessary communication and cooperation," the justification for withdrawal is even more compelling than a simple failure to meet financial obligations. *See NGM Ins. Co.*, 2008 WL 1826032, at *1–2. Attempts to discuss the Defendant's obligations in this case and the others pending against the Defendant in this Court are now being ignored. Therefore, it is unreasonably difficult, and would be an unreasonable financial burden for Defense Counsel to continue representation of Defendant in this case.

Finally, withdrawal at this stage of litigation, where the trial date has not been set, would not interfere with the administration of justice. In *BMI*, this Court held that where the trial was not imminent, "[t]he only prejudice likely to occur . . . is the prejudice which always will exist when withdrawal is based on the client's inability, or refusal, to pay a fee: substitute counsel may be difficult to obtain, or the client will be required to proceed pro se." *BMI*, 851 F. Supp. at 786–87. The same is true in this case. It is worth noting that Plaintiffs in this case and the two related cases do not oppose withdrawal. Additionally, the only pending motions in this case are to be argued on June 10, 2022, the same date as this motion, which means that even if this Court allows withdrawal, Defendant will have the benefit of zealous representation through briefing and argument of the pending motions. Defendant has also been advised of all pending deadlines, that he should obtain alternate counsel expeditiously, and Defendant's file can easily be transmitted to Defendant or his new counsel. The imposition on Defendant of withdrawal does not outweigh the unreasonable financial burden to Defense Counsel of remaining in this case and the unreasonable difficulty of representing Defendant's interests—all due to Defendant's own failures to make payments, to communicate, and to cooperate.

## Conclusion

Defendant has materially failed to meet his obligations to Defense Counsel, he has failed to communicate or cooperate in the litigation, and continuation of representation at this point would impose an unreasonable financial burden upon Defense Counsel. Wherefore, Movants respectfully request that the Court enter an

Order permitting them to withdraw as counsel of record for Defendant Khalifa Hifter.

Dated: May 27, 2022

Respectfully submitted,

/s/ Jason C. Greaves
Jason C. Greaves, VSB No. 86164
Lindsay R. McKasson, VSB No. 96074
Jesse R. Binnall, VSB No. 79292
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
Email: jason@binnall.com
       lindsay@binnall.com
       jesse@binnall.com

*Attorneys for Defendant Khalifa Hifter*

## CERTIFICATE OF SERVICE

I certify that on May 27, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jason C. Greaves
Jason C. Greaves

*Attorney for Defendant Khalifa Hifter*