IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| MUNA AL-SUYID *et al.*, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:20-cv-00170 (LMB/JFA) |
|  | ) |  |
| KHALIFA HIFTER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Imposing default against Mr. Hifter, when the case against him is based on inadmissible speculation and news articles, would be an unjust remedy. Plaintiffs, even after their depositions, have presented no admissible evidence that Mr. Hifter, or even the Libyan National Army, was responsible for the deaths of their loved ones. Mr. Hifter has stated under oath that he has no knowledge of the incidents alleged in the Complaint. When he is eventually deposed—and he intends to sit for a deposition—his answers will be the same. Moreover, in written discovery, Mr. Hifter has answered interrogatories and produced all responsive documents that he has; he should not be punished for not possessing the trove of documents that Plaintiffs apparently were hoping to receive from him. He is no longer the leader of the LNA and cannot produce what he does not have.

### Factual Background

Libya is in the midst of a chaotic civil war, involving multiple factions, militias,

coalitions, and foreign state militaries and mercenaries. Mr. Hifter was formerly the leader of the Libyan National Army ("LNA"), one of the factions in that war. He has stepped down from that role and is currently a candidate for President in the upcoming election.

Mr. Hifter was scheduled to appear for a remote deposition on May 9, 2022. His duties in Libya caused an unexpected and unavoidable conflict with this date. Upon learning this, Mr. Hifter offered to reschedule the deposition to the weeks of June 7 or June 13. Plaintiffs declined.

Mr. Hifter has fully answered Interrogatories, attached hereto as **Exhibit 1**. He has responded to Requests for Documents, attached hereto as **Exhibit 2**. He has produced all responsive documents in his possession, custody, or control. In addition, Mr. Hifter has produced an affidavit, stating under penalty of perjury that he has no knowledge of the attacks that occurred on the dates and locations alleged by Plaintiffs.

The Plaintiffs' testify about harrowing experiences in Libya, involving attacks on their homes on October 15 and 17, 2014, and subsequent capture and injury by gunshot wounds. They have attributed the attacks to "regional youth or area youth" forces, and Battalion 21. They provide names of individuals involved in the attacks. However, they are not able to provide any personal knowledge of how these people are connected to Mr. Hifter in the command structure of the LNA.

### Legal Standard

Where a discovery violation has occurred, it is within the Court's discretion to

choose an appropriate remedy considering the totality of the circumstances. *Samsung Elec. Co. v. Nvidia Corp.*, 314 F.R.D. 190, 200 (E.D. Va. 2016). The four-part test is (1) whether the non-complying party acted in bad faith; (2) the prejudice caused by non-compliance; (3) the need for deterrence; and (4) whether a less drastic sanction would be effective. *Id.* In the D.C. Circuit, when faced with default judgment in the context of a Torture Victims Protection ("TVPA") Case, it found that a court does not unquestionably accept a complaint's unsupported allegations as true. *See Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1047 (D.C. Cir. 2014).

## Argument

The appropriate remedy in this case is something short of default because Plaintiffs' allegations that Mr. Hifter was responsible for the attacks on their homes are bare assertions with no supporting evidence, and the balance of the four factors weighs in favor of a less drastic sanction.

First, Mr. Hifter has not acted in bad faith. Admittedly, he has had to reschedule depositions on short notice, and he has agreed to pay the associated costs. He is not, however, refusing to be deposed. Additionally, unlike the case of *Anderson*, this is not a case where Mr. Hifter is refusing to produce documents that he has. *See Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500 (4th Cir 1998). Mr. Hifter, who was the leader of the LNA at the onset of this litigation, asserted good faith objections to producing military documents under his command. While those objections have been overruled, Mr. Hifter is no longer in command of the LNA. The documents that Plaintiffs want are not within Mr. Hifter's

command or control. The fact that he has not produced a trove of documents as hoped by Plaintiffs is not evidence of bad faith.

Under the second factor, the prejudice to Plaintiffs is not substantial because their case lacked any evidence to begin with. Mr. Hifter has no knowledge of the events alleged in the Complaint, and none of the plaintiffs has any personal knowledge of Mr. Hifter. There is no reason to believe that Mr. Hifter's answers will be any different from his written statements.

Under the fourth factor, a less drastic sanction would be effective. For example, Mr. Hifter could be prohibited from testifying or introducing evidence on his own behalf, while still being permitted to contest liability and hold Plaintiffs to their burden of production. Indeed, the D.C. Circuit's opinion in *Kim* suggests that this approach would be appropriate.

In *Kim*, the Plaintiffs alleged that their relative had been abducted by North Korea, tortured, and killed. *Kim*, 774 F.3d at 1049. Their allegations were supported by confirmed evidence that North Korean agents had planned and executed the abduction. *Id.* There were two expert witnesses who provided evidence that victims of forced abduction by North Korea, particularly those with Kim's political and religious beliefs, were subjected to torture, and there was expert testimony that Kim died from starvation. *Id.* at 1049–51. The D.C. Circuit found Plaintiffs' evidence to be "satisfactory to the court" to support default judgment, but specifically noted that if there had not been "confirmed evidence" tying Kim's disappearance to North Korea, the outcome would likely have been different, requiring "too many logical leaps." *Id.*

at 1051.

In this case, Plaintiffs ask this Court to make far too many logical leaps. Plaintiffs must establish three elements to prove Mr. Hifter's command responsibility for the attacks on their homes: "(1) the existence of a superior-subordinate relationship between the commander and the perpetrator of the crime; (2) that the commander knew or should have known, owing to the circumstances at the time, that his subordinates had committed, were committing, or planned to commit acts violative of the law of war; and (3) that the commander failed to prevent the commission of the crimes, or failed to punish the subordinates after the commission of the crimes." *See Doe v. Drummond Co.*, 782 F.3d 576, 609 (11th Cir. 2015); *see also Yousuf v. Samantar*, 2012 WL 3730617, *11 (E.D. Va. Aug. 28, 2012) (quoting *Chavez v. Carranza*, 559 F.3d 486 (6th Cir. 2009)). Plaintiffs have not presented admissible evidence of any of these elements. In this multi-faction, muddled mess of a civil war in Libya it is simply too much of a leap to attribute these specific attacks to Mr. Hifter. Plaintiffs have produced no admissible evidence of it and no expert testimony at all, and therefore, they should not be awarded a default judgment.

## Conclusion

Default judgment in this case is far too harsh of a sanction given the totality of the circumstances, particularly the lack of any evidence to support Plaintiffs' TVPA claim. Wherefore, Defendant Khalifa Hifter respectfully requests that this Court deny Plaintiff's Motion for Default Judgment, and that if a sanction is to be imposed, that it be limited to a monetary sanction, and that Mr. Hifter be allowed to file a

motion for summary judgment or otherwise contest liability, even if it means simply holding Plaintiffs to their burden.

Dated: June 3, 2022

Respectfully submitted,

/s/ Jason C. Greaves
Jason C. Greaves, VSB No. 86164
Lindsay R. McKasson, VSB No. 96074
Jesse R. Binnall, VSB No. 79292
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
Email: jason@binnall.com
       lindsay@binnall.com
       jesse@binnall.com

*Attorneys for Defendant Khalifa Hifter*

## CERTIFICATE OF SERVICE

I certify that on June 3, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jason C. Greaves
Jason C. Greaves

*Attorney for Defendant Khalifa Hifter*