IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MUNA AL-SUYID *et al.*          )
                                     )
       Plaintiffs,         )
                                     )
v.                                   )     Case No. 1:20-cv-00170 (LMB/JFA)
                                   )
KHALIFA HIFTER           )
                                   )
       Defendant.      )
_____ )

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Khalifa Hifter, by counsel, provides his supplemental responses to Plaintiff's first set of Interrogatories, pursuant to this Court's Orders of October 1, 2021, and October 29, 2021. Mr. Hifter timely provided his objections to Plaintiff's first set of interrogatories on August 6, 2021, and his initial responses on September 22, 2021, both of which are incorporated herein. Mr. Hifter maintains that according to Libyan law, the crime of disclosing military secrets is punishable by death.

## INTERROGATORIES

1.     State the name, address, telephone number, and email address for each person likely to have discoverable information, along with the subjects of that information, that Defendant may use to support Defendant's affirmative defenses and arguments.

**OBJECTION:** Defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome as it requests information pertaining to any

individual that may have discoverable information without providing any specificity relating to what information is requested. Defendant further objects to the phrase "likely to have" on the grounds that it is vague and ambiguous. Defendant objects to the extent this interrogatory seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**RESPONSE:** Without waiving the above objections, the following people have discoverable information:

a) Khalifa Hifter may be contacted through his counsel. Mr. Hifter has no knowledge of the individuals named in this lawsuit or of the content of their allegations. He is aware, however, of his ongoing fight against terrorism in Libya and is aware of the efforts made to avoid civilian casualties. He also has knowledge of his command, communications, and orders and instructions he has given. Mr. Hifter has knowledge of his own job duties as field marshal and as head of state.

b) Feisel M. Feituri, may be contacted through Defendant's counsel. Mr. Feituri has knowledge of what is happening "on the ground" in Libya. He is also aware of Mr. Hifter's style of command, the way he operates, his orders and instructions, and his goals and objective in Libya. He also has knowledge of Mr. Hifter's job duties and communications.

c) Muna Al-Suyid, may be contacted through their counsel.

d) Abdalla Al-Krshiny, may be contacted through their counsel.

e) Ahmad Al-Krshiny, may be contacted through their counsel.

f) Mahmud Al-Krshiny, may be contacted through their counsel.

g) Ibrahim Al-Krshiny, may be contacted through their counsel.

h) Dr. Mohamed Ali Azzobaide may be contacted through Defendant's counsel. Mr. Ali Azzobaide is with the Afro-Asian Center (A.A.C.) and is an expert in Libyan law. He is also aware of Mr. Hifter's style of command, the way he operates, his orders and instructions, his goals and objectives in Libya, and his job duties as field marshal and head of state.

2.      Identify Defendant's current place of residence.

**OBJECTION:** Defendant objects to this interrogatory on the grounds that it seeks confidential and classified information including state and military secrets of the Libyan government as the release of Defendant's residence would be a security threat to Mr. Hifter, who is the Field Marshall of the LNA, and his family during a time of civil war in Libya. Defendant further objects that this interrogatory is irrelevant and not designed to lead to discovery of information related to a claim or defense in this case as Defendant's residence has no bearing on any claim or defense presented in this litigation.

**RESPONSE:** Without waiving the above objections, Mr. Hifter resides in Libya.

3.      Describe all the facts on which Defendant relies for his third affirmative defense that each Plaintiff who is a member of the al-Suyid family is estopped from

making their claims against Defendant by allegedly having taken "actions that influenced the outcome of events negatively including possessing weapons and engaging in gunfights during the civil war." Identify and describe the above-stated "actions" on which Defendant bases his third affirmative defense.

**OBJECTION:** Defendant objects to this interrogatory on the ground that this Interrogatory is compound because it contains more than one request. Defendant further objects on the grounds that this interrogatory is overly broad and unduly burdensome as it requests "all the facts" as well as unduly burdensome as it seeks information that Defendant has sought from the Plaintiffs in prior discovery requests that have not been fully answered and requires Defendant to provide information not in his possession or control. Defendant further objects on the grounds that the information sought is available from another source and known to the Plaintiffs' themselves as this affirmative defense is based upon Plaintiffs' own allegations of a gunfight at the al-Suyid family home. Defendant further objects on the grounds that this interrogatory seeks information protected by the attorney-client privilege and attorney work product privilege. Plaintiffs are impermissibly seeking access to Defendant's litigation strategy pertaining to their own allegations. Defendant objects to the extent this interrogatory seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**RESPONSE:** Without waiving the above objections, Plaintiffs' own admission in Paragraph 30 of the Complaint (ECF No. 1) of participating in a gunfight during a civil war supports Mr. Hifter's third affirmative defense.

4.    Describe all the facts on which Defendant relies for his fourth affirmative defense that each Plaintiff who is a member of the al-Suyid family has waived their claims against Defendant by allegedly engaging in a gunfight.

**OBJECTION:** Defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome as it requests "all the facts" as well as unduly burdensome as it seeks information that Defendant has sought from the Plaintiffs in prior discovery requests that have not been fully answered and requires Defendant to provide information not in his possession or control. Defendant further objects on the grounds that the information sought is available from another source and known to the Plaintiffs' themselves as this affirmative defense is based upon Plaintiffs' own allegations of a gunfight at the al-Suyid family home. Defendant further objects on the grounds that this interrogatory seeks information protected by the attorney-client privilege and attorney work product privilege, to the extent that Plaintiffs are impermissibly seeking access to Defendant's litigation strategy pertaining to their own allegations. Defendant objects to the extent this interrogatory seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**RESPONSE:** Without waiving the above objections, Plaintiffs' own admission in Paragraphs 30 of the Complaint (ECF No. 1) of participating in a gunfight during a civil war supports Mr. Hifter's fourth affirmative defense.

5.      Describe all the facts on which Defendant relies for his fifth affirmative defense that each Plaintiff who is a member of the al-Suyid family has failed to state a claim under the Torture Victim Protection Act, 28 U.S.C. § 1350 ("TVPA"). Identify and describe the basis on which Defendant claims to have lacked knowledge about the war crimes described in the Complaint [Dkt. 1].

**OBJECTION:** Defendant objects to this interrogatory on the ground that this Interrogatory is compound because it contains more than one request. Defendant further objects on the grounds that this interrogatory is overly broad and unduly burdensome as it requests "all the facts" pertaining to Plaintiffs' failure to state a claim including those not within Defendant's possession or control. Defendant further objects on the grounds that this interrogatory seeks information protected by the attorney-client privilege and attorney work product privilege. Plaintiffs are impermissibly seeking access to Defendant's litigation strategy pertaining to defending against Plaintiffs' burden to prove each element of the case. Defendant objects to the extent this interrogatory seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

6

**RESPONSE:** Without waiving the above objections, Mr. Hifter refers to his defense in his motion to dismiss, ECF Nos. 38 and 39. Specifically, Plaintiffs failed to exhaust their administrative remedies, Defendant did not commit this conduct and the command responsibility doctrine does not hold him liable, and there was no torture nor extrajudicial or deliberate killings. Regarding a lack of knowledge, Mr. Hifter has no knowledge of any of these events occurring, there are at least ten different factions fighting for control in Libya. These warring factions primarily use the same armaments, and therefore Mr. Hifter does not know who is responsible for these allegations.

6.     Describe all the facts on which Defendant relies for his third affirmative defense that each Plaintiff who is a member of the al-Krshiny family is estopped from making their claims against Defendant by allegedly having taken "actions that influenced the outcome of events negatively including possessing weapons and engaging in gunfights during the civil war." Identify and describe the above-stated "actions" on which Defendant bases his third affirmative defense.

**OBJECTION:** Defendant objects to this interrogatory on the ground that this Interrogatory is compound because it contains more than one request. Defendant further objects on the grounds that this interrogatory is overly broad and unduly burdensome as it requests "all the facts," including those not within Defendant's possession or control, and available from another source and known to the Plaintiffs' themselves as this affirmative defense is based upon Plaintiffs' own allegations of a

gunfight at the al-Krshiny family home. Defendant further objects on the grounds that this interrogatory seeks information protected by the attorney-client privilege and attorney work product privilege. Plaintiffs are impermissibly seeking access to Defendant's litigation strategy pertaining to their own allegations. Defendant objects to the extent this interrogatory seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**RESPONSE:** Without waiving the above objections, Plaintiffs' own admission in Paragraph 36 of the Complaint (ECF No. 1) of participating in a gunfight during a civil war supports Mr. Hifter's third affirmative defense.


7.     Describe all the facts on which Defendant relies for his fourth affirmative defense that each Plaintiff who is a member of the al-Krshiny family has waived their claims against Defendant by allegedly engaging in a gunfight.

**OBJECTION:** Defendant objects on the grounds that this request is overly broad and unduly burdensome as it requests "all the facts," including those not within Defendant's possession or control, and available from another source and known to the Plaintiffs' themselves as this affirmative defense is based upon Plaintiffs' own allegations of a gunfight at the al-Krshiny family home. Defendant further objects on the grounds that this interrogatory seeks information protected by the attorney-client privilege and attorney work product privilege. Plaintiffs are impermissibly seeking access to Defendant's litigation strategy pertaining to their own allegations.

Defendant objects to the extent this interrogatory seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**RESPONSE:** Without waiving the above objections, Plaintiffs' own admission in Paragraph 36 of the Complaint (ECF No. 1) of participating in a gunfight during a civil war supports Mr. Hifter's third affirmative defense.

8.    Describe all the facts on which Defendant relies for his fifth affirmative defense that each Plaintiff who is a member of the al-Krshiny family has failed to state a claim under the Torture Victim Protection Act, 28 U.S.C. § 1350 ("TVPA"). Identify and describe the basis on which Defendant claims to have lacked knowledge about the war crimes described in the Complaint [Dkt. 1].

**OBJECTION:** Defendant objects to this interrogatory on the ground that this Interrogatory is compound because it contains more than one request. Defendant further objects on the grounds that this interrogatory is overly broad and unduly burdensome as it requests "all the facts" pertaining to Plaintiffs' failure to state a claim including those not within Defendant's possession or control. Defendant further objects on the grounds that this interrogatory seeks information protected by the attorney-client privilege and attorney work product privilege, as Plaintiffs are impermissibly seeking access to Defendant's litigation strategy pertaining to defending against Plaintiffs' burden to prove each element of the case. Defendant objects to the extent this interrogatory seeks information that is a state secret of the

government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**RESPONSE:** Without waiving the above objections, Mr. Hifter refers to his defense in his motion to dismiss, ECF Nos. 38 and 39. Specifically, Plaintiffs failed to exhaust their administrative remedies, Defendant did not commit this conduct and the command responsibility doctrine does not hold him liable, and there was no torture nor extrajudicial or deliberate killings. Regarding a lack of knowledge, Mr. HIfter has no knowledge of any of these events occurring, there are at least ten different factions fighting for control in Libya. These warring factions primarily use the same armaments, and therefore Mr. Hifter does not know who is responsible for these allegations.

9.   Describe all the facts on which Defendant bases his denial of Plaintiffs' allegation that acting in the authority of the government of Libya, the LNA launched Operation Dignity in October 2014 against those suspected to oppose the LNA.

**OBJECTION:** Defendant objects to this interrogatory on the grounds it seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret. Defendant further objects that this interrogatory is overly broad and unduly burdensome as it requests "all the facts" including those not within Defendant's possession or control and is not likely to lead to the discovery of information relating to a claim or defense in this case as it does not request information related to a claim or a defense in this

case. The LNA activities and operations are not broadly at issue, rather Plaintiffs chose to bring claims relating to specific instances of conduct none of which are considered in this interrogatory. Defendant objects to the extent this interrogatory seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**RESPONSE:** Without waiving the above objections, Mr. Hifter denies Operation Dignity was launched in October of 2014 against those suspected to oppose the LNA. Operation Dignity was launched in the Spring of 2014 against Islamist militia extremist groups (including the group blamed for the 2012 assassination of US ambassador Christopher Stevens) and free the Libyan region from terrorism. The plan for Operation Dignity absolutely did not call for any attacks on civilians. Beyond this, Defendant is not able to share additional information as it would infringe upon the military and state secrets of Libya.

10.    Identify and describe in detail Defendant's contention that he, as concededly the current leader of the LNA and as such at the relevant time period, lacked knowledge or control over Major General Abdulrazaq al-Naduri and Wanis Bukamada's actions on October 15, 2014, and at all relevant times. Describe all the facts that form the basis of Defendant's contention.

**OBJECTION:** Defendant objects to this Interrogatory on the ground that this it is compound because it contains more than one request. Defendant also objects to this interrogatory on the grounds it seeks information or knowledge of individual

actions when the Defendant was not present. Defendant further objections on the grounds that this request seeks information protected by the attorney-client and attorney work product privilege. Plaintiffs are impermissibly seeking access to Defendant's litigation strategy pertaining to defending against Plaintiffs' burden to prove each element of the case. Defendant objects to this interrogatory on the grounds it seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**RESPONSE:** Without waiving the above objections, Mr. Hifter did not give orders to Major General Abdulrazaq al-Naduri and Wanis Bukamada in relation to the alleged conduct on October 15, 2014. Mr. Hifter is and was unaware of their individual actions on October 15, 2014. Beyond this, Defendant is not able to share additional information as it would infringe upon the military and state secrets of Libya.

11.     Identify and describe in detail Defendant's contention that he, as concededly the current leader of the LNA and as such at the relevant time period, lacked knowledge or control over Major General Jamal al-Zahawi and Colonel Almadi al-Bargathi's actions on October 17, 2014, and at all relevant times. Describe all the facts that form the basis of Defendant's contention.

**OBJECTION:** Defendant objects to this Interrogatory on the ground that this Interrogatory is compound because it contains more than one request. Defendant also objects to this interrogatory on the grounds it seeks information or knowledge of

individual actions when the Defendant was not present. Defendant further objections on the grounds that this request seeks information protected by the attorney-client and attorney work product privilege. Plaintiffs are impermissibly seeking access to Defendant's litigation strategy pertaining to defending against Plaintiffs' burden to prove each element of the case. Defendant objects to this interrogatory on the grounds it seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**RESPONSE:** Without waiving the above objections, Mr. Hifter did not give orders to Major General Jamal al-Zahawi and Colonel Almadi al-Bargathi in relation to the alleged conduct on October 17, 2014. Mr. Hifter is and was unaware of their individual actions on October 17, 2014. Beyond this, Defendant is not able to share additional information as it would infringe upon the military and state secrets of Libya.


12.     Describe all the facts on which Defendant bases his denial of Plaintiffs' allegation that Libya is not an environment in which Plaintiffs may practically or safely pursue justice in a Libyan court.

**OBJECTION:** Defendant objects to this interrogatory on the ground that the request is overly broad and unduly burdensome as it requests "all the facts" including those not within Defendant's possession or control, and Plaintiffs carry the burden of proof that they either exhausted their remedies in Libya or that they could not do so. Defendant further objects to the extent that this interrogatory seeks information

protected by the attorney-client and attorney work product privileges. Plaintiffs are impermissibly seeking access to Defendant's litigation strategy pertaining to defending against Plaintiffs' burden to prove each element of the case.

**RESPONSE:** Without waiving the above objections, Libya has civil and criminal laws and codes in effect and a legal system consisting of the Primary Court along with the Summary Court, which oversee cases in small cities and towns. This legal system has remained intact following a peaceful ceasefire agreement, which Defendant helped negotiate. As evidence of a fully functioning judiciary, Libya posts their Supreme Court decisions online. Please see Mr. Hifter's sworn declaration (at Bates number KHIFTER00053-KHIFTER00055) for more information.

13.     Describe and provide the contents of any oral statement including but not limited to conversations, telephone calls, recorded interviews and those of any written statements including but not limited to signed statements, letters, emails, text messages, memoranda, notes, and facsimiles made by the Defendant, his officers, employees, agents, representatives that are related either directly or indirectly to the subject of this litigation.

**OBJECTION:** Defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome as "any oral statement…related either directly or indirectly to the subject of this litigation" is far too broad for Defendant to accurately capture or answer. It is also not limited in time or scope to the specific allegations of the Complaint and therefore not reasonably calculated to lead to

14

discovery of relevant information. Defendant further objects to this interrogatory on the grounds that this interrogatory calls for information that is protected by the attorney-client privilege and attorney work product doctrine. Defendant objects to this interrogatory on the grounds it seeks information that is a state secret of the government of Libya, seeks confidential or classified information, and seeks information that is a military secret.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Orders of October 1, 2021 and October 29, 2021, the scope of this interrogatory is limited to the specific acts alleged in the Complaint to have occurred on October 15–17, 2014. Subject to that limitation, Mr. Hifter responds that he has no personal knowledge of any relevant statements.

Dated: May 4, 2022                               Khalifa Hifter
                                                 By Counsel


                                    By:   /s/ Jason C. Greaves
                                          Jason C. Greaves, VSB No. 86164
                                          Lindsay R. McKasson, VSB No. 96074
                                          Jesse R. Binnall, VSB No. 79292
                                          BINNALL LAW GROUP, PLLC
                                          717 King Street, Suite 200
                                          Alexandria, Virginia 22314
                                          Phone: (703) 888-1943
                                          Fax: (703) 888-1930
                                          Email: jason@binnall.com
                                                  lindsay@binnall.com
                                                  jesse@binnall.com

                                          *Counsel for Defendant Khalifa Hifter*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 4, 2022, a true and correct copy of the foregoing was served by electronic mail, pursuant to the parties' agreement regarding email service, on:

     Joseph G. Grasso
     Wiggin and Dana LLP
     Two Liberty Place
     50 South 16th Street, Suite 2925
     Philadelphia, Pennsylvania 19102
     jgrasso@wiggin.com
     Phone: 215-988-8312
     Facsimile: 215-988-8344

     *Counsel for Plaintiffs*

                                   /s/ Jason C. Greaves
                                   Jason C. Greaves

                                   *Counsel for Defendant Khalifa Hifter*