IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MUNA AL-SUYID *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Case No. 1:20-cv-00170 (LMB/JFA) |
| ) | |
| KHALIFA HIFTER ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Khalifa Hifter, by counsel, provides his supplemental responses to Plaintiffs' first set of requests for production of documents, pursuant to this Court's Orders of October 1, 2021 and October 29, 2021. Mr. Hifter timely provided on August 6, 2021, his objections to Plaintiffs' first set of requests for production, which are incorporated herein. Mr. Hifter maintains that according to Libyan law, the crime of disclosing military secrets is punishable by death.

**REQUESTS FOR DOCUMENTS**

1.      All documents and communications that Defendant may mark for identification or refer to at a deposition, pretrial proceeding, or introduce into evidence at trial, or about which he plans to question a witness at a deposition or trial.

**OBJECTION:** Defendant objects to the extent that this Request calls for materials that are covered by the attorney-client privilege and the work product

1

doctrine. Defendant further objects to the extent this request calls for materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets.

**RESPONSE:** Without waiving the above objections, see documents produced herewith.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving any objections, Mr. Hifter produced responsive documents at KHIFTER-00001 – KHIFTER-00055.

**SECOND SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Orders of October 1, 2021 and October 29, 2021, Mr. Hifter responds that he has additional documents which will be marked as Confidential and Attorneys Eyes Only, and will be produced upon entry of an appropriate protective order, expected on May 6, 2022.

2.  All documents reflecting, memorializing, or pertaining to Defendant's residency of a particular state and district in the United States.

**OBJECTION:** Defendant objects to this Request on the grounds that it is not reasonably related to the claims or defenses in this litigation or proportional to the needs of the case as Defendant's residency in the United States is not an issue in this case. Defendant further objects as the request is overly broad and unduly burdensome as the request is not limited in time or scope or designed to lead to the discovery of evidence reasonably related to the claims or defenses in this litigation as the Defendant's residency is not an issue in this case.

**RESPONSE:** Without waiving the above objections, no such documents exist.

3. All documents and communications reflecting, memorializing, or pertaining to Defendant's involvement, activities, and leadership as the leader of the LNA.

**OBJECTION:** Defendant objects to this Request on the grounds that it seeks documents that are not within Defendant's possession or control and seeks an overly broad and unduly burdensome number of documents by seeking documents prepared by others and "all documents" pertaining to a variety of topics, including Defendant's involvement, activities, and leadership as the leader of the LNA, with an unlimited time and scope. Plaintiffs seek documents from an unlimited timeframe pertaining to all actions of the Libyan military and Defendant's involvement regardless of timeframe or relevance. Defendant further objects on the ground that this request is not designed to reasonably lead to the discovery of applicable or relevant information as the request is not limited in time to the particular incidents and particular dates in Plaintiffs' Complaint. Defendant further objects to this request on the grounds that it requests materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets.

**RESPONSE:** Without waiving the above objections, see documents produced herewith.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving any

3

objections, Mr. Hifter produced responsive documents at KHIFTER-00001 and at KHIFTER-00053 – KHIFTER-00055.

**SECOND SUPPLEMENTAL RESPONSE:** Per the Court's Orders of October 1, 2021 and October 29, 2021, no further response is required. To the extent that the scope of this request is limited to the acts alleged in the Complaint to have occurred on October 15–17, 2014, Mr. Hifter responds that he has no further responsive documents within his possession, custody, or control.

4. All documents and communications reflecting, memorializing, or pertaining to Defendant's involvement, activities, and leadership in the launching of Operation Dignity.

**OBJECTION:** Defendant objects to this Request on the grounds that it seeks documents that are not within Defendant's possession or control and seeks an overly broad and unduly burdensome number of documents by seeking documents prepared by others and "all documents" pertaining to a variety of topics, including Defendant's involvement, activities, and leadership in the launching of Operation Dignity, with an unlimited time and scope. Defendant further objects to this request on the grounds that it requests materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets. Defendant further objects on the ground that this request is not designed to reasonably lead to the discovery of applicable or relevant information as the request is not limited in time to the particular incidents and particular dates in Plaintiffs' Complaint.

4

**SECOND SUPPLEMENTAL RESPONSE:** Per the Court's Orders of October 1, 2021 and October 29, 2021, the scope of this request is limited to the acts alleged in the Complaint to have occurred on October 15–17, 2014. Subject to that limitation, Mr. Hifter refers to the documents previously produced as KHIFTER00001–58. Mr. Hifter has no additional responsive documents within his possession, custody, or control.

5.      All documents and communications reflecting, memorializing, or pertaining to Defendant's command over LNA officials Major General Abdulrazaq al-Naduri and Wanis Bukamada.

**OBJECTION:** Defendant objects to this Request on the grounds that it seeks documents that are not within Defendant's possession or control and seeks an overly broad and unduly burdensome number of documents by seeking documents prepared by others and "all documents." Defendant objects that the term "command" is vague and undefined. Defendant further objects on the ground that this request is not designed to reasonably lead to the discovery of applicable or relevant information as the request is not limited in time to the particular incidents and particular dates in Plaintiffs' Complaint. Defendant further objects to this request on the grounds that it requests materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets.

**SECOND SUPPLEMENTAL RESPONSE:** Per the Court's Orders of October 1, 2021 and October 29, 2021, the scope of this request is limited to the acts alleged

in the Complaint to have occurred on October 15–17, 2014. Subject to that limitation, Mr. Hifter refers to the documents previously produced as KHIFTER00001–58. Mr. Hifter has no additional responsive documents within his possession, custody, or control.

6. All documents and communications reflecting, memorializing, or pertaining to the attack perpetrated by the LNA against the al-Suyid family home on or about October 15, 2014.

**OBJECTION:** Defendant objects to this Request on the grounds that it seeks documents that are not within Defendant's possession or control and seeks an overly broad and unduly burdensome number of documents by seeking documents prepared by others and "all documents" pertaining to the attack on the al-Suyid family home, including those not in Defendant's possession or control. Defendant further objects to this request on the grounds that it requests materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets.

**SECOND SUPPLEMENTAL RESPONSE:** Mr. Hifter has no responsive documents within his possession, custody, or control and he is not aware of any responsive documents.

7. All documents reflecting, memorializing, or pertaining to Defendant's command over LNA officials Major General Jamal al-Zahawi and Colonel Almadi al-

Bargathi.

**OBJECTION:** Defendant objects to this Request on the grounds that it seeks documents that are not within Defendant's possession or control and seeks an overly broad and unduly burdensome number of documents by seeking documents prepared by others and "all documents" pertaining to Defendant's command over Major General Jamal al-Zahawi and Colonel Almadi al-Bargathi, including those not within Defendant's possession or control. Defendant objects that the term "command" is vague and undefined. Defendant further objects to this request on the grounds that it requests materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets. Defendant further objects on the ground that this request is not designed to reasonably lead to the discovery of applicable or relevant information as the request is not limited in time to the particular incidents and particular dates in Plaintiffs' Complaint.

**SECOND SUPPLEMENTAL RESPONSE:** Per the Court's Orders of October 1, 2021 and October 29, 2021, the scope of this request is limited to the acts alleged in the Complaint to have occurred on October 15–17, 2014. Subject to that limitation, Mr. Hifter refers to the documents previously produced as KHIFTER00001–58. Mr. Hifter has no additional responsive documents within his possession, custody, or control.

8. All documents and communications reflecting, memorializing, or pertaining to the attack perpetrated by the LNA against the al-Krshiny family home

on or about October 17, 2014.

**OBJECTION:** Defendant objects to this Request on the grounds that it seeks documents that are not within Defendant's possession or control and seeks an overly broad and unduly burdensome number of documents by seeking documents prepared by others and "all documents" pertaining to the attack on the al-Krshiny family home, including those not within Defendant's possession or control. Defendant further objects to this request on the grounds that it requests materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets.

**SECOND SUPPLEMENTAL RESPONSE:** Mr. Hifter has no responsive documents within his possession, custody, or control and he is not aware of any responsive documents.

9. All documents and communications supporting Defendant's third, fourth and fifth affirmative defenses.

**OBJECTION:** Defendant objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or work product doctrine. Defendant further objects to this request for documents on the grounds that it requests materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets. Defendant further objects that this request seeks documents relating to information otherwise known by or accessible to Plaintiffs, such as Plaintiffs' involvement in the gunfights alleged

8

in Plaintiffs' Complaint.

**RESPONSE:** Without waiving the above objections, see documents produced herewith.

**SUPPLEMENMTAL RESPONSE:** Subject to and without waiving any objections, Mr. Hifter produced responsive documents at KHIFTER-00001 and at KHIFTER-00053 – KHIFTER-00055.

**SECOND SUPPLEMENTAL RESPONSE:** Mr. Hifter has no additional responsive documents within his possession, custody, or control.

10. All recorded written orders by Defendant reflecting, memorializing, or pertaining to the activities conducted in furtherance of Operation Dignity.

**OBJECTION:** Defendant objects to this Request on the grounds that it seeks documents that are not within Defendant's possession or control and seeks an overly broad and unduly burdensome number of documents by seeking documents prepared by others and "all documents" pertaining to written orders or activities of Defendant during an entire military operation rather than the specific allegations contained in the Plaintiffs' Complaint. Defendant objects that the phrase "activities conducted in furtherance of" is vague, undefined, unduly burdensome, and overbroad. Defendant further objects to this request on the grounds that it requests materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets. Defendant further objects on the ground that this request is not designed to reasonably lead to the discovery of applicable or relevant information

9

as the request is not limited in time to the particular incidents and particular dates in Plaintiffs' Complaint.

**SECOND SUPPLEMENTAL RESPONSE:** Per the Court's Orders of October 1, 2021 and October 29, 2021, the scope of this request is limited to the acts alleged in the Complaint to have occurred on October 15–17, 2014. Subject to that limitation, Mr. Hifter refers to the documents previously produced as KHIFTER00001–58. Mr. Hifter has no additional responsive documents within his possession, custody, or control.

11.    All documents or communications that Defendant relied upon in drafting responses to the Plaintiffs' First Set of Interrogatories, served with these Requests.

**OBJECTION:** Defendant objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or work product doctrine. Defendant further objects to the extent this requests materials that fall within the state secrets privilege, seeks confidential or classified information, and seeks military secrets.

**RESPONSE:** Without waiving the above objection, Defendant relied in part upon his declaration provided herewith.

**SECOND SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Orders of October 1, 2021 and October 29, 2021, Mr. Hifter responds that he has additional documents which will be marked as Confidential and Attorneys Eyes Only, and will

be produced upon entry of an appropriate protective order, expected on May 6, 2022.

Dated: May 4, 2022

                                                Khalifa Hifter
                                                By Counsel

By: /s/ Jason C. Greaves
    Jason C. Greaves, VSB No. 86164
    Lindsay R. McKasson, VSB No. 96074
    Jesse R. Binnall, VSB No. 79292
    BINNALL LAW GROUP, PLLC
    717 King Street, Suite 200
    Alexandria, Virginia 22314
    Phone: (703) 888-1943
    Fax: (703) 888-1930
    Email: jason@binnall.com
              lindsay@binnall.com
              jesse@binnall.com

*Counsel for Defendant Khalifa Hifter*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2022, a true and correct copy of the foregoing was served by electronic mail, pursuant to the parties' agreement regarding email service, on:

Joseph G. Grasso
Wiggin and Dana LLP
Two Liberty Place
50 South 16th Street, Suite 2925
Philadelphia, Pennsylvania 19102
jgrasso@wiggin.com
Phone: 215-988-8312
Facsimile: 215-988-8344

*Counsel for Plaintiffs*

/s/ Jason C. Greaves
Jason C. Greaves

*Counsel for Defendant Khalifa Hifter*