UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MUNA AL-SUYID, individually and on behalf of the estates of her family members ABDEL SALAM AL-SUYID, IBRAHIM AL-SUYID, KHALID AL-SUYID and MUSTAFA AL-SUYID, and ABDALLA AL-KRSHINY, AHMAD AL-KRSHINY, MAHMUD AL-KRSHINY, and IBRAHIM AL-KRSHINY, individually and on behalf of his family member ALI AL-KRSHINY and MUSTAFA AL-KRSHINY, | |
| Plaintiffs, | Civil Action No. 1:20-cv-00170-LMB-JFA |
| v. | |
| KHALIFA HIFTER, | JUNE 9, 2022 |
| Defendant. | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION FOR DEFAULT JUDGMENT**

Plaintiffs respectfully submit this memorandum of law in reply to Defendant's Opposition to Plaintiffs' Motion for Default Judgement as a sanction for Defendant's persistent and bad faith actions in disregarding this Court's orders and the Federal Rules of Civil Procedure and in evading his obligations to meaningfully participate in this litigation. Defendant's opposition misses the mark by presenting arguments more appropriate for a motion for summary judgment and failing to effectively address the factors for default judgment as a sanction, as specified by the Fourth Circuit.

1

## I. A motion for default judgment as a sanction is not dependent on the facts of the matter.

Defendant's opposition misconstrues the key issue of Plaintiffs' Motion for Default Judgment by arguing that Plaintiffs' claims "lacked any evidence to begin with." [Dkt. 205 at 4 ("Response").] This is false, but more importantly for the purposes of this motion, irrelevant. This is not a motion for summary judgment.[1] At issue in this motion is Defendant's pattern of behavior disregarding the Federal Rules of Civil Procedure and the orders of this Court throughout the course of this case. The veracity, or alleged lack thereof, of Plaintiffs' claims is not a factor for the Court's consideration when determining whether to issue a default judgment as a result of Defendant's bad faith actions. (However, even if it were, Plaintiffs produced 225 pages of documents during discovery,[2] and each Plaintiff gave deposition testimony in support of their claims[3].) Ignoring that, and consistent with Defendant's previous pattern of behavior, he is now attempting to further delay this litigation and waste judicial resources by making off topic arguments in an attempt to avoid the consequences of his actions.

## II. Defendant is acting in bad faith and with callous disregard for this Court's orders.

A motion for default judgment is appropriate when a party fails to comply with court orders and discovery. Here, Defendant has repeatedly failed to comply, and his conduct has therefore been flagrant, warranting default judgment. The Fourth Circuit has held in a case with analogous facts, that "[o]nly the most flagrant case, where the party's noncompliance represents

---

[1] Plaintiffs note that this Court previously denied Defendant's Motion for Summary Judgment under Fed. R. Civ. P. 12(d) brought in the alternative of his Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *See* Dkt. 39 at 5; Dkt. 52.

[2] Plaintiffs' production consists of, *inter alia*, autopsy photographs, physician's letters, photographs of Defendant with commanders in the Libyan National Army (LNA), who self-admittedly led the attacks on Plaintiffs, and videos of the LNA burning civilian houses.

[3] Consistent with the orders of this Court, Plaintiffs' counsel has communicated Plaintiff Ibrahim al-Krshiny's availability for a rescheduling of his deposition. As of the date of this motion, Defendant has not sought to schedule such deposition.

bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989) (upholding default judgment where defendant repeatedly refused to comply with discovery requests and court orders and holding that defendant's conduct was extremely prejudicial to plaintiff's case and the discovery materials that defendant ultimately provided were largely inadequate). This is precisely what has happened in this case. Moreover, "to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Id*.

In this case, Defendant's multiple violations of discovery orders meets the level of callous disregard and bad faith warranting default judgment as articulated by the Fourth Circuit. Defendant has repeatedly failed to comply with this Court's orders that he be deposed and that he provide requested documents. (*See* orders at Dkts. 127, 164, 173, 187; *see also* Dkt. 200 at 3-5 (Plaintiffs' Memorandum of Law in Support of their Motion for Default Judgment, summarizing Judges' discovery orders).) Defendant's conduct became so pervasive that District Judge Brinkema stated on the record, "I must assure you that [Khalifa Hifter] is the defendant in the case. If he fails to appear for a properly scheduled deposition, you all have the ability to seek a default against him." (Transcript at 4:23 (December 3, 2021) [Dkt 183].) Defendant's noncompliance represents exactly the type of bad faith and callous disregard for the authority of this Court and the Federal Rules of Civil Procedure that warrants default judgment.

### III.     Defendant has acted in bad faith.

Defendant claims that he is not acting in bad faith; however, his conduct demonstrates otherwise. The Fourth Circuit has held that, a party has acted in bad faith sufficient to warrant default judgment when the party (1) "stonewalled [ ] discovery from the inception of the

3

lawsuit;" (2) provided "inconsistent answers as to why it missed discovery deadlines;" and (3) "continued [ ] to miss the deadlines despite adequate warnings from the court." *Anderson v. Found. for Advancement*, 155 F.3d 500, 504 (4th Cir. 1998). Accordingly, bad faith can be demonstrated by actions such as "noncompliance" and "haphazard compliance" of specific discovery orders, and "a pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 93 (4th Cir. 1989). Bad faith can also be demonstrated "where the party 'clearly should have understood his duty to the court' but nonetheless 'deliberately disregarded' it." *Brooks Sports, Inc. v. Anta (China) Co.*, No. 1:17cv1458, 2018 WL 7488924, at *16 (E.D. Va. Nov. 30, 2018) (quoting *Rabb v. Amatex Corp.,* 769 F.2d 996, 1000 (4th Cir. 1985)). *See Burnett v. Blueforce, Inc.,* No. 4:20-CV-183, 2021 WL 6101519, at *3–4 (E.D. Va. Oct. 6, 2021).

        **1.  Defendant stonewalled discovery.**

The deadline for discovery in this case was October 15, 2021. As of the date of this motion, the Court has ordered Defendant to comply with its discovery order numerous times, requiring him to be deposed and to produce documentary discovery. Defendant has stonewalled for months, and has avoided discovery in this case by repeatedly cancelling properly scheduled depositions in this and two related cases[4] and refusing to produce documents. Defendant's counsel even stated on September 30, 2021, that Plaintiffs "w[ould] not have the opportunity to cross-examine [Defendant]". (Dkt. 124 at 13.) As a result of Defendant's recurring behavior in failing to appear for deposition or produce requested documents, Defendant's current assertion that he "intends" to be deposed should not be countenanced.

---

[4] *Hamza et al. v. Hifter*, No. 20-cv-01038-LMB-JFA; *Elzagally et al. v. Hifter*, No. 1:19-cv-00853-LMB-JFA.

4

### 2. Defendant continued to miss deadlines despite adequate warnings from the Court.

As a recent example of Defendant's bad faith, six days after this Court ordered him to *promptly* produce discovery in light of his upcoming deposition, he strung Plaintiffs along by asking for five more days – until May 4, four days before his then scheduled deposition – to produce non-Attorney's Eyes Only ("AEO") documents that he said he had in his possession. As the basis for the delay, Defendant asserted that it would take several days to upload the promised discovery material into a workable platform. On May 4, Defendant produced *zero* documents. He instead responded that he would produce AEO-designated documents only after May 6 – three days before his then scheduled deposition – when this Court approved a Protective Order. Leading up to May 6, and on that day in the courthouse, the parties spent hours – and this Court dedicated invaluable judicial resources – to finalize a Protective Order to Defendant's satisfaction. On the evening of May 6, after the Court approved the negotiated Protective Order (Dkts. 197-198), Defendant produced no AEO-designated material and only seven, publicly-available video files. Then, on May 7, he cancelled his deposition less than 48 hours before it was scheduled to take place. His vague excuse was (and continues to be) "an unexpected and unavoidable conflict." He has never indicated what the "conflict" was.. Defendant's failure to produce discovery or appear for deposition can be perceived as nothing less than a strategic and bad faith effort to indefinitely delay this litigation, frustrate Plaintiffs' attempts to prosecute their claims, and waste judicial resources.

### 3. Defendant has offered inconsistent and vague reasons for missing discovery deadlines.

Defendant's bad faith is further demonstrated by the fact that he has advanced inconsistent and vague reasons for having failed to produce requested discovery. Defendant

5

initially took the position that principles of comity necessitated that the requested discovery be excluded from this litigation as constituting Libyan military secrets– an argument this Court overruled.  (Dkt. 116; Dkt. 128.)  He then argued against production because the information contained in requested documents was allegedly of such a confidential nature that its potential disclosure required AEO-designation and a Protective Order.  (Dkt. 189.)  Although the parties in all three related cases agreed to a Protective Order that would allow the disclosure of such confidential documents, Defendant now claims that he will not produce them because they are not in his possession, custody, or control.  (*See* Opposition at 3-4, Defendant states "The documents that Plaintiffs want are not within Mr. Hifter's command or control.")

Defendant's lack of legitimate basis for failing to produce discovery is readily apparent given his failure to produce any requested documents regarding his residency in a particular state and district in the U.S.  Defendant claims "no such documents exist" despite his admission in his Answer that he is a U.S. citizen.  (*See* Dkt. 205-2 at 2; Dkt. 85 ¶ 17.)

### IV.     Defendant failed to address the deterrence factor of the Fourth Circuit test.

Lastly, Defendant's Opposition conveniently disregards the fourth factor enumerated by the Fourth Circuit  in considering whether default judgment is warranted: the need for deterrence.  In *Anderson*, the Fourth Circuit considered the need for deterrence and effectiveness of lesser sanctions, and found that a default judgment was warranted because the court had issued previous orders intended to be punitive, sanctions for attorneys' fees, and previous warnings; and the sanctioned party disregarded those warnings.  155 F.3d at 504; *see Burnett*, 2021 WL 6101519, at *3–4.  In this case, Defendant's multiple cancellations of a duly-noticed deposition and his repeated attempts to dodge his discovery obligations violate previous orders by this Court.  (*See* orders by this Court at Dkts. 127, 164, 173, 187.)  In the related case *Hamza*

*et al. v. Hifter,* No. 20-cv-01038 LMB-JFA, consolidated with this case for discovery purposes, this Court ordered Defendant to pay the costs associated with his failure to appear at his first and second noticed deposition. Doing so did not deter him from refusing to appear at the third noticed deposition. Defendant's behavior in violating multiple discovery orders and his continued disregard for judicial authority and the U.S. judicial system is exactly the type of conduct that should be deterred.

## V. Conclusion

For the reasons set forth above and in Plaintiffs' Memorandum of Law in Support of their Motion for Default Judgment (Dkt. 200), Plaintiffs respectfully move this Court to grant their Motion.

Dated: June 9, 2022

                                                      Respectfully Submitted,
                                                    **WIGGIN AND DANA LLP**

By: */s/ Sarah E. York*
Sarah E. York (VSB #91188)
Joseph G. Grasso (*pro hac vice*)
Wiggin and Dana LLP
800 17th Street, NW, Suite 520
Washington, DC 20006
syork@wiggin.com
jgrasso@wiggin.com
Phone: 202-800-2482
Facsimile: 212-551-2888

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 9, 2022, I filed Plaintiffs' Reply in Further Support of Motion for Default Judgment with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Jesse R. Binnall (VSB #79292)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
jesse@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930

Lindsay R. McKasson (VSB #96074)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
lindsay@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930

Jason C. Greaves (VSB #86164)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
jason@binnall.com
Phone: (703) 888-1943
Fax: (703) 888-1930

*Counsel for Defendant*

                                                */s/ Sarah E. York*
                                                Sarah E. York
                                                *Counsel for Plaintiffs*