# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | | |
|---|---|---|
| **AIDA ELZAGALLY,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00853 (LMB/JFA) |
| | ) | |
| **KHALIFA HIFTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **MUNA AL-SUYID,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00170 (LMB/JFA) |
| | ) | |
| **KHALIFA HIFTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **ALI ABDALLA HAMZA,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01038 (LMB/JFA) |
| | ) | |
| **KHALIFA HIFTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT MOTION PROPOSING SCHEDULE AND
## STRUCTURE FOR TRIAL TO ESTABLISH DAMAGES

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

I.  Plaintiffs are entitled to compensatory and punitive damages. ............................................... 1

    a.  Muna al-Suyid, et al. v. Khalifa Hifter ................................................................. 2

    b.  Aida Elzagally, et al. v. Khalifa Hifter ................................................................. 2

    c.  Ali Abdalla Hamza, et al. v. Khalifa Hifter ......................................................... 3

    d.  There is established case law regarding appropriate compensatory and punitive damage awards in TVPA cases. .................................................................................... 3

II.  Proposed Structure to Establish Damages ............................................................................... 7

III.  Conclusion ............................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*al-Suyid v. Hifter*,
　No. 1:20-cv-00170 ............................................................................................... 1, 2, 7, 8

*Bashe Abdi Yousuf v. Mohamed Ali Samantar*,
　2012 WL 373061 (E.D.Va. 2012) ....................................................................................6

*BMW of North America Inc. v. Gore*,
　517 U.S. 559 (1996) ..........................................................................................................5

*Cabello v. Fernández Larios*,
　205 F.Supp.2d 1325 (S.D.Fla. 2002), *aff'd*, 402 F.3d 1148 (11th Cir. 2005) ...................6

*Cabello v. Fernandez-Larios*,
　402 F.3d 1148 (11th Cir. 2005) ........................................................................................1

*Cabello v. Fernandez-Larios*,
　No. 99-0528-CIV-LENARD (S.D. Fla. Oct. 14, 2003), *aff'd*, 402 F.3d 1148
　(11th Cir. 2005) .................................................................................................................5

*Chiminya Tachiona v. Mugabe*,
　216 F. Supp. 2d 262 (S.D.N.Y. 2002) ...........................................................................4, 6

*Doe v. Constant*,
　2006 U.S. Dist. LEXIS 101961 (S.D.N.Y. 2006) .............................................................6

*Doe v. Saravia*,
　348 F. Supp. 2d 1112 (E.D. Cal. 2004) .....................................................................4, 6, 7

*Elzagally v. Hifter*,
　No. 1:19-cv-00853, Dkt. 9 .............................................................................................2, 3

*In re Est. of Marcos Hum. Rts. Litig.*,
　910 F. Supp. 1460 (D. Haw. 1995) ...................................................................................4

*Filartiga v. Pena-Irala*,
　577 F. Supp. 860 (E.D.N.Y. 1984) ...................................................................................5

*Jane Doe I v. Karadzic*,
　2001 WL 986545 (S.D.N.Y. 2001) ...................................................................................6

*Jaramillo v. Naranjo*,
　2021 WL 4427455 (S.D.Fla. 2021) ...........................................................................3, 4, 6

*Licea v. Curacao Drydock Co.*,
  584 F. Supp. 2d 1355 (S.D. Fla. 2008) ...................................................................................6

*Mehinovic v. Vuckovic*,
  198 F. Supp. 2d 1322 (N.D. Ga. 2002) ...................................................................................6

*Paul v. Avril*,
  901 F. Supp. 330 (S.D. Fla. 1994) ..........................................................................................6

*Quiros de Rapaport, et al., v. Suarez-Mason*,
  No. C87-2266 JPV (N.D.Cal. April 11, 1989)..........................................................................7

*Textile Workers Union of America v. Lincoln Mills of Alabama*,
  353 U.S. 448 (1957)................................................................................................................4

*Todd v. Panjaitan*,
  CIV.A. 92-12255-PBS, 1994 WL 827111 (D. Mass. 1994).....................................................6

*Xuncax v. Gramajo*,
  886 F. Supp. 162 (D.Mass. 1995) .......................................................................................3, 6

**Statutes**

28 U.S.C.A § 1350 note. ..............................................................................................................1, 2

Torture Victim Protection Act .............................................................................................. *passim*

On July 29, 2022, the Court entered a default judgment against Defendant Khalifa Hifter. (*al-Suyid v. Hifter*, No. 1:20-cv-00170 (Dkt. 220)). The Court also requested that Plaintiffs in the three pending actions submit a joint proposal regarding how the Plaintiffs propose to establish damages. As explained below, Plaintiffs are entitled to compensatory and punitive damages. Plaintiffs respectfully propose that this Court accept declarations by Plaintiffs in lieu of live testimony, given that most of the Plaintiffs were deposed and the Defendant therefore had the opportunity to cross examine them. Further support for the Plaintiffs' proposed damage awards is explained below, along with citations to damages awarded in other, analogous cases.

## I. Plaintiffs are entitled to compensatory and punitive damages.

The Torture Victim Protection Act makes clear that an individual found to have committed torture or extrajudicial killings "shall, in a civil action, be liable for damages." TVPA § 2(a), 28 U.S.C.A. § 1350 note. This includes compensatory and punitive damages. *Cabello v. Fernandez-Larios,* 402 F.3d 1148, 1151 (11th Cir. 2005).

Plaintiffs have standing to recover damages on their own behalf and on behalf of their family member decedents. There can be no question that those Plaintiffs who suffered torture can recover damages in their own name. Moreover, Muna al-Suyid, Ahmad al-Krshiny, Abdalla al-Krshiny, Mahmud al-Krshiny and Ibrahim al-Krshiny, Aida Elzagally, Ayah Tunalli, Alaa Tunalli, Abdulhameed Tunalli, Abdulrrauf Tunalli, Muhammad Tunalli, Abduladeem Tunalli, Mais Ahmed Mayouf, Abdulhameed Al-Harramah, Ali Abdalla Hamza, Nehma Abdalla Al-Mahdi Hamza, Abdelhalim Abdalla Mahdi Hamza and Salimah Jibreel can recover damages for the extrajudicial killings of the decedents.

To obtain relief for extrajudicial killing pursuant to Torture Victim Protection Act (TVPA), plaintiff must be (1) legal representative or any person who may be claimant in

1

action for wrongful death, (2) of victim of extrajudicial killing, (3) committed by an individual acting under actual or apparent authority, or color of law, of any foreign nation; plaintiff who satisfies these elements possesses cause of action under TVPA. 28 U.S.C.A. § 1350 note.

### a. Muna al-Suyid, et al. v. Khalifa Hifter

Muna al-Suyid has standing to bring her own claims as well as the claims of her father Abdel Salam al-Suyid, and her brothers Ibrahim al-Suyid, Khalid al-Suyid, and Mustafa al-Suyid. Compl. ¶ 9. (*al-Suyid,* Dkt. 1 (filed Feb. 18, 2020)). Ibrahim al-Suyid has standing to bring his own claims as well as the claims of his late brothers Ali and Mustafa. Compl. ¶ 10. Due to the volatility in Libya, there is no operational judicial system that allows for the al-Suyid Plaintiffs to be appointed legal representatives for their decedent family members. But all adult family members of the decedents are party to this action and represent the estates. Further information can be provided to or discussed with the Court as desired regarding the estates. As a result, the court can award damages for the torts committed against every person and decedent listed in the Complaint.

### b. Aida Elzagally, et al. v. Khalifa Hifter

Aida Elzagally has standing to bring her own claims as well as the claims of her late husband Msaddek Tunalli. Am. Compl. ¶ 7 (*Elzagally v. Hifter*, No. 1:19-cv-00853, Dkt. 9) (filed July 9, 2021)). Ayah Tunalli, Alaa Tunalli, Abdulhameed Tunalli, Abdulrrauf Tunalli, Muhammad Tunalli, and Abduladeem Tunalli have standing to bring their own claims as well as the claims of their father Msaddek Tunalli as his legal representatives. Id. at ¶¶ 8-13. Mais Ahmed Mayouf has standing to bring her own claims as well as the claims of her late mother Mufida Sasi Abu Gasiah as her legal representative. Id. at ¶ 14. Abdulhameed Al-Harramah has standing to bring his own claims as well as the claims of

his late son Ayman Al-Harramah as his legal representative. Id. at ¶ 15. Due to the volatility in Libya, there is no operational judicial system that allows for the Elzagally Plaintiffs to be appointed legal representatives for their decedent family members. But all adult family members of the decedents are party to this action and represent the estates. Further information can be provided to or discussed with the Court as desired regarding the estates. As a result, the court can award damages for the torts committed against every person and decedent listed in the Amended Complaint.

### c. Ali Abdalla Hamza, et al. v. Khalifa Hifter

Ali Abdalla Hamza, Nehma Abdalla Al-Mahdi Hamza and Abdelhalim Abdalla Mahdi Hamza have standing to bring their own claims and for decedents Aalya Faleh Al-Derbali, Ibrahim Abdalla Hamza, Mahmoud (Naser) Abdalla Hamza, Fariha Abdalla Hamza and Faiza Abdalla Hamza. First Amended Complaint at ¶¶ 10-12 (filed Sept. 17, 2020) (Dkt. 8, Case No. 1:20-cv-01038). Salimah Jibreel has standing to bring her own claims and for decedents Aziza Jibreel, Maryam Jibreel, "Mohammad" Jibreel, and as the parent for Mayada Jibreel. Id. at ¶¶ 14-16. Due to the volatility in Libya, there is no operational judicial system that allows for the Hamza and Jibreel Plaintiffs to be appointed legal representatives for their decedent family members. But all adult family members of the decedents are party to this action and represent the estates. Further information can be provided to or discussed with the Court as desired regarding the estates. As a result, the court can award damages for the torts committed against every person and decedent listed in the amended complaint.

### d. There is established case law regarding appropriate compensatory and punitive damage awards in TVPA cases.

The language of the TVPA provides no methodology for determining an amount or type of damages. *Jaramillo v. Naranjo*, 2021 WL 4427455 (S.D.Fla. 2021), *citing Xuncax v. Gramajo,*

3

886 F. Supp. 162, 198 (D.Mass. 1995) ("The TVPA does not itself provide any specific guidance regarding the amount of recovery to which a successful litigant under the statute is entitled. Rather, the TVPA leaves to the federal courts the task of determining the proper measure of liability."). But "federal courts are free to and should create federal common law to provide justice for any injury contemplated by . . . the TVPA or treaties dealing with the protection of human rights." *In re Est. of Marcos Hum. Rts. Litig.,* 910 F. Supp. 1460, 1469 (D. Haw. 1995), *citing Textile Workers Union of America v. Lincoln Mills of Alabama,* 353 U.S. 448, 457 (1957) ("Some [problems] will lack express statutory sanction but will be solved by looking at the policy of the legislation and fashioning a remedy that will effectuate that policy."). Since federal common law allows for the recovery of compensatory and punitive damages, courts frequently award both remedies for TVPA violations. *See Chiminya Tachiona v. Mugabe,* 216 F. Supp. 2d 262, 267 (S.D.N.Y. 2002) (stating that in "regards [to] the TVPA, the federal common law concerning damage awards allows for both compensatory and punitive damages in the amounts requested by Plaintiffs.").

Notwithstanding the difficulty in calculating a damages award, "[c]ourts typically consider a number of factors in awarding damages under the . . . TVPA: (1) the brutality of the act; (2) the egregiousness of the defendant's conduct; (3) the unavailability of a criminal remedy; (4) international condemnation of the act; (5) deterrence of others from committing similar acts; and (6) provision of redress to plaintiff, country, and world. *Doe v. Saravia,* 348 F. Supp. 2d 1112, 1158 (E.D. Cal. 2004). But as was appropriately noted in the *Naranjo* case:

> It should be understood, however, that these factors are not dispositive and that courts award damages based on the circumstances of each case. The reason for this variance is due to the difficulty in calculating a damage award in the first place. When plaintiffs seek relief for TVPA violations, they ask courts to attach a monetary amount to a violation of basic human rights. Yet, that is no easy feat because the loss is almost always immeasurable.

2021 WL 4427455 *10.

Plaintiffs are also entitled to punitive damages. Unlike compensatory damages, punitive damages are designed to punish and deter others from committing similar abuses. "To accomplish that purpose," courts "make clear the depth of the international revulsion against torture and measure the award in accordance with the enormity of the offense." *Filartiga v. Pena-Irala,* 577 F. Supp. 860, 866 (E.D.N.Y. 1984). The Supreme Court has provided guidance on how to determine a reasonable punitive damages award, listing several factors for courts to consider. These include reprehensibility, "the disparity between the harm or potential harm suffered," and the "difference between this remedy and the civil penalties imposed in comparable cases." *BMW of North America Inc. v. Gore,* 517 U.S. 559, 575 (1996) (citations omitted).

However, "the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *Id.* Plaintiffs will demonstrate they are entitled to punitive damages because the crimes committed were malicious, wanton and reckless. *See Cabello v. Fernandez-Larios,* No. 99-0528-CIV-LENARD (S.D. Fla. Oct. 14, 2003), *aff'd*, 402 F.3d 1148 (11th Cir. 2005) ("You may award punitive damages to the plaintiffs if they have proven that the defendant's conduct was wanton and reckless").

Based on an analysis of prior TVPA awards and the factors underlying the Defendant's ongoing conduct, the Plaintiffs will be seeking for this Court to award compensatory damages in the amount of $10 million for each decedent-estate and $5 million for each individual survivor. Additionally, an equal amount of will be sought for punitive damages.

For the Court's guidance, the following is a list of federal courts in chronological order (most recent first) that have awarded significant compensatory and punitive damages for torture and extrajudicial killings under the TVPA:

5

- *Jaramillo v. Naranjo*, 2021 WL 4427455 (S.D.Fla. 2021). Awarded $2 million in compensatory damages, $4 million in punitive damages.

- *Bashe Abdi Yousuf v. Mohamed Ali Samantar,*; 2012 WL 373061 (E.D.Va. 2012)(LMB). Awarded $1 million in compensatory damages and $2 million in punitive damages for three individual plaintiffs and four represented estates.

- *Licea v. Curacao Drydock Co.,* 584 F. Supp. 2d 1355, 1358 (S.D. Fla. 2008). Awarded over $20 million to each plaintiff in damages.

- *Doe v. Constant*, 2006 U.S. Dist. LEXIS 101961 (S.D.N.Y. 2006). Awarded $1 million and $1.5 million in compensatory damages to separate plaintiffs, and $5 million in punitive damages.

- *Doe v. Saravia,* 348 F. Supp. 2d 1112 (E.D. Cal. 2004), Awarded damages of $5 million compensatory and $5 million punitive damages.

- *Chiminya Tachiona v. Mugabe,* 216 F. Supp. 2d 262 (S.D.N.Y. 2002). Awarded $2.5 million in compensatory damages and $5 million in punitive damages for murdered victims and awarded $1 million in compensatory and $5 million in punitive damages for those who were tortured.

- *Cabello v. Fernández Larios*, 205 F.Supp.2d 1325 (S.D.Fla. 2002), *aff'd*, 402 F.3d at 1151. Awarded $3 million in compensatory damages and $1 million in punitive damages.

- *Mehinovic v. Vuckovic,* 198 F. Supp. 2d 1322 (N.D. Ga. 2002). Awarded $10 million in compensatory damages and $25 million in punitive damages.

- *Jane Doe I v. Karadzic,* 2001 WL 986545 (S.D.N.Y. 2001). Awarded approximately $4.5 billion in compensatory and punitive damages.

- *Xuncax v. Gramajo,* 886 F. Supp. 162, 198 (D.Mass. 1995). Awarded $2 million in compensatory damages and $5,000,000 in punitive damages for victims of summary execution and for torture victims awarded $1 million in compensatory damages and $2 million in punitive damages.

- *Paul v. Avril,* 901 F. Supp. 330, 335 (S.D. Fla. 1994). Six victims of torture and arbitrary detention each awarded between $2.5 million and $3.5 million in compensatory damages and $4 million in punitive damages;

- *Todd v. Panjaitan*, CIV.A. 92-12255-PBS, 1994 WL 827111 (D. Mass. 1994). Victim's estate received $2 million dollars in compensatory damages, plus interest, and surviving plaintiff $2 million dollars, plus interest, and an award of $10 million in punitive damages.

- *Quiros de Rapaport, et al., v. Suarez-Mason*, No. C87-2266 JPV (N.D.Cal. April 11, 1989). Awarded $10 million in compensatory damages and $10 million in punitive damages to victims' widows and $5 million in compensatory damages and $5 million in punitive damages to victims' mother and sister.

Finally, it is worthy to note that in the *al-Suyid* case, Magistrate Judge Anderson previously found (relying in part on some of the cases cited above) that a total of $80 million in damages for the al-Suyid Plaintiffs was a reasonable determination based on relevant precedent. (al-Suyid, Case No. 1:20-cv-00170, Dkt. 31 (Mag. J. Report and Recommendations (June 17, 2020)). Based on his analysis of prior awards, Magistrate Judge Anderson specifically recommended the entry of a default judgment against Defendant in the amount of $10 million for the estates of each decedent plaintiff and $5 million for each surviving plaintiff. Id. at 21-22.

For all the reasons discussed in the individual Complaints, the Report and Recommendations issued by Magistrate Judge Anderson (Al-Suyid, Case No. 1:20-cv-00170, Dkt. 31), the previous pleadings in each of the three consolidated cases, and application of the *Saravia* factors, the Plaintiffs submit that they are entitled to an award of substantial damages. Therefore, they will be respectfully requesting that the Court award $10 million for each decedent and $5 million for each survivor, plus punitive damages in an equal amount for each Plaintiff.

## II. Proposed Structure to Establish Damages

Plaintiffs submit that the foregoing provides a sufficient basis for the Court to determine and award damages. A majority of the Plaintiffs were deposed by Defendant's counsel during discovery and they had the opportunity to cross examine those Plaintiffs on the record.[1]

---

[1] For the al-Suyid Plaintiffs, each Plaintiff was deposed and Ibrahim al-Krshiny's re-deposition was ordered but did not take place. Among the Elzagally Plaintiffs, Aida Elzagally, Mais Ahmed Mayouf, Abdulhameed Al-Harramah, Abdulhameed Tunalli, and Abdulrrauf Tunalli were deposed. Aida Elzagally's deposition was cut short briefly after it began and her re-deposition was ordered but did not take place. Of the four Hamza Plaintiffs, only one was not deposed.

7

Plaintiffs therefore propose submitting the deposition transcripts (with highlighted portions to direct the Court to specific evidence and information) and video files where possible in lieu of live victim testimony, along with supplemental sworn declarations by each Plaintiff if requested by the Court. For any Plaintiffs who were not deposed (or were not questioned about the incidents that occurred and the harm that was suffered during the deposition) during discovery, if requested by the Court, it is proposed that they submit sworn declarations describing the incidents that occurred and the harm that was suffered.

### III. Conclusion

Plaintiffs respectfully submit the above proposed compensatory and punitive damage damages awards and forthcoming procedures for the Court's consideration.

Dated: September 9, 2022

Respectfully Submitted,

*s/ Sarah E. York*

_____

Sarah E. York (VSB #91188)
Joseph G. Grasso (*pro hac vice*)
Wiggin and Dana LLP
800 17th Street, NW, Suite 520
Washington, DC 20006
syork@wiggin.com
jgrasso@wiggin.com
Phone: 202-800-2482
Facsimile: 212-551-2888
Attorneys for *al-Suyid* Plaintiffs

*s/ Thomas M. Craig*

_____
Thomas M. Craig, (VSB 58063)
FH+H
1751 Pinnacle Drive, Suite 1000
Mclean, Virginia 22102
(703) 703) 590-1234
(703) 590-0366 fax
tcraig@fhhfirm.com
Attorney for *Hamza* Plaintiffs


*s/ Mark S. Zaid*

_____
Mark S. Zaid, (D.C. Bar #440532)
*Admitted Pro Hac Vice*
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
(202) 330-5610 fax
Mark@MarkZaid.com
Attorney for *Hamza* Plaintiffs


*s/ Matthew Jury*

_____
Matthew Jury, (NYS Bar # 706563)
*Admitted Pro Hac Vice*
84 Brook Street
London W1K 5EH
UNITED KINGDOM
+44 (0) 20 7096-3767
Matthew.Jury@mccue-law.com
Attorney for *Hamza* Plaintiffs


*s/ Faisal Gill*

_____
Faisal Gill (VSB #93255)
Gill Law Firm
1717 Pennsylvania Avenue, N.W.
Suite 1060
fgill@glawoffice.com
Attorney for *Elzagally* Plaintiffs

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2022, I filed Plaintiffs' Joint Motion Proposing Schedule and Structure of Trial to Establish Damages with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

Dated: September 9, 2022                                  */s/    Sarah E. York*  
                                                                            Sarah E. York  
                                                                            *Counsel for Al-Suyid Plaintiffs*