# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| AIDA ELZAGALLY, et al., | : |
| | : |
| Plaintiffs, | : Civil Action No.: 1:19-cv-853 |
| | : |
| v. | : |
| | : |
| KHALIFA HIFTER, | : |
| | : |
| Defendant. | : |
| | : |
| MUNA AL-SUYID, et al., | : Civil Action No.: 1:20-cv-170 |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| KHALIFA HIFTER, | : |
| | : |
| Defendant. | : |
| | : |
| ALI ABDULLAH HAMZA, et al., | : Civil Action No.: 1:20-cv-1038 |
| | : |
| Plaintiffs, | : |
| | : **(CASES CONSOLIDATED FOR** |
| v. | :   **PURPOSES OF DISCOVERY)** |
| | : |
| KHALIFA HIFTER, | : |
| | : |
| Defendant. | : |
| | : |

**DEFENDANT KHALIFA HIFTER'S MEMORANDUM IN SUPPORT OF THE MOTION TO MODIFY THE SCHEDULING ORDER**

# TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................... 1

**BACKGROUND** ................................................................................................................. 2

**STANDARD OF REVIEW** ................................................................................................. 4

**ARGUMENT** ....................................................................................................................... 5

**I.    Defendant has Good Cause for Amending the Scheduling Order.** ................................. 5

    A.    *Additional Time Is Necessary to Finalize Discovery.* ............................................. 5

    B.    *The Designation of Expert Witnesses is Substantially Justified and Harmless.* ................. 6

        1.    The Parties Have Sufficient Notice of the Expert Witnesses. ..................................... 8

        2.    The Parties can Cure the Surprise. ................................................................. 8

        3.    Allowing the Testimony Would Not Disrupt the Trial. ................................................. 9

        4.    Two years have passed since the pending matters have been actively litigated, so further testimony on the evolving geopolitical climate of Libya is necessary to Hifter's defense. ............................................................................................................. 10

**CONCLUSION** ................................................................................................................. 11

Case 1:20-cv-00170-LMB-JFA   Document 255-1   Filed 10/20/23   Page 3 of 15 PageID# 1972

# TABLE OF AUTHORITIES

**Cases**

*Burlington Ins. Co. v. Shipp*, 215 F.3d 1317, 2000 WL 620307 (4th Cir. May 15, 2000) ............. 7

*Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567 (E.D. Va. 2021).......................... 5

*Faulconer v. Centra Health, Inc.*, 808 Fed. Appx. 148 (4th Cir. 2020) .......................................... 5

*Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030 (8th Cir. 2017)..................................................... 5

*Kobe v. Haley*, No. 3:11-1146-TMC, 2013 U.S. Dist. LEXIS 113206 (D.S.C. Aug. 12, 2013).... 9

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003) ........................................................................ 5

*London v. Wash. Metro. Area Transit Auth.*, No. 8:21-cv-01497-AAQ, 2023 U.S. Dist. LEXIS 94572 (D. Md. May 30, 2023) ..................................................................... 8

*Michelone v. Desmarais*, 25 F. App'x 155 (4th Cir. 2002)......................................................... 7, 8

*Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353 (7th Cir. 1996).................... 8

*Montgomery v. Anne Arundel Cnty.*, Md., 182 F. App'x 156 (4th Cir. 2006) ................................ 5

*Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153 (3rd Cir. 1995)................ 7

*O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152 (1st Cir. 2004) ................................................... 4

*Prusin v. Canton's Pearls, LLC*, No. JKB-16-605, 2017 U.S. Dist. LEXIS 129385 (D.C. Md. Aug. 15, 2017) ............................................................................................... 9

*Rambus, Inc. v. Infineon Technologies AG*, 145 F. Supp. 2d 721 (E.D. Va. 2001)........................ 7

*RFT Mgmt. Co. LLC v. Powell*, 607 Fed. Appx. 238 (4th Cir. 2015)............................................. 4

*Richardson v. Korson*, 905 F. Supp. 2d 193 (D.D.C. 2012) ......................................................... 9

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003)................. 7

*SAS Inst. Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, No. 5:10-CV-101-H, 2012 U.S. Dist. LEXIS 200356, 2012 WL 12914641 (E.D.N.C. Dec. 11, 2012).............................................. 8

**Rules**

Fed. R. Civ. P. 16 ............................................................................................................................ 4

Fed. R. Civ. P. 26 ............................................................................................................................ 6

**Treatises**

8A Wright, Miller & Marcus, Federal Practice and Procedure § 2289.1 (2d Ed. 1994) ................ 7

# INTRODUCTION

The pending matters before the Court are interconnected with the ongoing conflict in Libya, which has created delays in the court's scheduling. In 2021, these matters were stayed to allow for the Libyan elections to take place, which Libya was unable to hold.[1] At the time the stay was entered, there was remaining discovery to conduct, including additional depositions of Hifter, Plaintiffs, and discovery deficiencies for all parties. In March and April of 2022, the Court lifted the stays in the consolidated cases and reinstated the actions back on the active docket of the Court. Before the June 12, 2022, deadline for completing discovery, on May 20, 2022, Plaintiffs filed a motion for default judgment against Hifter, and on May 30, 2022, Hifter's prior counsel filed a motion to withdraw.

Due to Hifter's failure to appear for a deposition, the Court issued a default judgment on July 29, 2022, against Hifter. On October 7, 2022, the Court held Hifter's Motion to Set Aside the Default Judgment under FED. R. CIV. P. 55(c) in abeyance to allow him to sit for his deposition. Following the Court's Order, Hifter complied with the Court's Order, sitting for two depositions totaling over ten hours of deposition testimony and supplementing all discovery responses to Plaintiffs' discovery requests. Since October 7, 2022, Plaintiffs have not sent any correspondence regarding any further deficiencies in Hifter's discovery responses.

Because Hifter was in default, he was unable to conduct any remaining discovery, including depositions of Plaintiffs and other remaining discovery deficiencies. On September 8, 2023, the Court lifted the default judgment, which allows for Hifter to actively participate in

---

[1] *See* Order, *Elzagally* ECF No. 123; Order, *Al-Suyid* ECF No. 175; *See* Order, *Hamza* ECF No. 91.

these matters. Thus, Hifter requests an additional sixty days to finalize any remaining discovery, and to allow leave to file a late designation of expert witnesses.

## BACKGROUND

A. *Elzagally v. Hifter* (Civil Action No. 1:19-cv-853)

On February 23, 2021, the parties entered a Scheduling Order.[2] On August 16, 2021, Plaintiffs filed a Disclosure of Expert Witnesses. On October 22, 2021, an Order consolidating these matters was granted for discovery and pre-trial proceedings.[3] On October 29, 2021, this Court entered an Order that Defendant may re-depose Plaintiff Aida Elzagally.[4] On November 4, 2021, this Court entered an Order Staying the Proceedings.[5] On April 22, 2022, the stay was lifted.[6] On July 29, 2022, default judgment under Rule 37 was entered.[7] Pursuant to this Court's Order on October 7, 2022, Hifter attended his deposition and testified seven hours on the record on November 6, 2022.[8] On February 21, 2023, Defendant supplemented his discovery responses to Plaintiffs. On May 5, 2023, Magistrate Judge Anderson granted Plaintiffs an additional three hours of deposition testimony, which Hifter has fully complied with.[9] On September 8, 2023, the default judgment was vacated.[10]

---

[2] *See* Order, *Elzagally* ECF No. 55.
[3] *See* Order, Elzagally ECF No 118.
[4] *See* Order, *Elzagally* ECF No. 121.
[5] *See* Order, *Elzagally* ECF No. 123.
[6] *See* Order, *Elzagally* ECF No. 130.
[7] *See* Order, *Elzagally* ECF No. 159.
[8] *See* Order, *Elzagally* ECF No. 175.
[9] *See* Order, *Elzagally* ECF No. 202.
[10] *See* Order, *Elzagally* ECF No. 227.

B. *Al-Suyid v. Hifter* (Civil Action No. 1:20-cv-170)

On February 23, 2021, the Parties entered a Scheduling Order.[11] On October 22, 2021, an Order consolidating these matters was granted for discovery and pre-trial proceedings.[12] On October 29, 2021, this Court entered an Order that Defendant may re-depose Plaintiff Ibrahim al-Krshiny.[13] On November 4, 2021, this Court entered an Order Staying the Proceedings.[14] On April 22, 2022, the stay was lifted.[15] On July 29, 2022, default judgment under Rule 37 was entered.[16] Pursuant to this Court's Order on October 7, 2022, Hifter attended his deposition and testified seven hours on the record on November 6, 2022.[17] On February 11, 2023, Hifter supplemented his discovery responses to Plaintiffs. On May 5, 2023, Judge Anderson granted Plaintiffs an additional three hours of deposition testimony, which Hifter has fully complied with.[18] On September 8, 2023, the default judgment was vacated.[19]

C. *Hamza v. Hifter* (Civil Action No. 1:20-cv-1038)

On February 23, 2021, the parties entered a Scheduling Order.[20] On September 24, 2021, Plaintiffs served their expert report of Wolfram Lacher. On October 22, 2021, an Order consolidating these matters was granted for discovery and pre-trial proceedings.[21] On November

---

[11] *See* Order, *Al-Suyid* ECF No. 67.
[12] *See* Order, *Al-Suyid* ECF No. 163.
[13] *See* Order, *Al-Suyid* ECF No. 173.
[14] *See* Order, *Al-Suyid* ECF No. 175.
[15] *See* Order, *Al-Suyid* ECF No. 187.
[16] *See* Order, *Al-Suyid* ECF No. 220.
[17] *See* Order, *Al-Suyid* ECF No. 236.
[18] *See* Order, *Al-Suyid* ECF No. 242.
[19] *See* Order, *Al-Suyid* ECF No. 253.
[20] *See* Order, *Hamza* ECF No. 41.
[21] *See* Order, *Hamza* ECF No 79.

4, 2021, this Court entered an Order Staying the Proceedings.[22] On March 11, 2022, the stay was lifted.[23] On July 29, 2022, default judgment under Rule 37 was entered.[24] Pursuant to this Court's Order on October 7, 2022, Hifter attended his deposition and testified seven hours on the record on November 6, 2022.[25] On January 24, 2023, Hifter supplemented his discovery responses to Plaintiffs. On May 5, 2023, Judge Anderson granted Plaintiffs an additional three hours of deposition testimony, which Hifter has fully complied with.[26]

On September 8, 2023, the default judgment was vacated.[27] At the September 8, 2023, hearing, the District Judge directed the parties to meet and confer regarding remaining discovery to be conducted. Pursuant to the Court's direction, on October 3, 2023, counsel for Hifter met via telephone with counsel for the *Hamza* plaintiffs regarding this Motion. On October 18, 2023, counsel for Hifter met with counsel for the *Elzagally* and *Al-Suyid* Plaintiffs regarding this Motion. Plaintiffs oppose this Motion and take the position that no additional discovery should occur.

## STANDARD OF REVIEW

A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.[28] "Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking amendment."[29] Further, good cause under Rule 16 "focuses on the timeliness of the amendment," particularly "the diligence of the

---

[22] *See* Order, *Hamza* ECF No. 91.
[23] *See* Order, *Hamza* ECF No. 106.
[24] *See* Order, *Hamza* ECF No. 151.
[25] *See* Order, *Hamza* ECF No. 168.
[26] *See* Order, *Hamza* ECF No. 192.
[27] *See* Order, *Hamza* ECF No. 201.
[28] FED. R. CIV. P. 16(b)(4).
[29] *RFT Mgmt. Co. LLC v. Powell*, 607 Fed. Appx. 238, 242 (4th Cir. 2015) (*quoting O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)).

4

moving party."[30] "[I]f the movant has not been diligent in meeting the scheduling order's deadlines," other facts, such as the presence or absence of prejudice to the other party, generally will not be considered.[31]

## ARGUMENT

### I. Defendant has Good Cause for Amending the Scheduling Order.

*A. Additional Time Is Necessary to Finalize Discovery.*

Hifter has good cause for amending the scheduling order because a stay was entered in November 2021 and the default judgment was recently lifted in September 2023. A determination of the potential prejudice to the nonmovant is required when a district court decides whether to amend a scheduling order.[32] Here, prior to the stay being granted in these matters, Hifter had remaining depositions to take of plaintiffs' witnesses. Therefore, Hifter has good cause to modify the scheduling order to allow for an additional 60 days of discovery to finalize any pending discovery that remains from when this case was last active in 2021. The Plaintiffs are not prejudiced by allowing for additional time for discovery as no trial date has been set and they have not expeditiously been litigating their case. On November 6, 2022, Hifter attended his first deposition, and plaintiffs delayed filing a motion for additional deposition time for over four months, which indicates the lack of urgency Plaintiffs have in litigating their claims.

---

[30] *Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 571 (E.D. Va. 2021) (*quoting Montgomery v. Anne Arundel Cnty.*, Md., 182 F. App'x 156, 162 (4th Cir. 2006)).
[31] *Faulconer v. Centra Health, Inc.*, 808 Fed. Appx. 148, 152 (4th Cir. 2020) (*quoting Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)).
[32] *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Further, as the trial has not yet been set, the Plaintiffs will not be prejudiced by the short delay in these proceedings, because the Court will need to schedule the three trials several months out. Therefore, there is no potential prejudice to the Plaintiffs if the parties partake in additional time for discovery.

> B. *The Designation of Expert Witnesses is Substantially Justified and Harmless.*

Hifter requests leave to file a late designation of expert witnesses, which is substantially justified and harmless to the Plaintiffs. Hifter recognizes that the deadline for expert designations has passed under prior Court scheduling orders. However, Hifter believes that the substantial prejudice to him outweighs any prejudice to Plaintiffs in permitting him to file a late designation of experts. Plaintiffs in *Hamza* and *Elzagally* have designated an expert regarding the geopolitical context of events in Libya. Hifter respectfully requests that the Court consider the substantial prejudice to him in having no expert to rebut Plaintiffs' experts, the lack of harm to Plaintiffs, and Hifter's full participation in discovery sought by Plaintiffs since the Court's October 7, 2022, Order.

Hifter respectfully requests leave to file a rebuttal witness in *Hamza* and *Elzagally* regarding the geopolitical context of the events in Libya. As Plaintiffs already have an expert witness on this matter, they will not be prejudiced by a late designation. In addition, Hifter requests to designate an expert witness on the Libyan legal system. If granted, all expert reports may be submitted by December 15, 2023.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified **or** is harmless."[33] Courts look

---

[33] FED. R. CIV. P. 26(c) (emphasis added).

6

to the following five-factor test for determining whether nondisclosure of evidence is substantially justified or harmless: "'(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.'"[34]

      The Fourth Circuit has held the magistrate judge did not abuse their discretion in allowing expert testimony when the report was not filed until fifteen days prior to trial.[35] Also, in *Michelone*, the Court held that there was no abuse of discretion despite that the lack of an explanation for an untimely designation, because there was no prejudice to the opposing party.[36] Over two years have passed since the Plaintiffs have filed their expert witness disclosures, and the geopolitical context in Libya has since changed. The three pending matters before the Court are unique because the relevant international relations are everchanging, which directly affects these matters. Ultimately, this unique nature of the case and the fact that the late designation is harmless to Plaintiffs is why the Court should find that Hifter is justified in a late designation of expert witnesses.

---

[34] *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (*citing Rambus, Inc. v. Infineon Technologies AG*, 145 F. Supp. 2d 721, 726 (E.D. Va. 2001) (*quoting Burlington Ins. Co. v. Shipp*, 215 F.3d 1317, 2000 WL 620307, at *4 (4th Cir. May 15, 2000) (per curiam) (unpublished table decision))).
[35] *Michelone v. Desmarais*, 25 F. App'x 155, 158 (4th Cir. 2002).
[36] *Id.* at 158 (*citing Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3rd Cir. 1995)); 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2289.1 (2d Ed. 1994) ("The sweep of this exclusion is softened by the proviso that it should not apply if the offending party's failure to disclose was 'substantially justified,' and that even if the failure was not substantially justified the exclusion should not apply if the failure was 'harmless.'")).

*1. The Parties Have Sufficient Notice of the Expert Witnesses.*

"[T]he central purpose of Rule 37(c)(1) is to prevent last minute surprise to an opposing party."[37] A trial judge has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless.[38] Because the default was lifted on September 8, 2023, an amended scheduling order has not yet been entered. Therefore, sufficient notice may be provided to have a rebuttal witness in the *Hamza* and *Elzagally* matters and an additional expert on the Libyan legal system. If the Court permits Hifter to file an expert designation to rebut Wolfram Lacher, Dr. Sami Salem El-Atrash, and Dr. Wissam Suleiman Ahmed Alsaghayer, the designation may be filed by December 15, 2023, and Plaintiffs would be permitted to conduct a deposition within 30 days. In addition, Hifter may be able to file an expert report regarding the Libyan legal system by December 15, 2023.

*2. The Parties can Cure the Surprise.*

Additional time for discovery is necessary to conduct the remaining depositions of Plaintiffs, therefore Plaintiffs will not be prejudiced, nor will there be substantial delay of the late addition, because the parties already require additional time for discovery. Hifter proposes an additional sixty days to conduct any outstanding discovery, including the remaining depositions of Aida Elzagally, Ibrahim al-Krshini,[39] and Nehma Abdalla Al-Mahdi Hamza. Permitting the expert witnesses to submit a report and attend a deposition prior to the close of discovery will support the pursuit of justice, will not create an undue delay, and will not prejudice the Plaintiffs.

---

[37] *London v. Wash. Metro. Area Transit Auth.*, No. 8:21-cv-01497-AAQ, 2023 U.S. Dist. LEXIS 94572, at *19 (D. Md. May 30, 2023) (citing *SAS Inst. Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, No. 5:10-CV-101-H, 2012 U.S. Dist. LEXIS 200356, 2012 WL 12914641, at *4 (E.D.N.C. Dec. 11, 2012)).
[38] *Michelone*, 25 F. App'x at 158 (citing *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).
[39] *See* Status Report, *Al-Suyid* ECF No. 191.

Although Hifter did not disclose an expert pursuant to the Scheduling Order, because the parties are able to cure the surprise, the additional disclosure of the expert witnesses is harmless to the Plaintiffs.

### 3. Allowing the Testimony Would Not Disrupt the Trial.

Because no trial date has been set, it is not at such a late date that it would be impossible to cure any prejudice before trial.[40] "The Court recognizes that the case has been previously delayed, but this does not automatically merit denial of an opportunity to supplement."[41] Like the court's reasoning in *Prusin*, the trial date is not yet scheduled in these matters, which allows the designation of expert witnesses and gives the Plaintiffs an opportunity to depose the experts, while not disrupting the trial schedule. In *Prusin*, the defendant's expert offered a supplemental report that addressed an issue "entirely neglected and omitted from the [original] expert report."[42] Defendant's expert conducted entirely new calculations in his supplemental report that were previously omitted in his initial report, which provided calculations in direct contrast to the expert's findings in his initial expert report, effectively creating a new untimely expert report.[43] The court ultimately held that exclusion of the "supplemental" report was not appropriate and

---

[40] *Kobe v. Haley*, No. 3:11-1146-TMC, 2013 U.S. Dist. LEXIS 113206, at *13 (D.S.C. Aug. 12, 2013) (citing *Richardson v. Korson*, 905 F. Supp. 2d 193, 200 (D.D.C. 2012) ("Where there is sufficient time to provide the prejudiced party with an opportunity to cure the prejudice of the untimely report, a court may permit submission of the report.") (internal citation omitted)).
[41] *London*, No. 8:21-cv-01497-AAQ, 2023 U.S. Dist. LEXIS 94572, at *21-22 (citing *Prusin v. Canton's Pearls, LLC*, No. JKB-16-605, 2017 U.S. Dist. LEXIS 129385, at *15 (D.C. Md. Aug. 15, 2017) ("[T]he appropriate resolution in this case is to treat Mr. Pelura's supplemental report as an improper Rule 26(e) disclosure that can be rectified by a modification of the schedule. The Court is mindful that the discovery deadlines have been modified several times in this matter. . . . However, a brief extension of the discovery period to permit Plaintiff an opportunity to depose Mr. Pelura or to provide further expert supplementation will not disrupt the trial, because there is no scheduled trial date.").
[42] *Prusin*, No. JKB-16-605, 2017 U.S. Dist. LEXIS 129385, at *8.
[43] *Id.*

9

that despite the discovery deadlines being modified multiple times, a brief discovery extension was the proper remedy.[44] Thus, a brief extension of the discovery period here to allow Plaintiffs an opportunity to depose the expert and to provide expert testimony leans in favor of allowing Hifter leave to file a designation of experts because it is harmless to the Plaintiffs.

> 4. *Two years have passed since the pending matters have been actively litigated, so further testimony on the evolving geopolitical climate of Libya is necessary to Hifter's defense.*

Two years have gone by since the pending matters have been actively litigated. A stay was entered into on November 4, 2021, and once the stay was lifted, a default was entered against Defendant on July 29, 2022. The default was lifted on September 8, 2023, and the geopolitical nature of the events alleged in these proceedings have transformed over the two years. With these everchanging events, Hifter requests that the Court allow leave to file a late designation of expert witnesses to allow for testimony on the ongoing events in Libya and the Libyan legal process. These matters are unique in that international relations directly affect the ongoing of these proceedings.

Further, Hifter has sat for over ten hours of deposition testimony in these proceedings and participated in substantial amounts of discovery to the Plaintiffs since the expert deadline has passed. In complying with additional discovery, Hifter's defenses have transitioned, which further necessitates the late designation of expert witnesses. If the Court finds that Hifter's designation of an expert witness regarding the Libyan legal process is not substantially justified or harmless, then Hifter requests that the Court find that a late designation of a rebuttal witness regarding the geopolitical context is harmless.

---

[44] *Id.* at *14-15.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion. Hifter requests that the scheduling order be modified to allow an additional 60 days to conduct discovery. As of now, a pretrial conference, deadline for dispositive motions, and a trial have not yet been scheduled for these pending matters, therefore any additional time for discovery will not prejudice Plaintiffs or create an undue delay because the trial would need to be set out several months in advance. Further, any surprise by the designation of experts may be cured by extending the discovery deadline that already must be extended for the additional depositions of Plaintiffs. If the Court finds that the Defendant is not substantially justified, then Defendant contends that the designation of experts is harmless as it will not disrupt the unscheduled trial. Therefore, the Motion should be granted.

Date: October 20, 2023

Respectfully submitted,

KHALIFA HIFTER

By Counsel

/s/ Robert H. Cox
Robert H. Cox (VSB No. 33118)
Madison A. Beatty (VSB No. 98099)
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, Virginia 22182
(703) 883-0880 [telephone]
(703) 883-0899 [facsimile]
rcox@brigliahundley.com
mbeatty@brigliahundley.com

## CERTIFICATE OF SERVICE

I certify that on October 20, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Robert H. Cox
Robert H. Cox (VSB No. 33118)