# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **AIDA ELZAGALLY**, *et al.*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **KHALIFA HIFTER** <br><br> **Defendant.** | Case No. 1:19-cv-00853 (LMB/JFA) |
| **MUNA AL-SUYID**, *et al.*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **KHALIFA HIFTER** <br><br> **Defendant.** | Case No. 1:20-cv-00170 (LMB/JFA) |
| **ALI ABDALLA HAMZA**, *et al.*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **KHALIFA HIFTER** <br><br> **Defendant.** | Case No. 1:20-cv-01038 (LMB/JFA) |

## PLAINTIFFS' RESPONSE IN OPPOSITION OF
## MOTION TO MODIFY THE SCHEDULING ORDER

Plaintiffs Aida Elzagally et. al ("Plaintiffs") respectfully request this Court enter an order denying Defendant's Motion to Modify the Scheduling Order pursuant to FED. R. CIV. P. 16(b).

## **BACKGROUND**

Plaintiffs initiated this suit over four years ago on June 26, 2019 (Dkt. No. 1). On February 23, 2021, the Parties entered a Scheduling Order (Dkt. No. 55). On August 16, 2021, Plaintiffs filed a Disclosure of Expert Witnesses. On October 22, 2021, an Order consolidating these matters was granted for discovery and pre-trial proceedings. On October 29, 2021, this Court entered an Order that Defendant may re-depose Plaintiff Aida Elzagally. On November 4, 2021, this Court entered an Order Staying the Proceedings. On April 22, 2022, the stay was lifted. On July 29, 2022, default judgment under Rule 37 was entered. Defendant attended his deposition on November 6, 2022. On February 21, 2023, Defendant supplemented his discovery responses to Plaintiffs. On May 5, 2023, Magistrate Judge Anderson granted Plaintiffs an additional three hours of deposition testimony. On September 8, 2023, the default judgment was vacated. From the moment that this Court lifted the stay, Defendant has failed to make any attempt to disclose expert witnesses in any of the matters pending against him. Defendant has further failed to conduct any type of discovery. It is now over two (2) years since Plaintiffs disclosed their expert witnesses. Defendant's only efforts since the lift of the stay has been to repeatedly use court resources to litigate the same argument regarding state secrets on multiple occasions, each time failing.

## **ARGUMENT**

The Federal Rules of Civil Procedure require the issuance of a Scheduling Order early during the litigation process. FED. R. CIV. P. 16(b)(2). The Scheduling Order serves the purpose of imposing time limits on the parties to deal "with the problem of procrastination and delay by attorneys in a context in which scheduling is especially important – discovery." FED. R. CIV. P. 16(b)(2) advisory committee's note, 1983 Amendment, Discussion, Subdivision (b). The scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly

disregarded by counsel without peril." *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co*., 108 F.R.D. 138, 141 (D.Me. 1985)). The Federal Rules of Civil Procedure permit the modification of a scheduling order "only for good cause with the judge's consent." FED. R. CIV. P. 16(b)(4).

The burden for demonstrating good cause rests on the moving party, and the "focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *United States v. Hartford Accident & Indem. Co*., 2016 U.S. Dist. LEXIS 11919, at *16 (D. Md. February 1, 2016) (internal citations omitted).

**I.      Defendant Lacks Good Cause for Amending the Scheduling Order.**

Defendant has not established good cause to warrant his requested modification of the Scheduling Order. "'Good cause' is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts. Lack of diligence and carelessness are the 'hallmarks of failure to meet the good cause standard.'" *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014) (internal citations omitted) (quoting *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc*., 200 F.R.D. 564, 567 (S.D.W. Va. 2001)).

**A.      Defendant Has Not Been Diligent in Meeting the Scheduling Orders' Deadlines**

Defendant has not made diligent efforts to designate expert witnesses or rebuttal witnesses. As cited by Defendant in his Memorandum in Support of The Motion to Modify the Scheduling Order, Dkt. No. 203-1, "[I]f the movant has not been diligent in meeting the scheduling order's deadlines," other facts, such as the presence or absence of prejudice to the other party, generally will not be considered." *Faulconer v. Centra Health, Inc*., 808 Fed. Appx. 148, 152 (4th Cir. 2020) (*quoting Kmak v. Am. Century Cos., Inc*., 873 F.3d 1030, 1034 (8th Cir.

2017)); *see also RFT Mgmt. Co. LLC v. Powell*, 607 Fed. Appx. 238, 242 (4th Cir. 2015) (quoting *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)). Defendant has made no effort to prove his diligence in meeting the Scheduling Order's deadlines, likely because such proof does not exist.

Plaintiffs filed a Disclosure of Expert Witnesses on August 16, 2021. From that time, over 27 months ago, Defendant has made no attempt to designate an expert witness or rebuttal witness and still has not identified any such individuals.

Plaintiffs have diligently pursued discovery pursuant to the deadlines set forth in the scheduling order, conducting two depositions of Defendant and serving Defendant with written requests for discovery. In contrast, Defendant has been uncooperative in participating in discovery, failing to appear for a deposition and leading the Court to enter the July 29, 2022, default judgment. (Dkt. No. 159). Defendant has also repeatedly refused to supplement responses to Plaintiffs' discovery requests by continually attempting to invoke the State Secrets Privilege, despite the Court's multiple rulings, denying Defendant from invoking said privilege. (Dkt. Nos. 84, 106, 211).

> **B.** **Alleged Absence of Prejudice to Plaintiffs Does Not Justify Defendant's Motion to Modify Scheduling Order.**

A lack of prejudice to the opposing party does not establish "good cause" to permit the modification of a scheduling order. *Dewitt v. Hutchins*, 309 F.Supp.2d 743, 748 (M.D.N.C. 2004); *see also* 3 JAMES WM. MOORE *ET AL.*, MOORE'S FEDERAL PRACTICE-CIVIL § 16.14[b] (3d ed. 2009).

Extending the deadlines set forth in the Scheduling Order will tax Plaintiffs' time and resources through the expenditures relating to expert disclosures, deposing experts, and hiring rebuttal experts, all of which will likely lead to further motion practice.

Defendant argues that there is no prejudice because Plaintiffs have not been expeditiously litigating their claims. Plaintiffs have been attempting to expeditiously litigate their claims but have been hindered by Defendant's lack of cooperation, frivolous and repetitive filings, and attempts to continue to evade resolution.

**II.     Defendant's Remaining Reasons for Modifying the Scheduling Order Are Irrelevant.**

Defendant argues that he will be prejudiced if he is not permitted leave to file a rebuttal witness to Plaintiffs' expert witness regarding the geopolitical context of the events in Libya. Yet, Defendant claims Plaintiffs will not be prejudiced by Defendant designating an expert on the Libyan legal system. Even if Plaintiffs are afforded an opportunity to file a rebuttal to Defendant's expert on the Libyan legal system, they will still be prejudiced by the delay in litigation that has already been significantly postponed.

It is also difficult to understand why the evolving geopolitics in Libya over the last two years would have an impact on the testimony of expert witnesses appointed by Defendant regarding the events at issue in this case, which occurred upwards of four years ago.

## CONCLUSION

For the above stated reasons, Plaintiffs respectfully request that this Court enter an order denying Defendant's Motion to Modify the Scheduling Order pursuant to FED. R. CIV. P. 16(b).

Dated: November 3, 2023

                                                                        Respectfully Submitted,

                                                                       *s/ Faisal Gill*
                                                                       _____

                                                                       Faisal Gill (VSB #93255)
                                                                       Gill Law Firm

1717 Pennsylvania Avenue, N.W.
Suite 1060
Washington DC 20006
fgill@glawoffice.com
Counsel for *Elzagally* and *Al-Suyid*
Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2023 a copy of the foregoing **RESPONSE IN OPPOSITION OF MOTION TO MODIFY THE SCHEDULING ORDER** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Faisal Gill
Faisal Gill (#VSB 93255)