**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **AIDA ELZAGALLY, et al.,** | |
| **Plaintiffs,** | **Civil Action No.: 1:19-cv-853** |
| **v.** | |
| **KHALIFA HIFTER,** | |
| **Defendant.** | |
| **MUNA AL-SUYID, et al.,** | **Civil Action No.: 1:20-cv-170** |
| **Plaintiffs,** | |
| **v.** | |
| **KHALIFA HIFTER,** | |
| **Defendant.** | |
| **ALI ABDULLAH HAMZA, et al.,** | **Civil Action No.: 1:20-cv-1038** |
| **Plaintiffs,** | |
| **v.** | **(CASES CONSOLIDATED FOR PURPOSES OF DISCOVERY)** |
| **KHALIFA HIFTER,** | |
| **Defendant.** | |

**DEFENDANT KHALIFA HIFTER'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO MODIFY THE SCHEDULING ORDER**

Defendant, Khalifa Hifter ("Hifter"), by counsel, hereby submits his Reply Brief in Support of his Motion to Modify the Scheduling Order.

## ARGUMENT

### I. Plaintiffs Have Failed to Demonstrate Prejudice in Allowing Discovery.

A trial date has not yet been set in this proceeding, and Hifter has requested an additional sixty days to conduct any outstanding discovery, including the remaining depositions of Aida Elzagally, Ibrahim al-Krshiny,[1] and Nehma Abdalla Al-Mahdi Hamza, which the Court has previously ordered and recognized to be outstanding for two of the Plaintiffs.[2] In addition, Hifter has proposed that permitting expert witnesses to submit a report and attend a deposition prior to the close of additional discovery will support the pursuit of justice, will not create an undue delay, and will not prejudice the Plaintiffs.

The costs in designating a rebuttal witness are minimal as the Plaintiffs already have filed their expert report and their expert has been deposed, thus the few hours of deposing the rebuttal expert would be a minimal cost that is substantially harmless to the Plaintiffs as no trial date has been set and they have not expeditiously been litigating their case. On November 6, 2022, Hifter attended his first deposition, and at the end of the deposition Plaintiffs requested additional deposition time. Defendant rejected attending an additional deposition, and the next day, November 7, 2022, the parties contacted Magistrate Judge Anderson, in which the Plaintiffs were directed to file a motion. Plaintiffs delayed filing a motion for additional deposition time for over four months, which indicates the lack of urgency Plaintiffs have in litigating their claims. In that

---

[1] *See* Status Report, *Al-Suyid* ECF No. 191.
[2] *See* Order, *Elzagally* ECF No. 121; *see also* Order, *Al-Suyid* ECF No. 173.

timeframe, it would have been judicially inefficient for Hifter to attempt to lift the default when there was a potential for an additional deposition that would hold that ruling in abeyance.

Instead, in those four months, Hifter supplemented all discovery responses without any additional deficiency letters from Plaintiffs after the November 6, 2022, deposition to show his diligence in participating in these proceedings. As such, Plaintiffs have failed to identify any prejudice, because there would be no delay in the proceedings as a trial has not yet been scheduled and any surprise that Plaintiffs have in additional experts can be cured.

## II. The Weight of Excluding a Party's Expert from the Trial of the Case is Balanced Alongside the Good Cause Standard.

The good cause standard to amend the scheduling order may be examined alongside additional factors, which weighs in favor of allowing Hifter to amend the scheduling order. Rule 16(b) of the Federal Rules of Civil Procedure states that a "schedule may be modified only for good cause and with the judge's consent."[3] "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."[4] However, contrary to Plaintiff's contention that good cause is the only inquiry "the sole inquiry on [a] Motion to Amend the Scheduling Order is not whether 'good cause' exists."[5] The Court must consider certain additional factors.

Even if the moving party does not have sufficient grounds for good cause to amend the scheduling order to designate an expert and the motion would be denied on grounds of lack of

[3] Fed. R. Civ. P. 16(b)(4).
[4] *Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (*quoting Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (4th Cir. 1997)).
[5] *Id.* at 376.

good cause, the inquiry does not end there.[6] The court has considerable discretion in determining whether to allow an expert who is designated after the scheduling order expert designation deadline to testify.[7] Rather, the Court must consider four factors in determining whether to exclude witnesses not disclosed in compliance with a scheduling order: (1) the reason for failing to name the witness, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice.[8] Here, the Court should grant Hifter's Motion to Amend the Scheduling Order as the four factors weigh in favor of allowing Hifter's expert testimony, and the Plaintiffs have failed to identify any prejudice they may incur as no trial has been set.

---

[6] *See id.*

[7] *See id.* at 378 (holding that the expert testimony should be allowed at trial even though the party filed its expert designation after the deadline in the scheduling order and did not meet the good cause standard); *Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 572-73 (8th Cir.1989) (holding there was no error in excluding witness where witness not made available until day preceding testimony because the court allowed wide discretion in determining the admission or refusal of expert testimony); *Dabney v. Montgomery Ward & Co.*, 692 F.2d 49, 51-53 (8th Cir.1982), *cert. denied*, 461 U.S. 957, 77 L. Ed. 2d 1316, 103 S. Ct. 2429 (1983) (holding it is an error to exclude newly discovered, albeit late, witness because the flexible application of pretrial orders is within the sound discretion of the district court); *Geiserman v. MacDonald*, 893 F.2d 787, 790-92 (5th Cir. 1990) (holding there was no error in excluding expert who was designated late when the appellate court reviewed the trial court's order striking a late expert witness designation and precluding any expert witness testimony under the abuse of discretion standard); *see also Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 505 (D.Md.1997) (reasoning that a court can look for guidance to many reported decisions on this issue and find case law supporting a decision of whether to allow challenged expert to testify).

[8] *Potomac Elec. Power*, 190 F.R.D. at 377; *Geiserman*, 893 F.2d at 791; *see also Patterson v. F.W. Woolworth Co.*, 786 F.2d 874, 879-80 (8th Cir. 1986) (applying similar factors to determine that the court did not abuse discretion in allowing a late expert designation); *Sullivan*, 175 F.R.D. at 506-07 (applying the same factors to govern the resolution of a motion to exclude expert testimony under Fed. R. Civ. P. 37(c)(1)).

*A. Hifter has a reason for failing to name the experts.*

Two years have gone by since the pending matters have been actively litigated, and the State of Libya's geopolitical status is everchanging. With these everchanging events, Hifter seeks the late designation of experts to assist the factfinder in understanding the ongoing events and changes in the State of Libya. These matters are unique in that international relations directly affect the ongoing proceedings, therefore a rebuttal expert on the political and social climate of the State of Libya and an expert on the Libyan legal system would supplement the information the factfinder may need.

*B. The expert witness's testimony is critical to Hifter's case.*

Hifter's expert witnesses are critical to his defense as they will provide testimony on the ongoing events in Libya and the Libyan legal system. The issues that the experts will address are that Plaintiffs have failed to meet their burden of proving the elements under the Torture Victim Protection Act ("TVPA"). [9]

First, an essential element under the TVPA is that the claimant has "exhausted adequate and available remedies in the place in which the conduct giving rise to the claim occurred."[10] Plaintiffs claim that they cannot properly bring this action in Libya because the Libyan legal system is non-functional.[11] Hifter intends to use an expert on the Libyan legal system to rebut Plaintiffs' claim that they have exhausted their legal remedies in Libya. Thus, an expert's

[9] *See* Torture Victim Protection Act of 1991, 28 U.S.C.S. § 1350 note.
[10] *Id.*
[11] *See Hamza* Am. Compl. at ¶¶ 47-49, *Hamza* ECF No. 8; *see also al-Suyid* Compl. ¶ 8, *al-Suyid* ECF No. 1.

testimony on the exhaustion of legal remedies in Libya is central to the allegations in Plaintiffs' complaint and important to at least one of Plaintiffs' contentions.[12]

Second, another essential element under the TVPA is that the defendant must be "an individual who, under actual or apparent authority, or color of law, of any foreign nation" to be a defendant to an action.[13] Plaintiffs claim that soldiers under Hifter's command committed the alleged extrajudicial killings and torture. However, there are many factions and militias in the State of Libya that that may have perpetrated the alleged acts. Hifter intends to use an expert on the geopolitical nature of Libya to dispute the claims in Plaintiffs' complaints. Thus, an expert's testimony on the geopolitical nature of Libya and the existence of militias and factions is also central to the allegations in Plaintiffs' complaints and important to at least one of Plaintiffs' contentions.[14]

Therefore, Hifter's expert witnesses are critical to his defense because they will provide testimony on the ongoing events in Libya and the Libyan legal system, which both relate to essential elements of Plaintiffs' complaints.

*C. Plaintiffs do not suffer potential prejudice in allowing the expert testimony.*

Plaintiffs do not suffer potential prejudice in allowing the expert testimony at trial. Time and expense of further discovery, alone, is not a sufficient basis to exclude an expert.[15] Further,

---

[12] *See, e.g., Potomac Elec. Power*, 190 F.R.D. at 377 (holding that because the expert's testimony is important to at least one of Plaintiff's contentions in its complaint that the factor weighs in favor of the party moving to amend the scheduling order).

[13] 28 U.S.C.S. § 1350 note.

[14] *See Potomac Elec. Power*, 190 F.R.D. at 378.

[15] *See Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 49 F. Supp. 2d 456, 463 (D. Md. 1999) (holding that the expert's disclosure may be supplemented despite opposing party's claim that the added time and expense would prejudice them).

when no trial date has been set, there is a low possibility that the opposing party will be surprised at trial by the expert's findings.[16] Further, Hifter has proposed a specific deadline of when reports would be provided to Plaintiffs.

As mentioned, Plaintiffs will not suffer potential prejudice if the Court allows for Hifter to designate two expert witnesses. Plaintiffs claim that allowing for Hifter's expert on the Libyan legal system will prejudice Plaintiffs because of the delay in litigation, and that extending the deadlines for discovery will tax Plaintiffs' time and resources through expenditures relating to expert disclosures, deposing experts, and hiring rebuttal experts. However, the time and expense related to further discovery, alone, is an insufficient basis to exclude an expert.[17] In addition, one of the proposed experts would be offered as a rebuttal expert in *Hamza* and *Elzagally*, therefore the costs are minimal. Thus, Plaintiffs do not suffer potential prejudice in allowing the expert testimony at trial and the late expert designation should be permitted.

*D. The need to grant a continuance is inapplicable in this case because there is no trial date set.*

The need to grant a continuance is inapplicable here because no trial date has been set. Therefore, there is ample time to address the designation of the geopolitical rebuttal expert and the Libyan legal system expert as experts before the trial date is set.

---

[16] *See Potomac Elec. Power*, 190 F.R.D. at 377 (holding even though the late designation of the plaintiff's expert will inconvenience the defendant and cause them to retool their defense, because there is no scheduled trial date, the defendants will not be surprised at trial); *Tucker*, 49 F. Supp. 2d at 462-63 (holding there was no requisite prejudice where an expert opinion was supplemented before the discovery cutoff date and no trial date was set); *Congressional Air, Ltd. v. Beech Aircraft Corp*., 176 F.R.D. 513, 515-16 (D. Md. 1997) (holding that a disclosure of a rebuttal expert was not allowed within twelve days of due date of pretrial order, and less than one month before trial); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995) (reasoning the drastic remedy of preclusion of expert testimony should only be applied where a party's conduct is in flagrant bad faith and disregard of the rules).
[17] *See Tucker*, 49 F. Supp. 2d at 463.

**CONCLUSION**

For all of the foregoing reasons, as well as those set forth in Memorandum in Support, Defendant submits that Defendant's Motion should be granted. Because the default judgment was recently lifted, a pretrial conference, deadline for dispositive motions, and a trial have not yet been scheduled for these pending matters, therefore any additional time for discovery will not prejudice Plaintiffs or create an undue delay because the trial would need to be set out several months in advance. Accordingly, Defendant's Motion should be granted.

Dated: November 9, 2023

Respectfully submitted,

KHALIFA HIFTER

By Counsel

/s/ Robert H. Cox

Robert H. Cox (VSB No. 33118)
Madison A. Beatty (VSB No. 98099)
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, Virginia 22182
(703) 883-0880 [telephone]
(703) 883-0899 [facsimile]
rcox@brigliahundley.com
mbeatty@brigliahundley.com

**CERTIFICATE OF SERVICE**

I certify that on November 9, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Robert H. Cox

Robert H. Cox (VSB No. 33118)